# Exhibit 1

### JURISDICTION AND VENUE

The Court has jurisdiction over the subject matter of the Arizona claims in Counts III and IV under 28 U.S.C. § 1332(d). Jurisdiction exists because the matters in controversy in this civil-class action exceed $5 million exclusive of interest and costs, at least one class member is a citizen of a state different than any of the Defendants, and it is believed there are hundreds if not thousands of potential class members.

*   *   *   *

### COUNT III
### Violation of A.R.S. § 44-1991(A)(3) & 44-2003(A)
### Against All Defendants

Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

This claim is brought against all Defendants for civil liability under A.R.S. § 44-2003(A) for their violation of A.R.S. §§ 44-1991(A)(2) and (A)(3).

Defendants, individually and in concert, directly or indirectly, engaged and participated in a course of business in which they used sham transactions involving fictitious asset values to create a false picture of revenue growth and value for AudioEye. During this misleading course of business, Defendants used improper accounting practices and false financial statements to hide adverse information concerning the sham transactions and AudioEye's actual revenue, net income, and assets. Defendants knew or recklessly ignored that disclosure of AudioEye's fraud would reduce the value of AudioEye's securities.

The course of business through which Defendants publicly promoted AudioEye, disclosed misleading information about AudioEye and marketed, induced, and encouraged the purchase of

AudioEye's securities without disclosing the sham transactions, omissions, and misstatements alleged herein violated A.R.S. §§ 44-1991(A)(2) and (A)(3).

Through the misleading acts, statements, and omissions described above, AudioEye and the Individual Defendants, directly or indirectly, induced and encouraged the purchase of AudioEye's securities by Plaintiff and the Class and made or participated in AudioEye's violations of A.R.S. §§ 44-1991(A)(2) and (A)(3). Under A.R.S. § 44-2003(A), the Individual Defendants are jointly and severally liable for their own and for AudioEye's violations of §§ 44-1991(A)(2) and (A)(3).

Because of the securities violations described in this Count, Plaintiffs and the Class are entitled to and by this complaint demand damages or statutory rescission plus attorney fees under A.R.S. § 44-2001(A), and tender their securities to the extent required under § 44-2001(A).

This action was filed within two years after the discovery of the facts on which liability is based, or after the discovery should have been made by exercising reasonable diligence.

## COUNT IV

### Violation of A.R.S. § 44-1999(B)
### Against Individual Defendants

Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

Individually or as a group, or both, the Individual Defendants were statutory control persons with the power to control AudioEye.

With respect to the AudioEye's violations of A.R.S. §§ 44-1991(A)(2) and (A)(3) as described in Count III, the Individual Defendants are jointly and severally liable to Plaintiffs as controlling persons of AudioEye under A.R.S. § 44-1999(B)

Because of the securities violations described in this Count, Plaintiffs and the Class are entitled to, and by this complaint demand, damages or statutory rescission plus attorney fees under A.R.S. § 44-2001(A).