Ira M. Press (*pro hac vice*)
ipress@kmllp.com
KIRBY McINERNEY LLP
825 Third Avenue, 16th Floor
New York, NY 10022
Telephone: (212) 371-6600
Fax:  (212) 751-2540

*Lead Counsel for Plaintiffs*

Andrew S. Friedman (AZ #: 005425)
BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.
2325 E. Camelback Rd. Ste. 300
Phoenix, AZ 85016
Telephone: (602) 274-1100
Fax: (602) 274-1199
Email:  afriedman@bffb.com

*Liaison Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| *In re AudioEye, Inc. Sec. Litig.* | Case No: 4:15-cv-00163-DCB<br><br>**UNOPPOSED MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PRELIMINARY APPROVAL OF SETTLEMENT, PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS, AND ESTABLISHING NOTICE PROCEDURES** |

**TABLE OF CONTENTS**

I.      PRELIMINARY STATEMENT .......................................................................... 1

II.     STATEMENT OF FACTS ................................................................................ 2

III.    THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY
        APPROVAL ...................................................................................................... 3

        A.      The Standards for Preliminary Approval ................................... 4

        B.      The Proposed Settlement Is Fair, Reasonable, and Adequate .................. 5

                1.      The Proposed Settlement Was Negotiated by Informed,
                        Experienced Counsel Who Were Aware of the Risks of
                        the Litigation ................................................................................ 5

                2.      The Proposed Settlement Resulted from Arm's-Length
                        Negotiations and is Presumed to be Fair to the Class ................... 6

        C.      The Court Should Approve the Proposed Form and Method of Class
                Notice ........................................................................................................ 7

        D.      The Proposed Form of Notice Adequately Informs Settlement Class
                Members of their Rights in this Litigation ................................................. 9

IV.     THE COURT SHOULD PRELIMINARILY CERTIFY THE SETTLEMENT
        CLASS ............................................................................................................ 10

        A.      The Settlement Class Is Sufficiently Numerous to Warrant
                Certification ............................................................................................. 11

        B.      There Are Substantial Common Questions of Law and Fact .................. 12

        C.      Lead Plaintiff's Claims Are Typical of Other Settlement Class
                Members ................................................................................................... 13

        D.      Plaintiffs and Lead Counsel Have Adequately Represented the
                Settlement Class ...................................................................................... 13

        E.      The Predominance and Superiority Requirements Are Satisfied ........... 14

V.      PROPOSED SETTLEMENT SCHEDULE ..................................................... 15

VI.     CONCLUSION ............................................................................................... 17

UNOPPOSED MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PRELIMINARY APPROVAL OF SETTLEMENT, PRELIMINARY CERTIFICATION OF
SETTLEMENT CLASS, AND ESTABLISHING NOTICE PROCEDURES

i

1

# TABLE OF AUTHORITIES

2

## CASES

3

*In re Activision Sec. Litig.*,
      621 F. Supp. 415 (N.D. Cal. 1985) .................................................................. 12

4

5

*In re Advanced Battery Techs., Inc. Sec. Litig.*,
      298 F.R.D. 171 (S.D.N.Y. 2014)................................................................... 8

6

7

*Amchem Products, Inc. V. Windsor*,
      521 U.S. 591 (1997) ............................................................................ 10, 14

8

9

*In re AnnTaylor Stores Sec. Litig.*,
      No. 91 Civ. 7145, 1992 WL 249975 (S.D.N.Y. Sept.22, 1992) ....................... 12

10

11

*Arnold v. Arizona Dep't. of Pub. Safety*,
      No. 01 Civ. 1463 (PHX) (LOA), 2006 WL 2168637 (D. Ariz. July 31, 2006)... 4

12

13

*In re AT&T Mobility Wireless Data Servs. Sales Tax Litig.*,
      789 F. Supp. 2d 935 (N.D. Ill. 2011) ................................................................ 8

14

15

*Barani v. Wells Fargo Bank, N.A.*,
      No. 12 Civ. 2999, 2014 WL 1389329 (S.D. Cal. Apr. 9, 2014) ....................... 8

16

17

*Basic Inc. v. Levinson*,
      485 U.S. 224 (1988) ............................................................................... 14

18

19

*Blackie v. Barrack*,
      524 F.2d 891 (9th Cir. 1975)................................................................... 10

20

21

*In re Bridgepoint Educ., Inc. Sec. Litig.*,
      No. 12 Civ. 1737, 2015 WL 224631 (S.D. Cal. Jan. 15, 2015) ...................... 11

22

*Brosious v. Children's Place Retail Stores*,
      189 F.R.D. 138 (D.N.J. 1999) .................................................................. 12

23

24

*Carson v. Am. Brands, Inc.*,
      450 U.S. 79 (1981) ................................................................................. 4

25

*In re China Intelligent Lighting & Elecs., Inc. Sec. Litig.*,
      No. 11 Civ. 2768, 2013 WL 5789237 (C.D. Cal. Oct. 25, 2013) ............... 11, 12

26

27

*Conn. Ret. Plans & Trust Funds v. Amgen, Inc.*,
      No. 07 Civ. 2536, 2009 WL 2633743 (C.D. Cal. Aug. 12, 2009) .................... 15

28

---

UNOPPOSED MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PRELIMINARY APPROVAL OF SETTLEMENT, PRELIMINARY CERTIFICATION OF
SETTLEMENT CLASS, AND ESTABLISHING NOTICE PROCEDURES

*In re Excess Value Ins. Coverage Litig.*,
   MDL-1339, 2004 WL 1724980 (S.D.N.Y. July 30, 2004) ............................... 6

*In re GE Co. Sec. Litig.*,
   No. 09 Civ. 1951, slip op. at 5 (S.D.N.Y. May 30, 2013).................................. 8

*Gerardo v. Quong Hop & Co.*,
   No. 08 Civ 3953, 2009 WL 1974483 (N.D. Cal. Jul. 7, 2009) .......................... 6

*Gilbert v. First Alert, Inc.*,
   904 F. Supp. 714 (N.D. Ill. 1995) .................................................................. 12

*Gribble v. Cool Transports Inc.*,
   No. 06 Civ. 04863, 2008 WL 5281665 (C.D. Cal. Dec. 15, 2008)..................... 6

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998)............................................................... 6, 10, 12

*Hatamian v. Advanced Micro Devices, Inc.*,
   No. 14 Civ. 00226, 2016 WL 1042502 (N.D. Cal. Mar. 16, 2016) ................. 12

*Horton v. USAA Cas. Ins. Co.*,
   266 F.R.D. 360 (D. Ariz. 2009) ...................................................................... 4

*Huberman v. Tag It Pacific Inc.*,
   314 Fed. App'x 59 (9th Cir. 2009)................................................................. 15

*Katz v. Image Innovations Holdings, Inc.*,
   No. 06 Civ. 3707, 2010 WL 2926196 (S.D.N.Y. July 22, 2010)...................... 11

*In re M.L. Stern Overtime Litig.*,
   No. 07 Civ. 0018, 2009 WL 995864 (S.D. Cal. Apr. 13, 2009) ........................ 4

*Mangone v. First USA Bank*,
   206 F.R.D. 222 (S.D. Ill. 2001) ....................................................................... 9

*In re Mego Fin. Corp. Sec. Litig.*,
   213 F.3d 454 (9th Cir. 2000).......................................................................... 6

*In re Miller Energy Res., Inc. Sec. Litig.*,
   No. 11 Civ. 386 (TAV), slip op. at 2 (E.D. Tenn. Feb. 3, 2015) ....................... 8

*In re Montage Technlogy Grp. Ltd. Sec. Litig.*,
   No. 14 Civ. 00722, 2016 WL 1598666 (N.D. Cal. Apr. 21, 2016).................... 12

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNOPPOSED MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PRELIMINARY APPROVAL OF SETTLEMENT, PRELIMINARY CERTIFICATION OF
SETTLEMENT CLASS, AND ESTABLISHING NOTICE PROCEDURES

iii

*Mullane v. Cent. Hanover Bank & Trust Co.*,
    339 U.S. 306 (1950) ........................................................................... 7

*In re Mut. Funds Inv. Litig.*,
    No.04 Md. 15861, 2010 WL 2342413 (D. Md. May 19, 2010).......................... 8

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,
    221 F.R.D. 523 (C.D. Cal. 2004) ........................................................ 5, 6

*Officers for Justice v. Civil Serv. Comm'n of the City & Cnty. of S.F.*,
    688 F.2d 615 (9th Cir. 1982)................................................................ 3

*In re PE Corp. Sec. Litig.*,
    228 F.R.D. 102 (D. Conn. 2005) ....................................................... 12

*Persky v. Turley*,
    No. 88 Civ. 1830 (PHX) (SMM), 1991 WL 329564
    (D. Ariz. Dec. 20, 1991)..................................................................... 14

*In re Portal Software, Inc. Sec. Litig.*,
    No. 03 Civ. 5138, 2007 WL 1991529 (N.D. Cal. June 30, 2007)..................... 6

*Schneider v. Traweek*,
    No. 88 Civ. 0905, 1990 WL 132716 (C.D. Cal. July 31, 1990) ....................... 10

*Soberal-Perez v. Heckler*,
    717 F.2d 36 (2d Cir. 1983) ................................................................. 7

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003)............................................................ 13

*In re Syncor ERISA Litig.*,
    516 F.3d 1095 (9th Cir. 2008)............................................................. 3

*In re THQ, Inc., Sec. Litig.*,
    No. 00 Civ. 1783, 2002 WL 1832145 (C.D. Cal. Mar. 22, 2002) .................... 10

*In re Unioil Sec. Litig.*,
    107 F.R.D. 615 (C.D. Cal. 1985) ........................................................ 11

UNOPPOSED MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PRELIMINARY APPROVAL OF SETTLEMENT, PRELIMINARY CERTIFICATION OF
SETTLEMENT CLASS, AND ESTABLISHING NOTICE PROCEDURES

iv

*Wade v. Indus. Funding Corp.*,
 No. 92 Civ. 0343, 1993 WL 594019 (N.D. Cal. Dec.14, 1993) ....................... 12

*In re Washington Pub. Power Supply Sys. Sec. Litig.*,
 720 F. Supp. 1379 (D. Ariz. 1989) ...................................................................... 6

*Wolin v. Jaguar Land Rover N. Am., LLC*,
 617 F.3d 1168 (9th Cir. 2010) .................................................................... 11, 12

*Yamner v. Boich*,
 No. 92 Civ. 20597, 1994 WL 514035 (N.D. Cal. Sept. 15, 1994) .................... 10

*Zeidman v. J. Ray McDermott & Co., Inc.*,
 651 F.2d 1030 (5th Cir. 1981) ......................................................................... 12


**STATUTES**

15 U.S.C. § 78u 4, *et seq.* .......................................................................*passim*


**RULES**

Fed. R. Civ. P. 23 .....................................................................................*passim*


**OTHER AUTHORITIES**

4 Herbert Newberg & Alba Conte, *Newberg on Class Actions*
 §§ 8.04, 11:25 (4th ed. 2002) ......................................................................... 4, 9

Manual for Complex Litigation §§ 13.14, 21.312, 21.632 (4th ed. 20014) ............... 4, 7

5 James W. Moore, Moore's Federal Practice ¶ 23.83 (3d ed. 2001) ............................ 4

UNOPPOSED MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PRELIMINARY APPROVAL OF SETTLEMENT, PRELIMINARY CERTIFICATION OF
SETTLEMENT CLASS, AND ESTABLISHING NOTICE PROCEDURES

v

## MOTION

Lead Plaintiffs Globis Capital Partners, L.P. and Globis Overseas Fund Ltd. ("Plaintiffs"), by and through their undersigned counsel, hereby move this Court, to enter the accompanying Preliminary Approval Order, to which Defendants consent,[1] which provides for: 1) Preliminary approval of the Proposed Settlement; 2) Provisional certification of a Settlement Class; 3) Approval of the form and method for giving notice; and 4) Setting a hearing date to consider (i) whether the Proposed Settlement is fair, reasonable, and should be finally approved; (ii) fully certifying a Settlement Class; and (iii) Plaintiffs counsel's application for an award of attorneys' fees and expenses.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   PRELIMINARY STATEMENT

The Parties[2] have reached a proposed settlement of this securities class action in which Defendants' insurers, will pay $1,525,000 to the class. A copy of the Stipulation of Settlement dated December 13, 2016, which was extensively negotiated among the Parties, is attached hereto as Exhibit A.

The Proposed Settlement is an excellent result for the Class. It was reached after over a year of litigation, which included a comprehensive investigation by counsel, the drafting of the consolidated Amended Class Action Complaint (Dkt. No. 41), and briefing by Lead Counsel in opposition to Defendants' motion to dismiss (Dkt. No 75). Furthermore, Lead Counsel worked closely with the forensic accountant to analyze the financial data of defendant AudioEye Inc. ("AudioEye").

In an effort to resolve this Action, the Parties engaged Robert A. Meyer, Esq. as a mediator. This Proposed Settlement was the result of arm's-length negotiations

---

[1] Because Defendants consent to the relief requested in this Motion, unless the Court requests further briefing, the Motion is now fully submitted for the Court's review.

[2] Unless otherwise defined herein, all capitalized terms have the same meaning as set forth in the Proposed Settlement.

UNOPPOSED MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PRELIMINARY APPROVAL OF SETTLEMENT, PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS, AND ESTABLISHING NOTICE PROCEDURES

conducted by experienced counsel, with the assistance of an experienced mediator, and represents a substantial recovery of the Class' estimated potential damages. Plaintiffs submit that, while they believe the merits of the case are strong, the Proposed Settlement is not only well within the range of reasonableness, it is an excellent result and is in the best interests of the Class in light of: (a) Defendants' potential defenses; (b) the maximum amount of potentially recoverable damages; and (c) the risks of prosecuting this Action through trial. The Proposed Settlement warrants preliminary approval by this Court so that notice of the Proposed Settlement can be distributed to members of the Class and a Settlement Hearing can be scheduled to consider final approval.

## II.      STATEMENT OF FACTS

This Action was filed as a class action on behalf of all persons or entities who acquired shares of AudioEye stock during the period between May 14, 2014 through April 1, 2015 (the "Class Period").  (Dkt. No. 41).  By Order dated August 3, 2015, this Court appointed Globis Capital Partners L.P. and Globis Overseas Fund Ltd. as Lead Plaintiffs, approved Lead Plaintiffs' choice of Kirby McInerney LLP as Lead Counsel and Bonnett Fairbourn Friedman & Balint as Liaison Counsel. (Dkt. No. 35). On November 30, 2015, Plaintiffs filed a Consolidated Amended Class Action Complaint (the "Complaint"), on behalf of Class Period purchasers of AudioEye shares (the "Class"), against AudioEye, Nathaniel Bradley, AudioEye's CEO, and Edward O'Donnell, AudioEye's CFO (collectively, "Defendants"). (Dkt. No. 41). The Complaint asserted claims under Sections 10(b) and 20(a), of the Securities Exchange Act of 1934 (the "Exchange Act").

Thereafter, the Parties engaged in motion practice related to Defendants' motion to dismiss the Complaint.  During this same time, the Parties agreed to engage Mr. Meyer to mediate a possible settlement. In advance of the scheduled mediation session, the Parties submitted briefing concerning their respective claims and defenses. On July 20, 2016, the Parties attended a full day mediation session under the direction of Mr.

UNOPPOSED MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PRELIMINARY APPROVAL OF SETTLEMENT, PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS, AND ESTABLISHING NOTICE PROCEDURES

2

Meyer. The Parties were unable to reach a settlement at that time.  However, following the mediation session, the mediator made a mediator's proposal for a settlement of $1.525 million, which the Parties subsequently accepted. On August 8, 2016, this Court entered an Order vacating the case schedule in light of the Parties' agreement to settle the Action. (Dkt. No. 87).

Plaintiffs believe that the claims asserted in the Action are strong and additional evidence from discovery would have further supported the claims.  Nevertheless, Plaintiffs recognize the inherent problems of proof under, and possible defenses to, the securities law violations asserted in this Action, especially with respect to proof of Defendants' scienter, loss causation, the maximum amount of potentially recoverable damages to the Class had Plaintiffs prevailed at trial, as well as the expense and length of continued proceedings necessary to prosecute the Action against AudioEye through trial and appeals.   Taking the foregoing into account, Plaintiffs believe that the Proposed Settlement is excellent and is in the best interests of the Class.

Defendants continue to deny all claims of wrongdoing against them. Nonetheless, Defendants have concluded that further litigation would be uncertain, protracted and expensive, and that it is desirable that the Action be fully and finally settled upon the terms and conditions set forth in the Stipulation.

## III.     THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL

As a matter of public policy, settlement is a strongly favored method for resolving disputes, especially in complex class actions. *See*, *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008) ("there is a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned"); *Officers for Justice v. Civil Serv. Comm'n of the City and Cnty. of S.F.*, 688 F.2d 615, 625 (9th Cir. 1982) ("voluntary conciliation and settlement are the preferred means of dispute resolution").

UNOPPOSED MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PRELIMINARY APPROVAL OF SETTLEMENT, PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS, AND ESTABLISHING NOTICE PROCEDURES

3

**A.     The Standards for Preliminary Approval**

Fed. R. Civ. P. 23(e) requires court approval for any settlement of a class action, pursuant to a two-step process where the court first determines whether a proposed settlement deserves preliminary approval, and then, after notice is given to class members, whether final approval is warranted. *Arnold v. Arizona Dep't. of Pub. Safety,* No. 01 Civ. 1463 (PHX) (LOA), 2006 WL 2168637, at *4 (D. Ariz. July 31, 2006); *In re M.L. Stern Overtime Litig.*, No. 07 Civ. 0018, 2009 WL 995864, at *3 (S.D. Cal. Apr. 13, 2009); Manual for Complex Litigation ("MCL") § 13.14, at 173 (4th ed. 2004). By this motion, Plaintiffs request that the Court take the first step in this process – preliminary approval of the Proposed Settlement.

In determining whether preliminary approval is warranted, the Court determines whether the Proposed Settlement is within the range of what might be found fair, reasonable, and adequate, so that notice of the Proposed Settlement should be given to Class Members, and a hearing scheduled to consider final Settlement approval.  *See* MCL § 21.632, at 321 (4th ed. 2004); 4 Herbert Newberg & Alba Conte, *Newberg on Class Actions* § 11:25 (4th ed. 2002); *Horton v. USAA Cas. Ins. Co.*, 266 F.R.D. 360, 363, 367 (D. Ariz. 2009). However, preliminary approval does not require the Court to make a final determination that the Proposed Settlement is fair, reasonable, and adequate.   Rather, that decision is made at the final approval stage, after Class Members have had an opportunity to object to or exclude themselves from the Settlement.[3] When considering a potential settlement, the Court need "not decide the merits of the case or resolve unsettled legal questions." *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 88 n. 14 (1981). Preliminary approval is merely the prerequisite to giving

---

[3] *See* 5 James W. Moore, Moore's Federal Practice ¶¶ 23.83 [1], 23-336.2-23-339 (3d ed. 2001); *M.L. Stern*, 2009 WL 995864, at *3 ("Because class members will subsequently receive notice and have an opportunity to be heard on the settlement, this Court need not review the settlement in detail at this juncture; instead, preliminary approval is appropriate so long as the proposed settlement falls "within the range of possible judicial approval.").

---

UNOPPOSED MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PRELIMINARY APPROVAL OF SETTLEMENT, PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS, AND ESTABLISHING NOTICE PROCEDURES

4

notice, and "after notice is given to class members," the court must determine "whether final approval is warranted."  *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 525 (C.D. Cal. 2004).

**B.     The Proposed Settlement Is Fair, Reasonable, and Adequate**

**1.     The Proposed Settlement was Negotiated by Informed, Experienced Counsel who were Aware of the Risks of the Litigation**

The Proposed Settlement of $1,525,000 is well within the range of reasonableness. Plaintiffs' counsel and Defendants have extensive experience in securities class action litigation, and reached the Proposed Settlement only after substantial mediation before an experienced neutral mediator.

Plaintiffs and their counsel have conducted a thorough investigation of the claims asserted in the Action.  Plaintiffs' counsel has, *inter alia*, reviewed AudioEye's public filings, conference calls, media and analyst reports about AudioEye. The Parties also engaged in additional briefing in the context of the mediation. Thus, the Proposed Settlement was entered into only after Plaintiffs and their experienced counsel conducted a thorough analysis of the legal and factual issues and the risks associated with continued litigation.

While Plaintiffs believe they would ultimately prevail on their claims, they recognize the significant risk that they would not survive Defendant's motion to dismiss, given the stringent requirements of the PSLRA. Even if the Complaint survived Defendants' motion to dismiss, continued prosecution of the action would be complex, expensive, and lengthy, with a favorable outcome highly uncertain. There would still be a substantial risk that Defendants would prevail at trial and the class would obtain no recovery. The Proposed Settlement represents an excellent resolution when the substantial risks of expense and delay of continued litigation are weighed against the certain and immediate recovery for the Class

UNOPPOSED MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PRELIMINARY APPROVAL OF SETTLEMENT, PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS, AND ESTABLISHING NOTICE PROCEDURES

5

## 2.   The Proposed Settlement Resulted from Arm's-Length Negotiations and is Presumed to be Fair to the Class

There is an initial presumption that a proposed settlement is fair and reasonable when it is the result of arm's-length negotiations.[4] Courts have consistently held that the function of the court reviewing a settlement is to determine whether the proposed settlement taken as a whole is fundamentally fair, adequate, and reasonable, and not to "delete, modify or substitute" provisions within a settlement agreement. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).

The Proposed Settlement is the product of arm's-length negotiations by experienced counsel, with the assistance of an experienced neutral mediator. There was no collusion among the Parties. *See*, *e.g., In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000). Counsel for both sides have extensive experience in securities class action litigation and are thoroughly familiar with the factual and legal issues involved. The opinion of experienced and informed counsel, as here, supporting the Proposed Settlement is entitled to considerable weight.[5]

---

[4] *See In re Portal Software, Inc. Sec. Litig.*, No. 03 Civ. 5138, 2007 WL 1991529, at *5 (N.D. Cal. June 30, 2007) ("Experienced counsel on both sides, each with a comprehensive understanding of the strengths and weaknesses of each party's respective claims and defenses, negotiated this settlement over an extended period of time…."); *see also In re Excess Value Ins. Coverage Litig.*, No. MDL-1339, 2004 WL 1724980, at *10 (S.D.N.Y. July 30, 2004) ("Where 'the Court finds that the Settlement is the product of arm's length negotiations conducted by experienced counsel knowledgeable in complex class litigation, the Settlement will enjoy a presumption of fairness'").

[5] *See In re Washington Pub. Power Supply Sys. Sec. Litig.*, 720 F. Supp. 1379, 1392 (D. Ariz. 1989); *Gribble v. Cool Transports Inc.*, No. 06 Civ. 04863, 2008 WL 5281665, at *9 (C.D. Cal. Dec. 15, 2008) ("Great weight is accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation.") (quoting *Nat'l Rural Telecomms.*, 221 F.R.D. at 528); *see also Gerardo v. Quong Hop & Co.*, No. 08 Civ. 3953, 2009 WL 1974483, at *3 (N.D. Cal. Jul. 7, 2009) (fact that proponents of settlement are experienced in this type of litigation supports preliminarily approving a proposed class action settlement).

---

UNOPPOSED MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PRELIMINARY APPROVAL OF SETTLEMENT, PRELIMINARY CERTIFICATION OF
SETTLEMENT CLASS, AND ESTABLISHING NOTICE PROCEDURES

### C.     The Court Should Approve the Proposed Form and Method of Class Notice

"Rule 23(e)(1)(B) requires the court to 'direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise,' regardless of whether the class was certified under Rule 23(b)(1), (b)(2), or (b)(3)."  *See MCL* at § 21.312. To satisfy due process, notice to class members must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co*., 339 U.S. 306, 314 (1950) "'The notice must be of such nature as reasonably to convey the required information . . . and it must afford a reasonable time for those interested to make their appearance.'" *Soberal-Perez v. Heckler*, 717 F.2d 36, 43 (2d Cir. 1983).

Class members will be mailed the Postcard Notice (Stipulation Exhibit A-1) ("Mailed Notice"), which will provide Class members with information on how they can download the long-version Notice (Stipulation Exhibit A-2) from the internet, or request (by phone, mail, or email) for a copy to be mailed or emailed to them.  A Summary Notice (Stipulation Exhibit A-3) will also be posted online via *GlobeNewswire* and published in *Investors' Business Daily*.  The Notice describes in plain English the terms of the Settlement, the considerations that led Lead Counsel to conclude that the Settlement is fair and adequate, the maximum attorneys' fees (33%) that may be sought, the procedure to object to the Settlement, and the date and place of the Settlement Hearing.

This proposed method of notice, *i.e.*, postcard, summary publication, and online full notice, takes into consideration both the need to (i) fairly apprise Class Members of the Settlement and their options with respect thereto constituent with due process requirements and (ii) be cost-sensitive as far as administration expenses. The cost savings that can be achieved is particularly important given the small absolute size of the settlement fund (even though it is a large percentage of the potential class

UNOPPOSED MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PRELIMINARY APPROVAL OF SETTLEMENT, PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS, AND ESTABLISHING NOTICE PROCEDURES

7

damages). Accordingly, mailing a 20+ page long form notice to all class members would be disproportionally expensive here.  On the other hand, this less-expensive procedure would not negatively impact due process in any way. All of the class members who would otherwise receive the full notice by mail will still receive mailed notification of the settlement, and they all will be able to receive the full notice at no cost - by going to the website, by email, or by mail.  For that reason, the proposed notice plan readily meets the standards of Rule 23(c)(2)(B) which requires a certified class to receive "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Further, "[t]he use of a combination of a mailed post card directing class members to a more detailed online notice has been approved by courts." *In re Advanced Battery Techs., Inc. Sec. Litig.*, 298 F.R.D. 171, 183 n.3 (S.D.N.Y. 2014) (approving postcard and detailed online full notice for $275,000 settlement involving 10(b) claim).[6]

Neither Rule 23 nor due process require receipt of actual notice by all Settlement Class Members; rather, notice should be mailed to the last known addresses of those who can be identified and publication used to notify others.  *Newberg* § 8.04;

---

[6] *See also, In re GE Co. Sec. Litig.*, No. 09 Civ. 1951, slip op. at 5 (S.D.N.Y. May 30, 2013) (approving postcard and online full notice for $40 million settlement involving '34 Act claims); *In re Miller Energy Res., Inc. Sec. Litig.*, No. 11 Civ. 386, slip op. at 2 (E.D. Tenn. Feb. 3, 2015) (approving combination of postcard and online full notice for $2,950,000 settlement involving 10(b) claims).  *Barani v. Wells Fargo Bank, N.A.*, No. 12 Civ. 2999, 2014 WL 1389329, at *10 (S.D. Cal. Apr. 9, 2014) (approving combination of postcard and online notice in consumer case); *In re AT&T Mobility Wireless Data Servs. Sales Tax Litig.*, 789 F. Supp. 2d 935, 973 (N.D. Ill. 2011) (holding that postcard notice was "more than sufficient" despite not providing detailed information about class members' options and deadlines because website and claims administrator via phone did); *In re Mut. Funds Inv. Litig.*, No. 04 md 15861, 2010 WL 2342413, at *6 (D. MD. May 19, 2010) (finding that a combination of post card notice, publication notice, and a long-form notice available online "is the best notice practical under the circumstances and allows Class Members a full and fair opportunity to consider the proposed Settlements.").

---

UNOPPOSED MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PRELIMINARY APPROVAL OF SETTLEMENT, PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS, AND ESTABLISHING NOTICE PROCEDURES

*see also Mangone v. First USA Bank*, 206 F.R.D. 222, 231-32 (S.D. Ill. 2001 (approving mailed notice to last known addresses of a Settlement Class with nearly 18.5 million members).

### D. The Proposed Form of Notice Adequately Informs Settlement Class Members of their Rights in this Litigation

In an action proceeding under Rule 23(b)(3), the notice must inform each class member that "the court will exclude anyone from the class if he so requests [by a specified date]; the judgment will include all members who do not request exclusion and any member not requesting exclusion may, if he desires, enter an appearance through counsel." Fed. R. Civ. P. 23(c)(2).

Here, the proposed Notice, clearly and accurately discloses the information material to a Settlement Class Member's decision whether to accept, object to, or opt out of the Settlement. The proposed Notice provides information on, *inter alia*: the proposed Settlement Class; the terms and provisions of the Stipulation, including the Settlement Consideration; the relief to the Class and the releases to Defendants that the Settlement will provide; the maximum amount of any award of attorney's fees and reimbursement of expenses to Lead Counsel and of any incentive award to Plaintiffs; the date, time, and place of the final approval hearing; and the procedures and deadlines for opting out of the settlement or submitting comments or objections.

The Notice also meets the requirements of the PSLRA, 15 U.S.C. § 78u-4(a)(7). The Notice provides:

- a cover page summarizing the information contained in the Notice;
- a statement of the Settlement Class Members' potential recovery;
- the general terms of the Settlement;
- a statement of the potential outcome of the case including a statement concerning the issues on which the parties disagree;
- a statement of attorney's fees or costs to be sought;

UNOPPOSED MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PRELIMINARY APPROVAL OF SETTLEMENT, PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS, AND ESTABLISHING NOTICE PROCEDURES

9

- • contact information for the Claims Administrator and/or Lead Counsel; and

- • the reasons for the Proposed Settlement, including the factors Plaintiffs and the Settling Defendants considered in reaching the Proposed Settlement.

## IV.   THE COURT SHOULD PRELIMINARILY CERTIFY THE SETTLEMENT CLASS

At the Settlement Hearing on final approval of the Settlement, the Court will be asked to grant final approval to the Settlement on behalf of the Settlement Class. For that reason, it is appropriate for the Court to consider, at the preliminary approval stage, whether the certification of the Settlement Class appears to be appropriate. *Hanlon*, 150 F.3d at 1019.

This Action satisfies all the factors for certification of a class and, if the Action were proceeding towards trial, class certification would be appropriate.  Certainly, in the context of the Proposed Settlement, the preliminary certification of a Settlement Class is warranted.[7]  The Ninth Circuit and numerous courts within the Ninth Circuit have held class actions to be generally favored in securities fraud actions. *Blackie v. Barrack*, 524 F.2d 891, 902-03 (9th Cir. 1975), *cert. denied*, 429 U.S. 816 (1976). "[T]he law in the Ninth Circuit is very well established that the requirements of Rule 23 should be liberally construed in favor of class action cases brought under the federal securities laws." *In re THQ, Inc., Sec. Litig.*, No. 00 Civ. 1783, 2002 WL 1832145, at *2 (C.D. Cal. Mar. 22, 2002) (quoting *Schneider v. Traweek*, No. 88 Civ. 0905, 1990 WL 132716, at *6 (C.D. Cal. July 31, 1990)); *Yamner v. Boich*, No. 92 Civ. 20597, 1994 WL 514035, at *2 (N.D. Cal. Sept. 15, 1994) ("Ninth Circuit favors a liberal use of class actions to enforce federal securities laws").

---

[7] Indeed, "[w]hether trial would present intractable management problems, *see* Rule 23(b)(3)(D), is not a consideration when settlement-only certification is requested, for the proposal is that there be no trial." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 593 (1997).

---

UNOPPOSED MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PRELIMINARY APPROVAL OF SETTLEMENT, PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS, AND ESTABLISHING NOTICE PROCEDURES

Under Fed. R. Civ. P. 23(a), a class may be certified if it is so numerous that joinder of all members is impracticable; there are questions of law and fact common to the class; the claims or defenses of the representative parties are typical of the claims or defenses of the class; and the representative parties will fairly and adequately protect the interests of the class. *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1172 (9th Cir. 2010). In addition, the court must find that at least one of the three conditions of Fed. R. Civ. P. 23(b) are satisfied. *Id*. Under subsection (b)(3), the court must also find the questions of law or fact common to the members of the class predominate over any questions affecting only individual members and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. *Id*.

As set forth below, this Action clearly satisfies each of the requirements for the certification of a settlement class.

### A.    The Settlement Class is Sufficiently Numerous to Warrant Certification

Rule 23(a)(1) requires the class to be so large that joinder of all members is impracticable. The purchasers of AudioEye's shares during the Class Period, and hence members of the Class, number in the hundreds, if not the thousands.  According to AudioEye's SEC filings, the company has more than 77 million shares outstanding, and an average of 237,902 shares trade each day.  Courts have routinely held that numerosity can be inferred from these circumstances.[8]

---

[8] *See*, *In re Bridgepoint Educ., Inc. Sec. Litig.*, No. 12 Civ. 1737, 2015 WL 224631, *4 (S.D. Cal. Jan. 15, 2015) (numerosity satisfied "where 51.3 million shares of stock were outstanding during the proposed class period… and an average reported daily trading volume of more than 529,000 shares"); *In re China Intelligent Lighting & Elecs., Inc. Sec. Litig.*, No. 11 Civ. 2768, 2013 WL 5789237, *3-4 (C.D. Cal. Oct. 25, 2013) (numerosity standard met, where 6.6 million shares of Defendant's stock were acquired) (citing, *See, e.g., In re Unioil Sec. Litig.*, 107 F.R.D. 615, 618 (C.D. Cal. 1985) (finding numerosity based on the purchase of "several million shares"); *Katz v. Image Innovations Holdings, Inc.*, No. 06 Civ. 3707, 2010 WL 2926196, at *3 (S.D.N.Y. July 22, 2010) (sale of approximately 1.2 million shares); *Wade v. Indus.*

UNOPPOSED MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PRELIMINARY APPROVAL OF SETTLEMENT, PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS, AND ESTABLISHING NOTICE PROCEDURES

11

Additionally, the Class Members are located in numerous jurisdictions throughout the United States. A group this large and geographically diverse is too unwieldy to join in a single action.  *In re China Intelligent*, 2013 WL 5789237, *4 ("…because this is a securities action involving a publicly-traded stock, it is highly likely that the members of the Class are geographically diverse, making joinder impractical.)

## B.    There are Substantial Common Questions of Law and Fact

A proposed settlement class has sufficient commonality to justify certification where there are substantial questions of law and fact common to the class. *See Wolin*, 617 F.3d at 1172. Fed. R. Civ. P. 23(a)(2) should be construed permissibly, such that "[a]ll questions of fact and law need not be common to satisfy the rule." *Hanlon*, 150 F.3d at 1019. A class has sufficient commonality where there is "[t]he existence of shared legal issues with divergent factual predicates" or "a common core of salient facts coupled with disparate legal remedies within the class." *Hanlon*, 150 F.3d at

---

*Funding Corp.,* No. 92 Civ. 0343, 1993 WL 594019, at *3 (N.D. Cal. Dec. 14, 1993) (sale of approximately 1.8 million shares); *In re PE Corp. Sec. Litig.,* 228 F.R.D. 102, 107 (D. Conn. 2005) (sale of "almost 4 million shares"); *In re Activision Sec. Litig.,* 621 F.Supp. 415, 428 (N.D. Cal. 1985) (sale of four million shares); *Brosious v. Children's Place Retail Stores* 189 F.R.D. 138, 145 (D.N.J. 1999) (sale of at least four million shares); *Gilbert v. First Alert, Inc.,* 904 F.Supp. 714, 719 (N.D. Ill. 1995) ("more than four million" outstanding shares); *In re AnnTaylor Stores Sec. Litig.,* No. 91 Civ. 7145, 1992 WL 249975, at *1 (S.D.N.Y. Sept.22, 1992) (sale of approximately seven million shares); s*ee also Zeidman v. J. Ray McDermott & Co., Inc.,* 651 F.2d 1030, 1039-40 (5th Cir. 1981) (noting that an allegation of six million shares in trading volume would ordinarily satisfy numerosity)); *See also, In re Montage Technlogy Grp. Ltd. Sec. Litig.*, No. 14 Civ. 00722, 2016 WL 1598666, at *3 (N.D. Cal. Apr. 21, 2016) (finding where 36.5 million shares of Defendant's stock were traded during the class period, and an average of 26.5 million shares were outstanding, numerosity requirement satisfied);  *Hatamian v. Advanced Micro Devices, Inc.,* No. 14 Civ. 00226, 2016 WL 1042502, at *4 (N.D. Cal. Mar. 16, 2016) (700 million shares outstanding during the proposed class period… and the average daily trading volume for  common stock over 19.6 million shares, numerosity satisfied.)

---

UNOPPOSED MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PRELIMINARY APPROVAL OF SETTLEMENT, PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS, AND ESTABLISHING NOTICE PROCEDURES

1019; *accord Staton v. Boeing Co.*, 327 F.3d 938, 953 (9th Cir. 2003). Here, there are numerous questions of law and fact common to the Settlement Class; including whether provisions of the Exchange Act were violated by Defendants' acts as alleged in Plaintiffs' Complaint; whether Defendants publicly misrepresented material facts about the Company and its reported operating results; whether such alleged misrepresentations were made with scienter, and the extent to which such alleged misrepresentations inflated the price of AudioEye's shares. In the context of the Class, additional common questions include whether the Proposed Settlement is fair, reasonable and adequate; and whether the Proposed Settlement should be approved. Thus, the Class should be preliminarily certified.

**C.     Lead Plaintiffs' Claims are Typical of Other Settlement Class Members**

The claims of the Plaintiffs are typical of the claims of the other members of the Class. Because Plaintiffs and the Class purchased AudioEye's stock during the Class Period, at a time when Defendants' alleged misrepresentations had not been disclosed. Plaintiffs allege that Defendants' alleged misrepresentations resulted in artificial inflation of AudioEye's share price and that, upon disclosure of the alleged misrepresentations, the value of AudioEye's stock declined. The other members of the Class were affected in the same ways. Similarly, the interest of the Plaintiffs in obtaining a fair, reasonable, and adequate settlement of the claims asserted are identical to the interests of the Class Members. Under the proposed Plan of Allocation, Plaintiffs will receive the same pro rata share of the Settlement Fund as the rest of the Settlement Class. Accordingly, the typicality requirement is met.

**D.     Plaintiffs and Lead Counsel Have Adequately Represented the Settlement Class**

Plaintiffs have prosecuted the Action, negotiated with Defendants, and obtained a Proposed Settlement representing a significant percentage of the losses allegedly

UNOPPOSED MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PRELIMINARY APPROVAL OF SETTLEMENT, PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS, AND ESTABLISHING NOTICE PROCEDURES

13

suffered by members of the Settlement Class.  Moreover, Plaintiffs retained, and are represented by, highly qualified counsel with extensive experience in the prosecution of securities class actions. *See* Exhibit B (Lead Counsel's firm resume) attached hereto.  Thus, Plaintiffs have fairly and adequately protected and advanced the interests of the Settlement Class and the requirements of Rule 23(a)(4) are met.

### E.    The Predominance and Superiority Requirements are Satisfied

Under Rule 23(b)(3), a class may be certified if a court finds that common questions of law or fact predominate over individual questions, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Here, the proposed Settlement Class satisfies the requirements of Rule 23(b) in that, as described above, the questions of law or fact common to the members of the Settlement Class clearly predominate over any questions affecting individual members. Moreover, damages suffered by members of the Settlement Class are not sufficient to make it economical to prosecute separate actions in order to recover individual losses sustained as a result of Defendants' alleged violations of the securities laws. *Amchem Prods.,* 521 U.S. at 617 ("The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action…A class action solves this problem…"). Accordingly, a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

In securities claims, it is common for factual variations among shareholders related to stock transaction dates and sizes, "sophistication of investors and degree of reliance" to exist, but common questions of fact related to misrepresentation claims "will predominate over the individual issues." *Persky v. Turley*, No. 88 Civ. 1830-(PHX) (SMM), 1991 WL 329564, at *3 (D. Ariz. Dec. 20, 1991).  Additionally, Plaintiffs may rely on the fraud-on-the-market presumption since AudioEye was actively traded in an efficient market. *See Basic Inc. v. Levinson*, 485 U.S. 224, 241-

UNOPPOSED MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PRELIMINARY APPROVAL OF SETTLEMENT, PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS, AND ESTABLISHING NOTICE PROCEDURES

14

42, 246-47 (1988); *see also Conn. Ret. Plans & Trust Funds v. Amgen, Inc.*, No. 07 Civ. 2536, 2009 WL 2633743, at *12 (C.D. Cal. Aug. 12, 2009). An efficient market is one that rapidly reflects new information in price, such that security prices fully reflect all available information. *Conn. Ret. Plans*, 2009 WL 2633743, at *10. Here, where AudioEye was publicly traded on the NASDAQ, a national exchange, covered by analysts, had average daily trading volume of 493,241 shares, and stock prices reflected public information, an efficient market is present. Accordingly, the need for individual reliance by each Class Member is eliminated. This further supports the conclusion that common questions of fact and law predominate over individual questions pursuant to Rule 23(b)(3). *See Huberman v. Tag-It Pacific Inc.*, 314 Fed. App'x 59, 62-63 (9th Cir. 2009).

As demonstrated by the foregoing, the proposed Settlement Class satisfies each of the requirements for the certification of a class pursuant to Fed. R. Civ. P. 23(a) and at least one of the factors enumerated in Rule 23(b). Certification of the Settlement Class is thus warranted.

## V.   PROPOSED SETTLEMENT SCHEDULE

The Court's entry of the proposed Preliminary Approval Order would, among other things: (i) provisionally certify, for settlement purposes, this Action as a class action; (ii) direct notice of the Proposed Settlement to all members of the Settlement Class; and (iii) schedule the Settlement Hearing to consider whether the Proposed Settlement should be approved as being fair, reasonable, and adequate. As such, the Preliminary Approval Order sets a proposed schedule for mailing and publication of the Mailed Notice and Summary Notice, and deadlines for submitting claims, objecting to the Proposed Settlement, and/or opting out of the Settlement Class.

Plaintiffs respectfully recommend the schedule set forth below, pursuant to which the Settlement Hearing would be set a minimum of 100 days after the granting of the Preliminary Approval Order in order to allow for the other deadlines referenced

UNOPPOSED MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PRELIMINARY APPROVAL OF SETTLEMENT, PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS, AND ESTABLISHING NOTICE PROCEDURES

15

in the proposed Preliminary Approval Order, which were negotiated among the Parties.

| | |
|---|---|
| Defendant's deadline to produce transfer records (Preliminary Approval Order, ¶ 13) | Within (14) calendar days of receipt of a copy of the Preliminary Approval Order |
| Notice Mailed to Class Members (Preliminary Approval Order, ¶ 11) | No later than fourteen (14) calendar days following receipt of the transfer records report from Defendants |
| Publication of Summary Notice (Preliminary Approval Order, ¶ 16) | Within thirty-five (35) calendar days after entry of the Order |
| Support of Settlement, the Plan of Allocation and application for Attorneys' Fees and Expenses (Preliminary Approval Order, ¶ 23) | Filed and served thirty-five (35) calendar days before the Final Settlement Hearing |
| Deadline for Objections to the Settlement, the Plan of Allocation, or the application for Attorneys' Fees and Expenses (Preliminary Approval Order, ¶ 21) | Received at least twenty-one (21) calendar days prior to the Final Settlement Hearing |
| Deadline to request exclusion from the Settlement Class (Preliminary Approval Order, ¶ 20) | Received no later than thirty (30) calendar days prior to the Final Settlement Hearing |
| Settlement Hearing | To be determined by the Court; Plaintiffs propose the hearing be set a minimum of 100 days after the order preliminarily approving the settlement |
| Deadline for Plaintiffs to file papers in further support of the Settlement, the Plan of Allocation and application for Attorneys' Fees or Expenses (Preliminary Approval Order, ¶ 24) | Filed no later than seven (7) calendar days prior to the Final Settlement Hearing |
| Deadline for submitting Proof of Claim forms (Preliminary Approval Order, ¶ 18(a)) | Postmarked no later than ninety (90) calendar days from the date of the Order |

UNOPPOSED MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PRELIMINARY APPROVAL OF SETTLEMENT, PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS, AND ESTABLISHING NOTICE PROCEDURES

16

1

## VI.   CONCLUSION

2

3          Plaintiffs respectfully request that the Court enter the Preliminary Approval

Order, which Defendants have consented to, preliminarily certify the Settlement Class,

4

and direct the notice be distributed to the members of the Class.

5

6   Dated: December 16, 2016                    Respectfully Submitted,

7                                               **KIRBY McINERNEY LLP**

8                                                _/s/ Ira M. Press_____

9                                               Ira M. Press (*pro hac vice*)
                                                ipress@kmllp.com
10                                              825 Third Avenue, 16th Floor
                                                New York, NY 10022
11                                              Telephone: (212) 371-6600
                                                Fax: (212) 751-2540
12

13                                              *Lead Counsel for Plaintiffs*

14

15                                              **BONNETT, FAIRBOURN,**
                                                **FRIEDMAN & BALINT, P.C.**
16                                              Andrew S. Friedman (AZ #: 005425)
                                                2325 E. Camelback Rd. Ste. 300
17                                              Phoenix, AZ 85016
                                                Telephone: (602) 274-1100
18                                              Fax: (602) 274-1199
                                                Email:  afriedman@bffb.com
19

20                                              *Liaison Counsel for the  Plaintiffs*

21

22

23

24

25

26

27

28

---

UNOPPOSED MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF PRELIMINARY APPROVAL OF SETTLEMENT, PRELIMINARY CERTIFICATION OF
SETTLEMENT CLASS, AND ESTABLISHING NOTICE PROCEDURES

17

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

I hereby certify that on December 16, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail notice list, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice list.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_/s/ Ira M. Press_

UNOPPOSED MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PRELIMINARY APPROVAL OF SETTLEMENT, PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS, AND ESTABLISHING NOTICE PROCEDURES