# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

------------------------------------------------X

No. 4:15-cv-00163-DCB

IN RE AUDIOEYE, INC. SECURITIES
LITIGATION

**STIPULATION OF
SETTLEMENT**

Hearing Date: _____, 201_
Time: 10:00 a.m.
Judge:  Hon David Bury

------------------------------------------------X

## STIPULATION OF SETTLEMENT

This Stipulation of Settlement (the "Stipulation") dated December **13** 2016 is hereby submitted to the Court pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Subject to the approval of the Court, this Stipulation is entered into among Lead Plaintiffs, Globis Capital Partners, L.P. and Globis Overseas Fund Limited (collectively, the "Lead Plaintiffs"), on behalf of themselves and the putative class (collectively, "Plaintiffs"), and AudioEye, Inc. ("AudioEye"), Nathaniel Bradley and Edward O'Donnell (collectively, "Defendants"), by and through their respective counsel.

1.      WHEREAS, a class action complaint styled *Lee Nykaza, individually and on behalf of all others similarly situated v. AudioEye Incorporated et al.,* case number 2:15-cv-00673-DCB (the *"Nykaza* Action"), alleging violations of federal securities laws against the Defendants was filed in the United States District Court for the District of Arizona (the "Court");

2.   WHEREAS, a class action complaint styled *Ralph Saczawa, individually and on behalf of all others similarly situated v. AudioEye Incorporated et al.*, case number 4:15-cv-00163-DCB (the "*Saczawa* Action"), alleging violations of federal securities laws against the Defendants also was filed in the Court;

3.   WHEREAS, by Order dated July 1, 2015, the Honorable Judge David C. Bury consolidated the *Nykaza* Action and the *Saczawa* Action under the Master File and caption *In re AudioEye, Inc. Sec. Litig.*, No. CV-15-00163-TUC-DCB;

4.   WHEREAS, by Order dated August 3, 2015, Judge Bury appointed Globis Capital Partners, L.P. and Globis Overseas Fund Ltd. as Lead Plaintiffs, and their attorneys Kirby McInerney LLP as counsel for the Lead Plaintiffs ("Lead Plaintiffs' Counsel");

5.   WHEREAS, on November 30, 2015, the Lead Plaintiffs filed the operative Consolidated Amended Complaint alleging against all Defendants: (Count 1) violations of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"); and (Count 2) violations of Section 20(a) of the Exchange Act;

6.   WHEREAS, on February 5, 2016, Defendants filed Motions to Dismiss the Consolidated Amended Complaint and Lead Plaintiffs filed their opposition on March 18, 2016;

7.   WHEREAS, on July 20, 2016, counsel for the Lead Plaintiffs, counsel for the Defendants, and counsel for the Defendants' insurer, Argonaut Insurance Company, which issued a directors and officers liability insurance policy to AudioEye, participated in a full-day mediation conference before arbitrator Robert Meyer. At and following the mediations, the participants engaged in extensive arm's-length negotiations with each other, such negotiations bearing fruit as set forth in this Stipulation;

8.   WHEREAS, in recognition of the attendant risks and costs of continued litigation and the benefits of resolving this litigation, the parties hereto desire to settle and resolve any and all actual or potential claims by, between, or among Plaintiffs, on the one hand, and Defendants, on the other hand, arising out of or relating to the subject matter of this action (the "Litigation");

9.   The Defendants deny any wrongdoing whatsoever, and this Stipulation shall in no event be construed as, or be deemed to be evidence of, an admission or concession on the part of any Defendant with respect to any actual or potential claim, liability, wrongdoing, or damage whatsoever, or any infirmity in the defenses that the Defendants have asserted. This Stipulation also shall not be construed as or be deemed to be a concession by the Lead Plaintiffs of any infirmity in the claims asserted in the Litigation. The parties to this Stipulation (the "Settling Parties") wish to settle and compromise any dispute regarding the Litigation or its subject matter, including but not limited to whether the Litigation was filed by the Lead Plaintiffs and defended by the Defendants in good faith and with adequate basis in fact under Rule 11 of the Federal Rules of Civil Procedure. The Settling Parties agree that the Litigation is being voluntarily settled after advice of counsel and that the terms of the settlement are fair, adequate, and reasonable;

10.   WHEREAS, Lead Plaintiffs' Counsel has conducted an investigation relating to the claims and the underlying events and transactions alleged in the Litigation. Lead Plaintiffs' Counsel has analyzed the facts and the applicable law with respect to the claims of the Lead Plaintiffs against Defendants and the potential defenses thereto, which in the Lead Plaintiffs' judgment have provided an adequate and satisfactory basis for the evaluation of an agreement to settle, as described herein;

WEST\270566742.3

11.   WHEREAS, based upon the investigation conducted by Lead Plaintiffs' Counsel, Lead Plaintiffs' Counsel has concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Plaintiffs, and in their best interests, and Lead Plaintiffs have agreed to settle the claims asserted in the Litigation pursuant to the terms and conditions of this Stipulation, after considering: (a) the benefits that Plaintiffs will receive from settlement of the Litigation; (b) the attendant risks of litigation; and (c) the desirability of permitting the settlement to be consummated as provided by the terms of this Stipulation;

12.   AND WHEREAS, the Defendants conditionally stipulate, for the limited purposes of this Stipulation and the creation of a settlement class, that the Litigation shall be certified for class treatment under Rule 23 of the Federal Rules of Civil Procedure and that the stipulated settlement class consists of Settlement Class Members, as defined below. The Defendants' conditional stipulation as to the creation of a settlement class is contingent upon the execution of this Stipulation by the Settling Parties and its final approval by the Court. If this Stipulation is for any reason not finally approved, or is otherwise terminated, the Defendants reserve their rights to assert any and all available objections and defenses to certification of any class:

NOW THEREFORE, without any admission or concession on the part of the Lead Plaintiffs of any lack of merit in the Litigation whatsoever, and without any admission or concession on the part of the Defendants of any liability, wrongdoing, or lack of merit in the defenses asserted in the Litigation whatsoever, it is hereby STIPULATED AND AGREED, by and among the Parties, through their respective attorneys, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the Settling Parties hereto from the Settlement, that any and all claims made, or that could have been made, including all Settled Claims (as defined below), by

WEST\270566742.3

1  Plaintiffs against the Released Parties (as defined below) shall be compromised,
2  settled, released, and dismissed **with prejudice** as provided in this Stipulation of
3  Settlement, to the extent as hereafter provided, without costs as to Plaintiffs or
4  Defendants, subject to the approval of the Court, upon and subject to the following
5  terms and conditions:

6

7  **A.  DEFINITIONS**

8  As used in this Stipulation, the following terms have the meanings
9  specified below:

10  1.  "Attorneys' Fees and Expenses" means the portion of the Gross
11  Settlement Fund (as defined below) approved by the Court for payment to Lead
12  Plaintiffs' Counsel, including attorneys' fees, costs, litigation expenses, and fees
13  and expenses of experts (excluding Notice and Administration Expenses).

14  2.  "Authorized Claimant" means any Claimant (as defined below)
15  whose claim for recovery has been allowed pursuant to the terms of the Stipulation
16  or by order of the Court.

17  3.  "Award to Lead Plaintiffs" means any award by the Court to
18  Lead Plaintiffs of reasonable costs and expenses directly relating to the
19  representation of the Settlement Class pursuant to 15 U.S.C. § 78u-4(a)(4).

20  4.  "Claimant" means any Settlement Class Member who files a
21  timely and valid Proof of Claim and Release (as defined below) in such form and
22  manner, and within such time, as set forth in this Stipulation, or as the Court shall
23  prescribe.

24  5.  "Claims Administrator" means the accounting and claims
25  administration firm, JND Legal Administration, that Lead Plaintiffs' Counsel
26  requests be appointed by the Court to administer the Settlement and disseminate
27  notice to the Settlement Class.

28

WEST\270566742;3

1         6.    "Court" means the United States District Court for the District
2   of Arizona.

3         7.    "Defendants" means AudioEye, Inc., Nathaniel Bradley and
4   Edward O'Donnell.

5         8.    "Effective Date" means the date on which all of the conditions
6   set forth below in paragraph K.1. shall have been satisfied and the Court's Order
7   and Final Judgment, substantially in the form of Exhibit B hereto, becomes
8   "Final."  The Court's Order and Final Judgment shall be deemed to be "Final"
9   when either of the following has occurred: (a) if an appeal or review is not sought
10   by any person from the Order and Final Judgment, the day following the
11   expiration of the time to appeal or petition from the Order and Final Judgment; or
12   (b) if an appeal or review is sought from the Order and Final Judgment, the day
13   after such Order and Final Judgment is affirmed or the appeal or review is
14   dismissed or denied and such Order and Final Judgment is no longer subject to
15   further judicial review.

16         9.    "Escrow Account" means the interest-bearing account selected
17   by the Escrow Agent. The Escrow Account shall be managed by the Escrow Agent
18   for the benefit of Lead Plaintiffs and the Settlement Class until the Effective Date
19   of the Settlement.

20         10.    "Escrow Agent" means Kirby McInerney LLP or its
21   successor(s). The Escrow Agent shall perform the duties as set forth in this
22   Stipulation.

23         11.    "Gross Settlement Fund" means the Settlement Amount plus all
24   interest earned thereon.

25         12.    "Lead Plaintiffs" means Globis Capital Partners, L.P. and
26   Globis Overseas Fund Ltd.

27         13.    "Lead Plaintiffs' Counsel" means Kirby McInerney LLP.

28

6

14.    "Net Settlement Fund" means the Gross Settlement Fund, less (i) Attorneys' Fees and Expenses, (ii) Notice and Administration Expenses, (iii) taxes, (iv) any Award to Lead Plaintiffs, and (v) other fees and expenses authorized by the Court.

15.    "Notice" refers collectively to the Postcard Notice of Proposed Settlement which, subject to Court approval, is to be sent to Class Members substantially in the form attached as Exhibit A-1 to the Order of Preliminary Approval of Settlement, and the Notice of Pendency and Proposed Settlement of Class Action, which, subject to Court approval, shall be substantially in the form attached as Exhibit A-2 to the Order of Preliminary Approval of Settlement and which the Claims Administrator shall post on the settlement website and provide via mail or email to any Settlement Class Member who requests a copy.

16.    "Notice and Administration Account" means the account to be established from the Gross Settlement Fund and maintained by Lead Plaintiffs' Counsel. The Notice and Administration Account may be drawn upon by Lead Plaintiffs' Counsel for Notice and Administration Expenses without further order of the Court.

17.    "Notice and Administration Expenses" means all expenses reasonably and actually incurred by, and the reasonable fees charged by, the Claims Administrator in connection with the preparation, printing, mailing, and publication of the Notice to the Settlement Class of the proposed settlement, and all reasonable expenses of Settlement administration upon presentation of customary invoices, which invoices have been approved by Lead Plaintiffs' Counsel; provided, however, that none of these expenses shall be deemed to include Attorneys' Fees and Expenses through the Effective Date. All such Notice and Administration Expenses shall be paid from the Gross Settlement Fund.

WEST\270566742.3

1        18.    "Order and Final Judgment" means the order and judgment

2   entered by the Court, including a Bar Order, approving the Settlement and

3   dismissing the Litigation as against the Defendants with prejudice and without

4   costs to any party.

5        19.    "Person" means any individual, corporation, partnership,

6   limited liability company or partnership, limited partnership, professional

7   corporation, association, affiliate, joint stock company, trust, estate,

8   unincorporated association, government, or any political subdivision or agency

9   thereof, any other type of legal or political entity, any legal representative, and, as

10  applicable, their respective spouses, heirs, predecessors, successors,

11  representatives, and assigns.

12       20.    "Plaintiffs" means the Lead Plaintiffs and the Settlement Class.

13       21.    "Plan of Allocation" means the plan or formula for allocating

14  the Net Settlement Fund (as set forth in the Notice of Pendency and Proposed

15  Settlement of Class Action (the "Long Form Notice"), attached as Exhibit A-2 to

16  the Order of Preliminary Approval of Settlement) to Authorized Claimants after

17  payment of Notice and Administration Expenses, Taxes and Tax Expenses, and

18  Attorneys' Fees and Expenses.  Any Plan of Allocation is not part of the

19  Stipulation and the Released Parties shall have no responsibility or liability with

20  respect thereto.

21       22.    "Preliminary Approval Order" means the Order of Preliminary

22  Approval of Settlement which the Parties contemplate will be entered by the

23  Court.

24       23.    "Released Parties" means the Defendants and any of their

25  current, former, or future parents, subsidiaries, affiliates, partners, joint venturers,

26  officers, directors, principals, shareholders, members, agents (acting in their

27  capacity as agents), employees, attorneys, trustees, insurers (including Argonaut

28

8

WEST\270566742.3

1  Insurance Company and its respective businesses, affiliates, subsidiaries, parents
2  and affiliated corporations, divisions, predecessors, shareholders, partners, joint
3  venturers, principals, insurers, reinsurers, successors and assigns, and their
4  respective past, present and future employees, officers, directors, attorneys,
5  accountants, auditors, agents and representatives), reinsurers, advisors,
6  accountants, associates, and/or any other individual or entity in which any
7  Defendant has or had a controlling interest or which is or was related to or
8  affiliated with any Defendant, and the current, former, and future legal
9  representatives, heirs, successors-in-interest, or assigns of any Defendant.

10         24.   "Settled Claims" means any and all claims, debts, demands,
11  liabilities, rights, and causes of action of every nature and description whatsoever
12  (including, but not limited to, any claims for damages, interest, attorneys' fees,
13  expert or consulting fees, and any other costs, expenses, or liabilities whatsoever),
14  whether based on federal, state, local, statutory or common law, or any other law,
15  rule, or regulation, whether fixed or contingent, accrued or unaccrued, liquidated
16  or unliquidated, at law or in equity, matured or unmatured, whether class or
17  individual in nature, including both known claims and Unknown Claims (as
18  defined below): (i) that have been asserted in the Litigation by the Lead Plaintiffs
19  and/or Settlement Class Members or any of them against any of the Released
20  Parties, including, without limitation, all statements made by any of the
21  Defendants that Plaintiffs allege in the Litigation were false or misleading, or any
22  of the alleged acts, omissions, representations, facts, events, matters, transactions,
23  or occurrences asserted in, relating to in any way, or arising out of the Litigation,
24  or otherwise alleged, asserted, or contended in the Litigation; or (ii) that relate to
25  the purchase of AudioEye securities, including, without limitation, claims for
26  fraud, negligent misrepresentation, or claims based upon or related in any way to
27  the purchase, acquisition, or sale of AudioEye securities during the Class Period

28

WEST\270566742.3

1   by the Lead Plaintiffs or any Settlement Class Member, on behalf of themselves,

2   their heirs, executors, administrators, successors, and assigns against the Released

3   Parties or any of them. Settled Claims also include any and all claims arising out

4   of or relating to in any way the Settlement or resolution of the Litigation against

5   the Released Parties (including Unknown Claims that arise out of, relate to, or are

6   in connection with the Settlement or resolution of the Litigation against the

7   Released Parties), except claims to enforce any of the terms of this Stipulation.

8           25.   "Settled Defendants' Claims" means all claims, demands,

9   rights, remedies, liabilities, and causes of action of every nature and description

10  whatsoever, whether based on federal, state, local, statutory, or common law, or

11  any other law, rule, or regulation, including both known and Unknown Claims,

12  that (i) have been or could have been asserted in the Litigation by the Defendants,

13  or any of them, against any of the Lead Plaintiffs, Settlement Class Members, or

14  any of their attorneys, and (ii) arise out of or relate in any way to the institution,

15  prosecution, or Settlement of this Litigation or the Settled Claims, including but

16  not limited to all claims for malicious prosecution or sanctions.   "Settled

17  Defendants' Claims" does not include claims to enforce any of the terms of this

18  Stipulation.

19          26.   "Settlement Class" and "Settlement Class Members" mean, for

20  purposes of this Settlement, all persons who purchased or otherwise acquired any

21  common stock of AudioEye during the period from May 14, 2014 through and

22  including April 1, 2015, and who were allegedly damaged thereby. Excluded from

23  the Settlement Class are Defendants, the officers and directors of AudioEye during

24  the Class Period, members of their immediate families and their legal

25  representatives, heirs, successors, or assigns, any entity in which Defendants have

26  or had a controlling interest, and any persons who separately file an action against

27  one or more of Defendants, based in whole or in part on any claim arising out of or

28

WEST\270566742.3

1   relating to any of the alleged acts, omissions, misrepresentations, facts, events,
2   matters, transactions, or occurrences referred to in the Litigation or otherwise
3   alleged, asserted, or contended in the Litigation. Also excluded from the
4   Settlement Class are those persons who file valid and timely requests for exclusion
5   in accordance with the Court's Order of Preliminary Approval of Settlement
6   concerning this Stipulation.

7       27.   "Settlement Class Distribution Order" means the order entered
8   by the Court, upon application of Lead Plaintiffs' Counsel following the
9   occurrence of the events identified in paragraph D.13. below, which authorizes the
10  Claims Administrator to distribute the Net Settlement Fund to the Settlement
11  Class.

12      28.   "Settlement Class Period" means the period from May 14, 2014
13  through and including April 1, 2015.

14      29.   "Settlement" means the settlement contemplated by this
15  Stipulation.

16      30.   "Settlement Amount" means a fund in the amount of
17  $1,525,000.00 (One Million, Five Hundred and Twenty-Five Thousand Dollars).

18      31.   "Settlement Hearing" means the final hearing to be held by the
19  Court to determine: (1) whether the proposed Settlement should be approved as
20  fair, reasonable, and adequate; (2) whether all Settled Claims should be dismissed
21  with prejudice; (3) whether an order approving the Settlement should be entered
22  thereon; (4) whether the allocation of the Settlement Fund should be approved;
23  and (5) whether the application for an award of Attorneys' Fees and Expenses and
24  an Award to Lead Plaintiffs should be approved.

25      32.   "Unknown Claims" means (a) any Settled Claim that the Lead
26  Plaintiffs or any Settlement Class Member does not know or suspect to exist in
27  his, her, or its favor at the time of the release of the Released Parties, which if

28

11

WEST\270566742.3

known by him, her, or it, might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, the decision not to object to the Settlement, provided such claim arises out of or relates to the purchase or sale of AudioEye securities, and (b) any Defendants' Claims that any Defendant does not know or expect to exist in his, her, or its favor, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement. With respect to any and all Settled Claims and Settled Defendants' Claims, the Settling Parties stipulate and agree that upon the Effective Date, the Settling Parties shall expressly waive, and each of the Settlement Class Members shall be deemed to have waived and by operation of the Order and Final Judgment shall have waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law that is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

## B.   SCOPE AND EFFECT OF SETTLEMENT AND RELEASES

1. The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Litigation and any and all Settled Claims as against all Released Parties and any and all Settled Defendants' Claims as against the Lead Plaintiffs, the Settlement Class Members, and their attorneys.

2. Pursuant to the Order and Final Judgment, upon the Effective Date of this Settlement, the Settlement Class Members on behalf of themselves, their current and future heirs, executors, administrators, successors, attorneys, insurers, agents, representatives, and assigns, and any person they represent, shall, with respect to each and every Settled Claim, release and forever relinquish and

1    discharge, and shall forever be enjoined from prosecuting, all Settled Claims and
2    any and all claims arising out of, relating to, or in connection with the Settlement,
3    the Litigation, or the resolution of the Litigation against the Released Parties,
4    whether or not such Settlement Class Member executes and delivers the Proof of
5    Claim and Release, except claims to enforce any of the terms of this Stipulation.
6    Further, all Settlement Class Members on behalf of themselves, their current and
7    future heirs, executors, administrators, successors, attorneys, insurers, agents,
8    representatives, and assigns, expressly covenant not to assert any claim or action
9    against any of the Released Parties that: (i) arises out of or relates to the purchase
10   or sale of AudioEye securities, or (ii) that could have been alleged, asserted, or
11   contended in any forum by the Settlement Class Members or any of them against
12   any of the Released Parties, arising out of or relating to the purchase or sale of
13   AudioEye securities, and shall forever be enjoined from commencing, instituting,
14   or prosecuting any such claim, so long as such claim relates to the purchase or sale
15   of AudioEye securities.

16          3. The Proof of Claim and Release to be executed by the Settlement
17   Class Members shall be substantially in the form and content contained in Exhibit
18   A-4 to the Preliminary Approval Order attached hereto as Exhibit A.

19          4. Pursuant to the Order and Final Judgment, upon the Effective Date
20   of this Settlement, Defendants shall release and forever discharge each and every
21   one of the Defendants' Claims, and shall forever be enjoined from prosecuting the
22   Defendants' Claims as against any of the Lead Plaintiffs, Settlement Class
23   Members, or their attorneys, including but not limited to claims for malicious
24   prosecution or sanctions.

25   **C.    THE SETTLEMENT CONSIDERATION**

26          1. Subject to the terms of this Stipulation, the sum of $1,525,000.00
27   (One Million, Five Hundred and Twenty-Five Thousand Dollars) shall be paid into
28

WEST\270566742.3

the Escrow Account within ten (10) business days after the Court issues the Preliminary Approval Order. That payment shall constitute the Settlement Amount. The Settlement Amount shall be paid exclusively by the Defendants' insurer, and the Defendants shall not have any responsibility or liability for the payment of the Settlement Amount.

2. The Gross Settlement Fund, net of any Taxes (as defined below) on the income thereof and any Tax Expenses (as defined below), shall be used to pay: (i) the Notice and Administration Expenses as authorized by this Stipulation; (ii) Attorneys' Fees and Expenses authorized by the Court; (iii) any Award to Lead Plaintiffs authorized by the Court; and (iv) other fees and expenses authorized by the Court. The balance of the Gross Settlement Fund remaining after the above payments shall be the Net Settlement Fund, which shall be distributed to the Authorized Claimants in accordance with this Stipulation.

3. Any sums required to be held in escrow hereunder shall be held by the Escrow Agent for the benefit of the Lead Plaintiffs and the Settlement Class until the Effective Date. Until the date and after the Order and Final Judgment is entered, payments made from the Settlement Fund shall require the signature of an authorized representative of the Escrow Agent.  All funds held by the Escrow Agent shall be deemed to be in *custodia legis* and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to this Stipulation and/or further order of the Court. Other than amounts disbursed for providing notice to the Settlement Class, customary administration costs, and Taxes and Tax Expenses, and the Attorneys' Fee and Expenses (which shall be paid to Lead Plaintiffs' Counsel within two business days after the Court executes an order awarding such fees and expenses), the Settlement Fund shall not be distributed until the Effective Date. The Escrow

1  Agent shall not disburse the Gross Settlement Fund, or any portion thereof, except
2  as provided in this Stipulation, or upon Order of the Court.

3         4. The Escrow Agent shall invest any funds in excess of $250,000 in
4  short-term United States Treasury Securities (or a mutual fund invested solely in
5  such instruments), or in a fully United States Government-insured account, and
6  shall collect and reinvest all interest accrued thereon. Any funds held in escrow
7  up to $250,000 may be held in a bank account insured to the extent possible by the
8  FDIC. Interest earned on the money deposited into the Escrow Account shall be
9  part of the Gross Settlement Fund.

10        5. The Notice and Administration Expenses shall be paid from the
11 Gross Settlement Fund. In order to pay Notice and Administration Expenses,
12 $100,000 shall be withdrawn from the Gross Settlement Fund and deposited into a
13 Notice and Administration Account upon the entry of the Preliminary Approval
14 Order. Any monies from the Notice and Administration Account that remain after
15 administration shall be returned to the Net Settlement Fund. The Notice and
16 Administration Account may be drawn upon by Lead Plaintiffs' Counsel for
17 Notice and Administration Expenses. The Notice and Administration Account
18 shall be administered solely by the Escrow Agent. Any taxes or other expenses
19 incurred in connection with the Notice and Administration Account shall be paid
20 from the Notice and Administration Account or from the remainder of the Gross
21 Settlement Fund. The Released Parties shall not have any obligation for payment
22 of taxes or other expenses associated with the Notice and Administration Account.
23 Notice and Administration Expenses in excess of $100,000 shall not be paid out of
24 the Gross Settlement Fund until after the Effective Date. In no event shall an
25 amount more than the Settlement Amount be paid for Notice and Administration
26 Expenses, and in no event shall the Released Parties be responsible to pay any
27 amount for Notice and Administration Expenses.

28

WEST\270566742.3

6. After the Effective Date, the Released Parties shall have no interest in the Gross Settlement Fund or in the Net Settlement Fund. The Released Parties shall not be liable for the loss of any portion of the Settlement Fund, nor have any liability, obligation, or responsibility for the payment of claims, taxes, legal fees, or any other expenses payable from the Gross Settlement Fund.

### D. ADMINISTRATION AND CALCULATION OF CLAIMS, FINAL AWARDS, AND DISTRIBUTION OF NET SETTLEMENT FUND

1.     The Claims Administrator shall administer and calculate the claims that shall be allowed and oversee distribution of the Net Settlement Fund, under the supervision of Lead Plaintiffs' Counsel, and subject to appeal to, and jurisdiction of, the Court. The Released Parties shall have no liability, obligation, or responsibility for the administration of the Gross Settlement Fund or Net Settlement Fund, or for the distribution of the Net Settlement Fund.

2.     Except as otherwise provided below, on and after the Effective Date, the Gross Settlement Fund shall be applied as follows:

a.     To the extent not paid from the Notice and Administration Account, to pay following an order of the Court approving any such payment, the expenses incurred in connection with providing notice to Settlement Class Members, administering and distributing the Net Settlement Fund to Settlement Class Members, processing Proofs of Claim, processing requests for exclusion, escrow fees and costs, and any applicable taxes;

b.     Subject to the approval and further order(s) of the Court, the Net Settlement Fund shall be allocated to Authorized Claimants as set forth in paragraph F. below.

    c.      After the Claims Administrator calculates the recognized losses of each Authorized Claimant, Lead Plaintiffs' Counsel shall file a motion for distribution of the Settlement Fund with the Court listing each Authorized Claimant, the amount of each claim that Lead Plaintiffs' Counsel believes should be allocated and distributed to each such Authorized Claimant, accounting for all Notice and Administration Expenses, and requesting Court approval to distribute the Settlement Fund to the Authorized Claimants and pay any further Notice and Administration expenses.

    3.      Each Settlement Class Member wishing to participate in the Settlement shall be required to submit a Proof of Claim and Release (in substantially the form set forth in Exhibit A-4 to the Preliminary Approval Order, which *inter alia* releases all Settled Claims against all Released Parties), signed under penalty of perjury by the beneficial owner(s) of the securities that are the subject of the Proof of Claim and Release, or by someone with documented authority to sign for the beneficial owners and supported by such documents as specified in the instructions accompanying the Proof of Claim and Release.

    4.      All Proofs of Claim must be postmarked or received within the time prescribed in the Preliminary Approval Order unless otherwise ordered by the Court. Any Settlement Class Member who fails to submit a properly completed Proof of Claim within such period as shall be authorized by the Court shall be forever barred from receiving any payments pursuant to this Stipulation or from the Net Settlement Fund (unless Lead Plaintiffs' Counsel in its discretion deems such late filing to be a formal or technical defect, or unless by Order of the Court a later submitted Proof of Claim by such Settlement Class Member is approved), but will in all other respects be subject to the provisions of this Stipulation and Order and Final Judgment, including, without limitation, the release of the Settled Claims and dismissal of the Litigation. Each Proof of Claim shall be deemed to

17

WEST\270566742.3

1   have been submitted when posted if received with a postmark indicated on the
2   envelope and if mailed by first-class mail and addressed in accordance with the
3   instructions thereon. In all other cases, the Proof of Claim shall be deemed to have
4   been submitted when actually received by the Claims Administrator.

5          5.      Each Proof of Claim shall be submitted to the Claims
6   Administrator who shall determine, under the supervision of Lead Plaintiffs'
7   Counsel, in accordance with this Stipulation and any applicable orders of the
8   Court, the extent, if any, to which each claim shall be allowed, subject to appeal to
9   the Court.

10         6.      Lead Plaintiffs' Counsel shall have the right, but not the
11  obligation, to waive what they deem to be formal or technical defects in any
12  Proofs of Claim filed, where doing so is in the interest of achieving substantial
13  justice.

14         7.      Proofs of Claim that do not meet the filing requirements may
15  be rejected.  Prior to rejection of a Proof of Claim, the Claims Administrator shall
16  communicate with the Claimant in order to remedy curable deficiencies in the
17  Proof of Claim submitted. The Claims Administrator, under the supervision of
18  Lead Plaintiffs' Counsel, shall notify in a timely fashion and in writing, all
19  Claimants whose Proofs of Claim they propose to reject in whole or in part, setting
20  forth the reasons thereof, and shall indicate in such notice that the Claimant whose
21  claims are to be rejected has the right to review by the Court if the Claimant so
22  desires and complies with the requirement of paragraph D.8. below.

23         8.      If any Claimant whose claim has been rejected in whole or in
24  part desires to contest such rejection, the Claimant must, within twenty (20) days
25  after the date of mailing of the notice required by paragraph D.7. above, serve
26  upon the Claims Administrator a notice and statement of reasons indicating the
27  Claimant's ground for contesting the rejection along with any supporting

28

18

documentation, and requesting a review thereof by the Court. If a dispute concerning a claim cannot be otherwise resolved, Lead Plaintiffs' Counsel shall thereafter present the request for review to the Court.

9.      The administrative determination of the Claims Administrator accepting and rejecting claims shall be presented to the Court, on notice to the Defendants' Counsel, for approval by the Court in the Settlement Class Distribution Order.

10.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's claim, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's claim. No discovery shall be allowed on the merits of the Litigation or Settlement in connection with processing of the Proofs of Claim.

11.     Payment pursuant to this Stipulation shall be deemed final and conclusive against all Settlement Class Members. All Settlement Class Members whose claims are not approved by the Court shall be barred from participating in distributions from the Net Settlement Fund, but are otherwise bound by all of the terms of the Order and Final Judgment to be entered in the Litigation and the releases provided for herein, and will be barred from bringing any action against the Released Parties arising out of or relating to the Settled Claims.

12.     All proceedings with respect to the administration, processing, and determination of claims described by this paragraph of this Stipulation and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court.

WEST\270566742.3

13.    The Net Settlement Fund shall be distributed to Authorized Claimants by the Claims Administrator upon application to the Court by Lead Plaintiffs' Counsel for a Settlement Class Distribution Order only after all of the following having occurred:  (i) the Effective Date;  (ii) all claims have been processed, and all Claimants whose claims have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to be heard concerning such rejection or disallowance; (iii) all objections with respect to all rejected or disallowed claims have been resolved by the Court, and all appeals therefrom have been resolved or the time therefor has expired; (iv) all matters with respect to Attorneys' Fees and Expenses, costs, and disbursements have been resolved by the Court, and all appeals therefrom have been resolved or the time therefor has expired; and (v) all costs of administration have been paid.

14. If any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund one (1) year after the initial distribution of such funds shall, if economically feasible, be re-distributed, after payment of any Taxes and unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution, to Authorized Claimants who have cashed their checks and who would receive at least $10.00 from such re-distribution. Lead Plaintiffs' Counsel shall, if economically feasible, continue to reallocate any further balance remaining in the Net Settlement Fund after the redistribution is completed among Authorized Claimants in the same manner and time frame as provided for above.  In the event that Lead Plaintiffs' Counsel determines that further redistribution of any balance remaining (following the initial distribution and redistribution) is no longer economically feasible, thereafter

WEST\270566742.3

1  Lead Plaintiffs' Counsel shall donate the remaining funds, if any, to the Arizona
2  Foundation for Legal Services and Education or any not-for-profit successor of it.
3      15.    This is not a claims-made settlement.  If all conditions of the
4  Stipulation are satisfied and the Settlement becomes Final, no portion of the Gross
5  Settlement Fund will be returned to the Defendants or their insurance carriers for
6  any reason, including without limitation, the number of Proofs of Claims filed, the
7  collective amount of recognized losses of Authorized Claimants, the percentage of
8  recovery of losses, or the amounts to be paid to Authorized Claimants from the
9  Net Settlement Fund.
10      16.    Before the Effective Date, Lead Plaintiffs' Counsel shall file
11  with the Court a declaration under penalty of perjury describing how notice of the
12  Settlement was given to the Settlement Class and listing the names and addresses
13  of all persons to whom individual notice of the Settlement was mailed.
14
15  **E. TAX TREATMENT**
16      1.    The Parties agree to treat the Gross Settlement Fund as being
17  at all times a qualified settlement fund within the meaning of Treasury Regulation
18  § 1.468B-1 and Section 468B of the Internal Revenue Code, as amended, for the
19  taxable years of the Gross Settlement Fund, beginning with the date it is created.
20  In addition, the Escrow Agent and, as required, the Settling Parties, shall jointly
21  and timely make such elections as are necessary or advisable to carry out the
22  provisions of this paragraph, including the "relation-back election" (as defined in
23  Treas. Reg. § 1.468B-1(j)(2)) back to the earliest permitted date. Such elections
24  shall be made in compliance with the procedures and requirements contained in
25  such regulations. It shall be the responsibility of Lead Plaintiffs' Counsel to timely
26  and properly prepare and deliver the necessary documentation for signature by all
27  necessary parties, and thereafter to cause the appropriate filing to occur.
28

WEST\270566742.3

2.    For purposes of Section 468B of the Internal Revenue Code, as amended, and the regulations promulgated thereunder, the "administrator" shall be Lead Plaintiffs' Counsel.  Lead Plaintiffs' Counsel, or its designated agent the Claims Administrator, shall timely and properly file all tax returns necessary or advisable with respect to the Gross Settlement Fund, and make all required tax payments, including deposits of estimated tax payments in accordance with Treas. Reg. § 1.468B-2(k). Such returns (as well as the election described in paragraph E.1. hereof) shall be consistent with this paragraph and reflect that all taxes (including any interest or penalties) on the income earned by the Gross Settlement Fund shall be paid out of the Gross Settlement Fund as provided in paragraph E.3. hereof.

3.    All (i) taxes (including any interest or penalties) arising with respect to the income earned by the Gross Settlement Fund, including any taxes or tax detriments that may be imposed upon the Defendants with respect to any income earned by the Gross Settlement Fund for any period during which the Gross Settlement Fund does not qualify as a qualified settlement fund for Federal or state income tax purposes ("Taxes"); and (ii) expenses and costs incurred in connection with the operation and implementation of this paragraph (including, without limitation, expenses of tax attorneys and/or accountants, and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this paragraph) ("Tax Expenses"), shall be paid out of the Gross Settlement Fund. In all events, the Released Parties shall have no liability for Taxes or the Tax Expenses, and Lead Plaintiffs and Lead Plaintiffs' Counsel agree to indemnify and hold the Released Parties harmless for Taxes and Tax Expenses. Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid by the Escrow Agent out of the Gross Settlement Fund without prior order from the Court. The Escrow

1  Agent shall be obligated (notwithstanding anything herein to the contrary) to
2  withhold from distribution to the Settlement Class Members any funds necessary
3  to pay such Taxes and Tax Expenses, including the establishment of adequate
4  reserves for any Taxes and Tax Expenses (as well as any amounts that may be
5  required to be withheld under Treas. Reg. § 1468B-2(l)(2)). The Released Parties
6  shall have no responsibility or liability therefor. The Settling Parties hereto agree
7  to cooperate with the Escrow Agent, each other, and their tax attorneys and
8  accountants to the extent reasonably necessary to carry out the provisions of this
9  paragraph.

## F. ALLOCATION OF NET SETTLEMENT FUND

1. The Plan of Allocation is based upon Lead Plaintiffs' Counsel's assessment of the merits and the relative strengths and weaknesses, including recoverable damages, of the claims of the Settlement Class Members.

2. The Defendants do not and shall not take any position as to the proposed Plan of Allocation.

3. The Released Parties shall have no responsibility for and no obligations or liabilities of any kind whatsoever in connection with the determination, administration, calculation, or payment of claims to Settlement Class Members.

4. The Defendants shall have no involvement in the solicitation of, or review of Proofs of Claim, or involvement in the administration process itself, which shall be conducted by the Claims Administrator in accordance with this Stipulation and the Order and Final Judgment to be entered by the Court. No Claimant or Authorized Claimant shall have any claim against the Released Parties or their counsel based on, or in any way relating to, the distributions from either the Gross Settlement Fund or the Net Settlement Fund.

WEST\270566742.3

5.      No Authorized Claimant shall have any claim against Lead Plaintiffs' Counsel or the Claims Administrator based on, or in any way relating to, the distributions from the Net Settlement Fund that have been made substantially in accordance with this Stipulation and any applicable orders of the Court.

6.      Any change in the allocation of the Net Settlement Fund ordered by the Court shall not affect the validity or finality of this Settlement.

## G. OBLIGATIONS OF AND LIMITATIONS OF LIABILITY OF ESCROW AGENT

The Escrow Agent shall not be responsible for the payment of any sums due to Authorized Claimants or other Persons, except to the extent of maintaining account of and properly paying sums as required by this Stipulation to the limited extent that such sums have been delivered into the Escrow Account or Notice and Administration Account as required by this Stipulation. The Escrow Agent shall be liable only for acts of gross negligence or willful misconduct.

## H. LEAD PLAINTIFFS' COUNSEL'S REQUEST FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES

1.      Lead Plaintiffs' Counsel intends to submit an application to the Court, on notice to counsel for the Defendants, for the payment of Attorneys' Fees and Expenses, including: (i) an award of attorneys' fees up to one-third of the Settlement Amount; and (ii) reimbursement of litigation costs and expenses, plus interest, including fees and expenses of experts, incurred in connection with the prosecution of the Litigation.

2.      Any attorneys' fees and costs awarded by the Court shall be paid from the Gross Settlement Fund within two business days after the Court

24

1  executes an order awarding such fees and expenses. Lead Plaintiffs' Counsel may
2  thereafter allocate the attorneys' fees among other Plaintiffs' counsel in a manner
3  in which Lead Plaintiffs' Counsel in good faith believe reflects the contributions
4  of such counsel to the initiation, prosecution, and resolution of the Litigation. If,
5  and when, as a result of any appeal and/or further proceedings on remand, or
6  successful collateral attack, the Attorneys' Fee and Expense award is overturned
7  or lowered, or if the settlement is terminated or is not approved by the Court, or if
8  there is an appeal and any order approving the settlement does not become final
9  and binding upon the Class, then, within ten (10) business days from receiving
10 notice from Defendants' counsel or from a court of appropriate jurisdiction, Lead
11 Plaintiffs' Counsel shall refund to the Settlement Fund such fees and expenses
12 previously paid to them from the Settlement Fund plus interest thereon at the same
13 rate as earned on the Settlement Fund in an amount consistent with such reversal
14 or modification. Each such Plaintiffs' counsel's law firm receiving fees and
15 expenses, as a condition of receiving such fees and expenses, on behalf of itself
16 and each partner and/or shareholder of it, agrees that the law firm and its partners
17 and/or shareholders are subject to the jurisdiction of the Court for the purpose of
18 enforcing the provisions of this paragraph.

19         3.     Lead Plaintiffs' Counsel waives the right to make an
20 additional application or applications for payment from the Gross Settlement Fund
21 for fees and expenses incurred after the Settlement Hearing. The other Settling
22 Parties shall take no position on any application concerning Lead Plaintiffs'
23 Counsel's request or award of attorneys' fees and reimbursement of expenses, or
24 Award to Lead Plaintiffs.

25         4.     It is agreed that the procedure for and the allowance or
26 disallowance by the Court of any applications by Lead Plaintiffs' Counsel for
27 Attorneys' Fees and Expenses, including fees for experts and consultants to be

28

WEST\270566742.3

1  paid out of the Gross Settlement Fund, and any order or proceeding relating
2  thereto, shall not operate to terminate or cancel this Stipulation or affect its
3  finality, and shall have no effect on the terms of this Stipulation or on the
4  enforceability of this Settlement.

6  ## I. THE PRELIMINARY APPROVAL ORDER

7      1.    Promptly after execution of this Stipulation, the Defendants
8  and Lead Plaintiffs shall submit the Stipulation together with its exhibits to the
9  Court and shall jointly apply for entry of a Preliminary Approval Order in
10 connection with settlement proceedings substantially in the form annexed hereto
11 as Exhibit A, providing for, among other things, preliminary approval of the
12 Settlement and notice to the Settlement Class of the Settlement Hearing. The
13 Preliminary Approval Order (Exhibit A hereto) to be submitted to the Court shall
14 contain exhibits substantially in the form set forth in:  (i) the Postcard Notice of
15 Proposed Settlement ("Postcard Notice") (Exhibit A-1) to the Preliminary
16 Approval Order; (ii) the Notice of Pendency and Proposed Settlement of Class
17 Action (the "Long Form Notice") (Exhibit A-2 to the Preliminary Approval
18 Order); (iii) the Summary Notice of Pendency and Settlement of Class Action
19 ("Summary Notice") (Exhibit A-3 to the Preliminary Approval Order); and (iv) the
20 Proof of Claim and Release (Exhibit A-4 to the Preliminary Approval Order).

21     2.    The Released Parties are not liable or responsible for the
22 method of, or representations made in, the Notice or the Summary Notice.

23     3.    Within fourteen (14) business days after the Court enters the
24 Preliminary Approval Order, the Settling Defendants shall assist the Claims
25 Administrator in obtaining, from AudioEye's transfer agent, records of ownership
26 in electronic form (if available, and at no cost to the Gross Settlement Fund,
27 Plaintiffs' Lead Counsel or the Claims Administrator) sufficient to identify Class

28

1  Members.   Plaintiffs and the Claims Administrator agree to maintain this
2  information in confidence and only for the purpose of administering this
3  settlement, and will destroy it when allocation of funds to Class Members is
4  complete.
5
6  ## J.  ORDER AND FINAL JUDGMENT TO BE ENTERED BY THE
7  ## COURT APPROVING THE SETTLEMENT
8  The Defendants and Lead Plaintiffs shall seek to have the Court enter an
9  Order and Final Judgment substantially in the form of Exhibit B hereto.
10
11  ## K. CONDITIONS OF SETTLEMENT
12  1.  The Effective Date of the Settlement shall be conditioned upon the
13  occurrence of ALL of the following events:
14  a.  The Court shall enter the Preliminary Approval Order in all
15  material respects, as required by paragraph I. above;
16  b.  No party shall have exercised within the required time
17  period any right to terminate the Settlement as permitted by paragraph L below;
18  c.  The Court shall enter the Order and Final Judgment in all
19  material respects, as required by paragraph J. above;
20  d.  The Court's Order and Final Judgment, substantially in the
21  form of Exhibit B, shall have become "Final," as defined in paragraph A.10.; and
22  e.  The sum of $1,525,000.00 (One Million, Five Hundred and
23  Twenty-Five Thousand Dollars) shall have been paid, as set forth in paragraph
24  C.1. above.
25  2.  Upon occurrence of ALL of the events referenced in paragraph
26  K.1. above, Lead Plaintiffs shall have, and each and all of the members of the
27  Settlement Class shall hereby be deemed to have, and by operation of the Order
28

WEST\270566742.3

and Final Judgment shall have, fully, finally, and forever, released, settled, and discharged, in accordance with the terms of paragraph B. above, the Released Parties from and with respect to the Settled Claims, whether or not such members of the Settlement Class execute and deliver a Proof of Claim.

3. Upon occurrence of ALL of the events referenced in paragraph K.1. above, the obligation of the Escrow Agent to return funds from the Gross Settlement Fund to the Defendants' insurer pursuant to paragraph L.4. or any other provision hereof shall be absolutely and forever extinguished.

## L. RIGHTS OF TERMINATION AND EFFECTS THEREOF

1. The Defendants and Lead Plaintiffs shall each have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to all other counsel of the Settling Parties within thirty (30) days after the date on which any of the following occurs:

a. the Court issues an order declining to enter the Preliminary Approval Order in any material respect;

b. the Court issues an order declining to approve this Stipulation or any material part of it;

c. the Court declines to enter the Order and Final Judgment in all material respects as required by paragraph J. above;

d. the Order and Final Judgment is modified or reversed in any material respect by a Court of Appeals or the United States Supreme Court; or

e. in the event that the Court enters an order and final judgment in a form other than that provided above (an "Alternative Judgment") and none of the Settling Parties elects to terminate this Settlement, the date that such Alternative Judgment is modified or reversed in any material respect by a Court of Appeals or the Supreme Court.

2. If prior to the Settlement Hearing, (i) Persons who otherwise would be Settlement Class Members have filed with the Court valid and timely requests for exclusion ("Requests for Exclusion") from the Settlement Class in accordance with the provisions of the Preliminary Approval Order and the notice given pursuant thereto, and such Persons in the aggregate purchased stock during the Settlement Class Period in an amount greater than the sum specified in a separate Supplemental Agreement between the Settling Parties, or (ii) Persons file lawsuits alleging fraud in connection with the purchase of more than the figure specified in the Supplemental Agreement, Defendants shall have the option to terminate this Stipulation in accordance with the procedures set forth in the Supplemental Agreement. The Supplemental Agreement shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Long Form Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless and until a dispute arises among the Settling Parties concerning its interpretation or application. If submission of the Supplemental Agreement is required for resolution of a dispute or is otherwise ordered by the Court, the Settling Parties will undertake to have the Supplemental Agreement submitted to the Court *in camera*. Copies of all requests for exclusion received and copies of all written revocations of requests for exclusion received shall be sent to counsel for the Parties within a reasonable time of receipt by the Claims Administrator, and in any event not less than seven (7) business days before the Settlement Hearing. If a Settling Defendant exercises the Opt-out Termination Option as provided herein, this Stipulation shall be null and void, and the provisions of paragraph L. hereof shall apply.

3. If the Settlement Amount payable pursuant to paragraph C.1. of this Stipulation is not paid, then the Lead Plaintiffs, in their sole discretion, may elect, at any time prior to the Court's entering the Order and Final Judgment, (a) to

terminate the Settlement by providing written notice to the Settling Parties; or (b) to enforce the terms of the Settlement and this Stipulation and seek a judgment effecting the terms herein.

4. Upon termination of the Stipulation pursuant to the terms of the Stipulation, the Escrow Agent shall refund the Gross Settlement Fund, less amounts already expended for notice to the Settlement Class pursuant to the terms of the Stipulation and any expenses already incurred and properly chargeable to the Notice and Administration Account pursuant to this Stipulation at the time of such termination or cancellation, but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation, to the Defendants' insurer within ten (10) business days thereafter (the "Returned Settlement Amount").

5. If this Stipulation is terminated pursuant to its terms, and at the request of any Defendant or Lead Plaintiff, the Escrow Agent or his designee shall apply for any tax refund owed to the Gross Settlement Fund and pay the percentage of the proceeds of the tax refund, after deduction of any fees and expenses incurred in connection with such application(s) for refund, to the Defendants' insurer.

6. If this Stipulation is terminated pursuant to its terms, all of the Settling Parties shall be deemed to have reverted to their respective status prior to the execution of this Stipulation, and they shall proceed in all respects as if this Stipulation had not been executed and the related orders had not been entered, preserving in that event all of their respective claims and defenses in the Litigation, and shall revert to their respective positions in the Litigation, except that the provisions of paragraphs E.1-3., G, and L.4-7. shall survive termination.

7. No order of the Court or modification or reversal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees,

WEST\270566742.3

1  costs, and expenses awarded by the Court shall constitute grounds for cancellation
2  or termination of the Stipulation.

3

4  ## M. MISCELLANEOUS PROVISIONS

5         1.      The Settling Parties: (a) acknowledge that it is their intent to
6  consummate the Settlement contemplated by this Stipulation and the Supplemental
7  Agreement; (b) agree to cooperate to the extent necessary to effectuate and
8  implement all terms and conditions of this Stipulation and the Supplemental
9  Agreement; and (c) agree to exercise their best efforts and to act in good faith to
10  accomplish the foregoing terms and conditions of the Stipulation and the
11  Supplemental Agreement.

12         2.      The Settling Parties acknowledge and warrant as follows:

13                a. By executing this Stipulation and the Supplemental
14  Agreement, each of the Settling Parties represents that they have carefully read
15  and fully understand this Stipulation and the Supplemental Agreement and its final
16  and binding effect;

17                b. By executing this Stipulation and the Supplemental
18  Agreement, each of the Settling Parties represents that they have the right, legal
19  capacity, power and authority to enter into this Stipulation and the Supplemental
20  Agreement and to perform their obligations hereunder, without the consent,
21  approval, or authorization of any person, board, entity, tribunal, or other regulatory
22  or governmental authority;

23                c. By executing this Stipulation and the Supplemental
24  Agreement, each of the Settling Parties represents that the execution and delivery
25  of this Stipulation and the Supplemental Agreement and the performance of each
26  and every obligation in this Stipulation and the Supplemental Agreement do not
27  and will not result in a breach of or constitute a default under, or require any

28

WEST\270566742.3

1  consent under, any duty, relationship, contract, agreement, covenant, promise,
2  guarantee, obligation or instrument to which the executing Settling Party is a party
3  or by which the executing Settling Party is bound or affected.

4      d.  By executing this Stipulation and the Supplemental
5  Agreement, each of the Settling Parties represents that there is no demand for
6  monetary, non-monetary, or injunctive relief, or any civil, criminal, administrative,
7  or arbitration proceeding for monetary, non-monetary, or injunctive relief known
8  or suspected to exist against them that would affect this Stipulation or their ability
9  to enter into, execute or perform each and every obligation in this Stipulation.

10      e.  By executing this Stipulation and the Supplemental
11  Agreement, each of the Settling Parties represents that no representations or
12  promises of any kind or character have been made by any other Settling Party,
13  Released Party, or anyone else to induce the execution of this Stipulation except as
14  expressly provided herein.

15      f.  By executing this Stipulation and the Supplemental
16  Agreement, each of the Settling Parties represents that this Stipulation and the
17  Supplemental Agreement is fair and is executed voluntarily, with full knowledge
18  of the consequences and implications of the obligations contained herein.

19      g.  By executing this Stipulation and the Supplemental
20  Agreement, each of the Settling Parties represents that this Stipulation is not the
21  result of any fraud, duress, or undue influence, and that they have not assigned,
22  transferred, or conveyed or purported to assign, transfer, or convey, voluntarily,
23  involuntarily or by operation of law, any or all of their respective rights and
24  claims.

25      h.  By executing this Stipulation and the Supplemental
26  Agreement, each of the Settling Parties represents that they have had the
27  opportunity to be represented by counsel of their choice that is duly licensed to

28

1  practice in the State of Arizona throughout the negotiations which preceded the
2  execution of this Stipulation and in connection with the preparation and execution
3  of this Stipulation.

4          i. By executing this Stipulation and the Supplemental
5  Agreement, each of the Settling Parties represents that they have been afforded
6  sufficient time and opportunity to review this Stipulation and the Supplemental
7  Agreement with advisors and counsel of their choice.

8          3.     All of the exhibits attached hereto are hereby incorporated by
9  reference as though fully set forth herein.

10         4.     No amendment or modification of this Stipulation and the
11 Supplemental Agreement shall be effective unless in writing and signed by the
12 Settling Parties or their successors-in-interest.

13         5.     This Stipulation, the exhibits attached hereto, and the
14 Supplemental Agreement constitute the entire agreement among the Settling
15 Parties, and no representations, warranties, or inducements have been made to any
16 Settling Party concerning this Stipulation or its exhibits and the Supplemental
17 Agreement, other than the representations, warranties, and covenants contained
18 and memorialized in such documents.

19         6.     Except as otherwise provided herein, each Settling Party shall
20 bear its own costs. Lead Plaintiffs' Counsel's Attorneys' Fees and Expenses,
21 subject to Court approval, shall be paid only out of the Gross Settlement Fund, and
22 the Released Parties shall have no obligation with respect to the payment of said
23 Attorneys' Fees and Expenses.

24         7.     Lead Plaintiffs' Counsel, on behalf of the Settlement Class, is
25 expressly authorized to take all appropriate action required or permitted to be
26 taken by the Settlement Class pursuant to this Stipulation to effectuate its terms
27
28

1   and is also expressly authorized to enter into any modifications or amendments to
2   this Stipulation on behalf of the Settlement Class.

3           8.    The persons signing this Stipulation represent that they are
4   authorized to do so on behalf of their respective clients.

5           9.    This Stipulation may be executed in one or more original,
6   photocopied, or facsimile counterparts. All executed counterparts and each of
7   them shall be deemed to be one and the same instrument. The Settling Parties shall
8   exchange among themselves original signed counterparts of this Stipulation and
9   the Supplemental Agreement, and a complete set of executed counterparts of this
10   Stipulation shall be filed with the Court.

11          10.    This Stipulation and the Supplemental Agreement shall be
12   binding upon, and inure to the benefit of, the successors, assigns, executors,
13   administrators, heirs, and legal representatives of the Settling Parties. No
14   assignment shall relieve any party hereto of any obligations hereunder.

15          11.    All terms of this Stipulation and all exhibits hereto and the
16   Supplemental Agreement shall be governed and interpreted according to the laws
17   of the State of Arizona without regard to its rules of conflicts of law, except to the
18   extent that federal law requires that federal law governs, and in accordance with
19   the laws of the United States.

20          12.    The Lead Plaintiffs, on behalf of themselves and each member
21   of the Settlement Class, and the other Settling Parties hereby irrevocably submit to
22   the jurisdiction of the Court for any suit, action, proceeding, or dispute arising out
23   of or relating to this Stipulation and the Supplemental Agreement, the applicability
24   of this Stipulation and the Supplemental Agreement, or the enforcement of this
25   Stipulation and the Supplemental Agreement. The administration and
26   consummation of the Settlement as embodied in this Stipulation and the
27   Supplemental Agreement shall be under the authority of the Court, and the Court

28

1  shall retain jurisdiction for the purpose of entering orders providing for awards of

2  Attorneys' Fees and Expenses to Lead Plaintiffs' Counsel and enforcing the terms

3  of this Stipulation.

4       13.    None of the Settling Parties shall be considered to be the

5  drafter of this Stipulation or any provision hereof for purposes of any statute, case

6  law, or rule of interpretation or construction that would or might cause any

7  provision to be construed against the drafter hereof. Because of the arm's-length

8  negotiations that preceded the execution of this Stipulation, all Settling Parties

9  have contributed substantially and materially to the preparation of this Stipulation.

10       14.    Neither this Stipulation and the Supplemental Agreement, nor

11  the fact of the Settlement, is an admission or concession by any Settling Defendant

12  of any liability or wrongdoing whatsoever. This Stipulation shall not constitute a

13  finding of the validity or invalidity of any claims in the Litigation or of any

14  wrongdoing by any Defendant named therein. This Stipulation, the fact of

15  settlement, the settlement proceedings, the settlement negotiations, and any related

16  documents, shall not be used or construed as an admission of any fault, liability, or

17  wrongdoing by any person or entity.

18       15.    The Settling Parties intend the Settlement to be a final and

19  complete resolution of all claims and disputes asserted or that could be asserted by

20  the Settlement Class Members against the Released Parties with respect to the

21  Settled Claims. Accordingly, unless the Court's Order and Final Judgment

22  approving the Settlement does not become Final, the Settling Parties agree not to

23  assert in any forum that the Litigation was brought by Lead Plaintiffs or defended

24  by the Defendants in bad faith or without a reasonable basis. Additionally, the

25  Settling Parties shall not assert any claims of any violation of Rule 11 of the

26  Federal Rules of Civil Procedure relating to the prosecution, defense, or settlement

27  of the Litigation or otherwise seek reimbursement or shifting of attorneys' fees or

28

other costs associated with this Litigation. The Settling Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's-length in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

16.    The headings in this Stipulation are used for purposes of convenience and ease of reference only and are not meant to have any legal effect, nor are they intended to influence the construction of this Stipulation in any way.

17.    The waiver of one Settling Party of any breach of this Stipulation by any other Settling Party shall not be deemed a waiver of any other breach of this Stipulation.  The provisions of this Stipulation may not be waived except by a writing signed by the affected Settling Party or counsel for that Settling Party. No failure or delay on the part of any Settling Party in exercising any right, remedy, power, or privilege under this Stipulation shall operate as a waiver thereof or of any other right, remedy, power, or privilege of such Settling Party under this Stipulation; nor shall any single or partial exercise of any right, remedy, power, or privilege under this Stipulation on the part of any Settling Party operate as a waiver thereof or of any other right, remedy, power, or privilege of such Settling Party under this Stipulation, or preclude further exercise thereof or the exercise of any other right, remedy, power, or privilege.

18.    The Settling Parties agree that nothing contained in this Stipulation shall cause any Settling Party to be the agent or legal representative of another Settling Party for any purpose whatsoever, nor shall this Stipulation be deemed to create any form of business organization between the Settling Parties, nor is any Settling Party granted any right or authority to assume or create any obligation or responsibility on behalf of any other Settling Party, nor shall any Settling Party be in any way liable for any debt of another Settling Party as a result of this Stipulation except as explicitly set forth herein.

WEST\270566742.3

19.    The Settling Parties hereby stipulate to certification of the Class, pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, solely for purposes of this Settlement.  The certification of the Class shall be binding only with respect to the Settlement and only if the judgment becomes Final.

20.    The Settling Parties reserve the right, subject to the Court's approval, to make any reasonable extensions of time that might be necessary to carry out any of the provisions of this Stipulation.

21.    Upon receiving any objections to the Settlement or requests for exclusion pursuant to the Long Form Notice, the Claims Administrator shall promptly provide Plaintiffs' Lead Counsel and Defendants' Counsel copies of those objections to the Settlement or requests for exclusion.

22.    To the extent that Defendants determine to provide notice under the provisions of the Class Action Fairness Act of 2005, 28 U.S.C. §1715, Defendants alone shall bear that expense, as well as the responsibility of providing such notice.

IN WITNESS WHEREOF, the Settling Parties hereto, intending to be legally bound hereby, have caused this Stipulation to be executed, by their duly authorized attorneys, as of the day and year first above written.

KIRBY McINERNEY LLP

_____
Ira M. Press, Esq.
Mark Strauss, Esq.
825 Third Avenue, 16th Floor
New York, New York 10022
(212) 371-6600

*Attorneys for Lead Plaintiffs*

1
2
3   DLA PIPER LLP (US)
4
5
6
7   Perrie M. Weiner, Esq.
    Robert D. Weber, Esq.
8   2000 Avenue of the Stars
9   Suite 400 North Tower
    Los Angeles, CA 90067-6023
10  (310) 595-3000
11  *Attorneys for Defendants AudioEye, Inc. and Nathaniel Bradley*
12
13
14
15  Sichenzia, Ross Ference Kesner LLP
16  SICHENZIA ROSS FERENCE KESNER LLP
17
18
19
20  Mendy Piekarski, Esq.
21  61 Broadway, 32nd Floor
    New York, NY 10006
22  (212) 930-9700
23  *Attorneys for Defendant Edward O'Donnell*
24
25
26
27
28

38

Stipulation of Settlement - Case No. 4:15-cv-00163-DCB

WEST\270566742.3

Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

------------------------------------------------X

No. 4:15-cv-00163-DCB

IN RE AUDIOEYE, INC. SECURITIES
LITIGATION

**[PROPOSED] ORDER
PRELIMINARILY
APPROVING SETTLEMENT
AND PROVIDING FOR
NOTICE**

**Exhibit A**

Hearing Date: _____, 201_
Time:  10:00 a.m.
Judge:  Hon David Bury

------------------------------------------------X

WHEREAS, (i) Lead Plaintiffs Globis Capital Partners, L.P. and Globis Overseas Fund Ltd ("Lead Plaintiffs"), on behalf of themselves and the putative Class, and (ii) Defendants AudioEye, Inc. ("AudioEye"), Nathaniel Bradley and Edward O'Donnell (collectively, "Defendants"), by and through their respective counsel, have entered into a Stipulation of Settlement, dated December 13, 2016 (the "Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the

terms and conditions for the proposed settlement of the claims alleged in this Litigation; and

WHEREAS, the Court having read and considered the Stipulation, the "Postcard Notice of Proposed Settlement" ("Postcard Notice"), the proposed "Notice of Pendency and Proposed Settlement of Class Action" ("Long Form Notice"), the proposed "Summary Notice of Pendency and Proposed Class Action Settlement" ("Summary Notice"), the proposed Plan of Allocation to the Net Settlement Fund among Settlement Class Members, the proposed form of the Proof of Claim and Release ("Proof of Claim"), the proposed form of Order and Final Judgment, and submissions made relating thereto, and finding that substantial and sufficient grounds exist for entering this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED, this _____ day of _____, 201_, that:

1.  Capitalized terms used herein have the meanings defined in the Stipulation.

2.  The Court preliminarily approves the Settlement of the Litigation as set forth in the Stipulation, subject to the right of any Settlement Class Member to challenge the fairness, reasonableness, and adequacy of the Settlement and to show cause, if any exists, why a final judgment dismissing the Litigation based on the Stipulation should not be entered, and subject to further consideration of such matters by the Court at the hearing on final approval of the Stipulation described below.

3.  The Court provisionally certifies for purposes of effectuating the proposed Settlement set forth in the Stipulation a Settlement Class comprised of all Persons who purchased or otherwise acquired any common stock of AudioEye during the period from May 14, 2014 through and including April 1, 2015, and who were allegedly damaged thereby. Excluded from the Settlement Class are

Defendants, the officers and directors of AudioEye during the Class Period, members of their immediate families and their legal representatives, heirs, successors, or assigns, any entity in which Defendants have or had a controlling interest, and any persons who separately file an action against one or more of Defendants, based in whole or in part on any claim arising out of or relating to any of the alleged acts, omissions, misrepresentations, facts, events, matters, transactions, or occurrences referred to in the Litigation or otherwise alleged, asserted, or contended in the Litigation. Also excluded from the Settlement Class are those persons who file valid and timely requests for exclusion in accordance with the Court's Order of Preliminary Approval of Settlement concerning the Stipulation. This conditional certification of the Settlement Class shall be binding only with respect to the Settlement of the Litigation and shall be withdrawn if the Effective Date does not occur for any reason and/or the Settlement is not consummated according to its terms. By entering into the Stipulation and assenting to entry of this order and the proposed Order and Final Judgment, the Defendants have not waived any rights with respect to any arguments they might make in opposition to a motion for class certification in the event that the Effective Date does not occur and/or the Settlement is not consummated according to its terms.

4. A hearing (the "Final Settlement Hearing") pursuant to Federal Rule of Civil Procedure 23(e) shall be held before the Court on _____ 201_ at _____ __.m. for the following purposes:

      a. to consider whether the Litigation satisfies the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b) for the purpose of effectuating the Settlement;

      b. to finally determine whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

3

c. to finally determine whether the Order and Final Judgment as provided under the Stipulation should be entered, dismissing the Litigation on the merits and with prejudice, and to determine whether the release by the Settlement Class of the Released Parties as set forth in the Stipulation, should be ordered, along with a permanent injunction barring efforts to bring any claims extinguished by the release;

d. to finally determine whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

e. to consider the application of Lead Plaintiffs' Counsel for an award of Attorneys' Fees and Expenses and an Award to Lead Plaintiffs;

f. to consider any Settlement Class Members' objections to the Settlement, whether submitted previously in writing or presented orally at the Final Settlement Hearing by Settlement Class Members (or by counsel on their behalf); and

g. to rule upon such other matters as the Court may deem appropriate.

5.     The Court reserves the right to adjourn the Final Settlement Hearing to a later date and to approve the Settlement with or without modification and with or without further notice of any kind. The Court further reserves the right to enter its Order and Final Judgment approving the Settlement and dismissing the Complaint, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded any Attorneys' Fees and Expenses or Award to Lead Plaintiffs.

6.     The Court reserves the right to approve the Settlement with such modifications as may be agreed upon or consented to by the Settling Parties and without further notice to the Settlement Class where to do so would not impair

Settlement Class Members' rights in a manner inconsistent with Rule 23 and due process of law.

7.      The Court approves the form, substance and requirements of (a) the Postcard Notice, (b) the Long Form Notice, (c) the Summary Notice and (d) the Proof of Claim, which were submitted as exhibits to this Proposed Order.

8.      Lead Plaintiffs' Counsel has the authority to enter into the Stipulation on behalf of the Settlement Class and is authorized to act on behalf of the Settlement Class Members with respect to all acts or consents required by or that may be given pursuant to the Stipulation or such other acts that are reasonably necessary to consummate the Settlement.

9.      Any Settlement Class Member may enter an appearance in the Litigation at his, her or its own expense, individually or through counsel of his, her or its own choice. Settlement Class Members who do not enter appearances shall be represented by Lead Plaintiffs' Counsel. Any Settlement Class Member who anticipates the need and wishes to appeal any aspect of the Stipulation or Settlement should formally move to intervene as a party under Rule 24 of the Federal Rules of Civil Procedure.

10.    JND Legal Administration is approved as the Claims Administrator for the Settlement.

11.    Lead Plaintiffs' Counsel, through the Claims Administrator, shall cause the Postcard Notice, substantially in the form annexed hereto, to be mailed, by United States mail, postage prepaid, no later than fourteen (14) calendar days following receipt of the transfer records report from Defendants to all Settlement Class Members who can be identified with reasonable effort by the Claims Administrator.  No later than five (5) business days after receipt of a request for a copy of the Long Form Notice, the Claims Administrator or Lead Plaintiffs' Counsel shall cause a copy of the Long Form Notice, substantially in the form

annexed hereto as Exhibit A-2, to be mailed by first-class mail, postage prepaid, or emailed to any putative Class Members that makes such a request. Contemporaneously with the mailing of the Postcard Notice, the Claims Administrator and Lead Plaintiffs' Counsel shall cause copies of the Long Form Notice and Proof of Claim, substantially in the forms annexed hereto as Exhibit A-2 and A-4, respectively, to be posted in downloadable form on a website specific to the Settlement, www.audioeyesecuritieslitigation.com, and at www.kmllp.com.

12.     Lead Plaintiffs' Counsel are authorized to establish a Notice and Administration Account (as defined in the Stipulation) of $100,000 (One Hundred Thousand Dollars), to be used for reasonable out-of-pocket costs in connection with providing notice of the Settlement to the Settlement Class and for other reasonable out-of-pocket administrative expenses without further order of the Court. After the Effective Date, additional amounts may be transferred from the Settlement Fund to the Notice and Administration Account and any notice and administration costs in excess of $100,000 shall be paid from the Notice and Administration Account, subject to approval of Lead Plaintiffs' Counsel, without further order of the Court.

13.     AudioEye and any and all issuers, securities firms or transfer agents holding transfer records which indicate the legal owners of AudioEye common stock and/or securities currently or during the Class Period are hereby ordered to produce such transfer records in a usable electronic format to Lead Plaintiffs' Counsel or the Claims Administrator, without any charge to the Gross Settlement Fund, Lead Plaintiffs' Counsel or the Claims Administrator, within fourteen (14) calendar days of receipt of a copy of this Order.

14.     Lead Plaintiffs' Counsel, through the Claims Administrator, shall also make all reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased AudioEye common stock and/or

securities during the Class Period. Within ten (10) calendar days after receiving the Notice, such nominee purchasers are directed to forward the Postcard Notice to their beneficial owners or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners, and in the latter case, the Claims Administrator is ordered to send the Postcard Notice promptly to such beneficial owners. Additional copies of the Postcard Notice shall be made available to any record holder requesting same for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Gross Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Postcard Notice to beneficial owners.

15.    Lead Plaintiffs' Counsel shall, at or before the Final Settlement Hearing, serve upon Defendants' Counsel, and file with the Court, proof of mailing of the Notice and Proof of Claim, both to Settlement Class Members and to nominees.

16.    Lead Plaintiffs' Counsel, through the Claims Administrator, shall cause the Summary Notice to be published electronically once on the *GlobeNewswire* and in print once in the *Investor's Business Daily* within thirty-five (35) calendar days after the entry of this Order. Lead Plaintiffs' Counsel shall, at or before the Final Settlement Hearing, serve upon Defendants' Counsel and file with the Court proof of publication of the Summary Notice.

17.    The forms and methods set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions meet the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Exchange Act, 15 U.S.C. 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all persons and entities entitled thereto. No Settlement Class Member will be relieved from the terms of

the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

18.    In order to be entitled to participate in recovery from the Net Settlement Fund after the Effective Date, each Settlement Class Member shall take the following action and be subject to the following conditions:

a.  A properly completed and executed Proof of Claim must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked no later than ninety (90) calendar days from the date of this Order. Such deadline may be further extended by Order of the Court. Each Proof of Claim shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first-class mail). Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Notice.

b.  The Proof of Claim submitted by each Settlement Class Member must satisfy the following conditions:  (i) it must be properly filled out, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Lead Plaintiffs' Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a

certification of his current authority to act on behalf of the Settlement Class Member must be provided with the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

c. Once the Claims Administrator has considered a timely-submitted Proof of Claim, it shall determine whether such claim is valid, deficient or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined.  Persons who timely submit a Proof of Claim that is deficient or otherwise rejected shall be afforded a reasonable time (at least seven (7) calendar days) to cure such deficiency if it shall appear that such deficiency may be cured.

d. For the filing of and all determinations concerning their Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of the Court.

19.    All Settlement Class Members who do not submit valid and timely Proofs of Claim will be forever barred from receiving any payments from the Net Settlement Fund, but will in all other respects by subject to and bound by the provisions of the Stipulation and the Order and Final Judgment, if entered. Notwithstanding the foregoing, Lead Plaintiffs' Counsel may, in their discretion, accept late-submitted claims for process by the Claims Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

20.    Settlement Class Members shall be bound by all determinations and judgments in the Litigation, whether favorable or unfavorable, unless such persons

request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A Settlement Class Member wishing to make such request shall mail it, in written form, by first class mail, postage prepaid, or otherwise deliver it, so that it is received no later than thirty (30) calendar days prior to the Final Settlement Hearing or _____201_, to the addresses listed in the Notice. Such request for exclusion shall clearly indicate the name, address, phone number and e-mail contact information (if any) of the person seeking exclusion, state that the sender specifically requests to be excluded from the Settlement Class, and must be signed by such person. Such persons requesting exclusion are also required to specify all their purchases and sales of AudioEye common stock and/or securities during the Class Period, including the date, number of shares and price of the shares purchased or sold and include account documentation substantiating such purchases and sales. The request for exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Lead Plaintiffs' Counsel may contact any person or entity filing a request for exclusion, or their attorney if one is designated, to discuss the exclusion. Requests for exclusion must be filed no later than thirty (30) calendar days prior to the Final Approval Hearing.

21.     Settlement Class Members requesting exclusion from the Settlement Class shall not be entitled to receive any payment out of the Net Settlement Fund. The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or the application for Attorneys' Fees and Expenses and any payment to Lead Plaintiff, only if such comments or objections and any supporting papers are served to be received at least twenty-one (21) calendar days prior to the Final Settlement Hearing, upon each of the following:

LEAD PLAINTIFFS' COUNSEL:

Exhibit A

Ira M. Press, Esq.
Mark Strauss, Esq.
Kirby McInerney LLP
825 Third Avenue, 16th Floor
New York, New York 10022
(212) 371-6600


COUNSEL FOR DEFENDANTS AUDIOEYE AND NATHANIEL BRADLEY:
Robert D. Weber, Esq.
DLA Piper LLP (US)
2000 Avenue of the Stars
Suite 400, North Tower
Los Angeles, California, 90067
Tel: 310-595-3000
Fax: 310-595-3300


COUNSEL FOR DEFENDANT EDWARD O'DONNELL:
Mendy Piekarski, Esq.
Sichenzia Ross Ference Kesner LLP
61 Broadway,  32nd Floor
New York, NY 10006
(212) 930-9700


and the objector has (by that same date) filed said objections, papers and briefs, showing due proof of service upon counsel identified above, with the Clerk of the Court, U.S. District Court, District of Arizona, Evo A. DeConcini U.S. Courthouse 405 West Congress Street, Suite 1500 Tucson, AZ 85701-5010. Attendance at the Final Settlement Hearing is not necessary but persons wishing to be heard orally in opposition to the Settlement, the Plan of Allocation, and/or the application for Attorneys' Fees and Expenses or Award to Lead Plaintiffs are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) that they intend to appear at the Final Settlement Hearing and identify

11

any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Final Settlement Hearing. Settlement Class Members do not need to appear at the Final Settlement Hearing or take any other action to indicate their approval. Any Settlement Class Member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement, the Order and Final Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the application for an award of Attorneys' Fees and Expenses and a payment to Lead Plaintiffs.

22.    The Court reserves the right to adjourn the Final Settlement Hearing or any adjournment thereof without any further notice other than entry of an Order on the Court's docket, and to approve the Settlement without further notice to the Settlement Class.

23.    All papers in support of the Settlement, the Plan of Allocation and any application for Attorneys' Fees or Expenses or a payment to Lead Plaintiffs shall be filed and served thirty-five (35) calendar days before the Final Settlement Hearing.

24.    Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Allocation and any application for Attorneys' Fees or Expenses or a payment to Lead Plaintiffs shall be filed no later than seven (7) calendar days prior to the Final Settlement Hearing.

25.    Pending final determination of whether the Settlement should be approved, all Settlement Class Members, and each of them, and anyone acting or purporting to act for any of them, shall be enjoined from prosecuting, attempting to prosecute, or assisting others in the prosecution of, any Settled Claims.   In addition, the Litigation is stayed.

26.    Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Lead Plaintiffs regarding the merits of the claims made in the Litigation. Neither the Stipulation nor any of the terms and provisions of the Settlement set forth therein, nor any statements made, acts performed or documents executed in the negotiation of, pursuant to or in furtherance of the Stipulation or the Settlement:  (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or truth of any of the allegations in the Litigation or the validity of any of the Released Claims, or of any fault, wrongdoing or liability of any of the Settling Defendants and their Related Parties; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Settling Defendants and their Related Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.

27.    In the event the Settlement is not consummated pursuant to its terms, the Stipulation, except as otherwise provided therein, including any amendment(s) thereto, and this Order, shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or referred to in any action or proceedings by any person or entity, and each party shall be restored to his, her or its respective position as it existed before the execution of the Stipulation, pursuant to the terms of the Stipulation, except that any notice and administration costs paid or incurred at the time of termination, and less any taxes paid or payable on the Gross Settlement Fund (including any costs and expenses of tax attorneys and accountants) at the time of termination need not be refunded to Settling Defendants or their insurer funding the Settlement.

28.    The Court retains exclusive and specific jurisdiction over the action to consider all further matters arising out of, or relating to, the Settlement,

Exhibit A

including by way of illustration and not limitation, any dispute concerning any Proof of Claim filed by any Settlement Class Member and any future requests by one or more of the Settling Parties that the Final Order and Judgment, the Release and/or the permanent injunction set forth in the Stipulation be enforced.

29.      All funds held by the Escrow Agent shall be deemed and considered to be in *custodial legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

30.      Neither the Defendants, Released Parties, nor Defendants' counsel shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Plaintiffs' Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

31.      All Taxes, Tax Expenses, and Notice and Administration Expenses shall be paid from the Settlement Fund without further order of the Court in a manner consistent with the provisions of the Stipulation.   In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Lead Plaintiffs nor any of their counsel shall have any obligation to repay any amounts incurred and/or properly disbursed pursuant to the Stipulation.

Exhibit A-1

Important Legal Notice authorized by the United States District Court for the District of Arizona about a Securities Class Action Settlement

**If you purchased or otherwise acquired any common stock of AudioEye, Inc. ("AudioEye") during the period from May 14, 2014 through April 1, 2015, inclusive, you may be entitled to a payment from a proposed class action settlement.**

*You may be entitled to a CASH payment.*

*THIS NOTICE MAY AFFECT YOUR LEGAL RIGHTS.  PLEASE READ IT CAREFULLY.*

***Court-Ordered Legal Notice***

***IN RE AUDIOEYE, INC. SEC. LITIG.* C/O [NAME OF CLAIMS ADMINISTRATOR] CLAIMS ADMINISTRATOR [CLAIMS ADMINISTRATOR ADDRESS]**

[NAME]
[ADDRESS]
[CITY] [STATE] [ZIP]
[COUNTRY]

Exhibit A-1

*In re AudioEye, Inc. Securities Litigation*, No. 4:15-cv-00163-DCB (D. Ariz.)
*THIS CARD ONLY PROVIDES LIMITED INFORMATION ABOUT THE SETTLEMENT.*
*PLEASE VISIT WWW.AUDIOEYESECURITIESLITIGATION.COM FOR MORE INFORMATION.*

There is a proposed Settlement of claims against AudioEye and certain officers and directors of AudioEye (collectively, "Defendants").  The proposed Settlement would resolve a lawsuit in which the Plaintiffs allege that Defendants misled investors by issuing false and misleading public filings and statements between May 14, 2014 through April 1, 2015, inclusive (the "Class Period"), and seeks money damages for violations of the federal securities laws.  Defendants deny any wrongdoing.  The parties disagree on how much money, if any, could have been won if the case went to trial.  If approved by the Court, the Settlement will resolve the case and will pay money to eligible Settlement Class Members.

**Who's Included?**  You are included if you purchased or acquired shares of AudioEye securities during the Class Period.  You may have held these shares through a broker-dealer or other financial intermediary.

**What Can You Get?**  The Settlement established a $1,525,000 cash Settlement Fund, that after payment of certain Court-approved expenses such as attorneys' fees and administration costs, is intended for distribution to Settlement Class Members in exchange for the settlement of this case and the release by Settlement Class Members of the claims described above and other related claims against Defendants.  The Settlement is explained in detail in the Full Notice, and in the Stipulation, available at the website below. The Proof of Claim is also located at the website listed below. Your share of the Settlement Fund will depend on a number of factors including the number of valid Proofs of Claim that Settlement Class Members submit, the number of shares of AudioEye securities that you purchased or sold during the Class Period and the dates of such purchases and sales. The exact amount, if any, of your payment will be determined according to a Court-approved Plan of Allocation (a proposed version of which is available at the website listed below).  You may contact the Claims Administrator or Lead Counsel (see below) with any further questions

**How to Get Money?** To qualify for payment, you must submit a valid Proof of Claim to *In re AudioEye, Inc. Securities Litigation*, c/o JND Legal Administration, Claims Administrator, P.O. Box 6847, Broomfield, CO 80021.  PROOFS OF CLAIM ARE DUE BY _____, 201_.

**Your Other Rights.** If you do not want to be legally bound by the Settlement, you must exclude yourself by _____, 201_, or you will not be able to sue the Defendants for any claims relating to this case. If you exclude yourself, you cannot get money from this Settlement. If you stay in the Settlement Class, you may object to the Settlement by _____, 201_. The Full Notice, located at the website listed below, explains how to exclude yourself from, or object to, the Settlement. The Court will hold a hearing in this case on _____, 201_ at ____ [a.m./p.m.] to consider whether to approve the Settlement, Plan of Allocation, and a request by the lawyers representing all Class Members for up one third in attorneys' fees, plus expenses not to exceed $75,000, for litigating the case and negotiating the Settlement. You may attend the hearing and ask to be heard by the Court, but you do not have to. If you do not take any action, you will be legally bound by the Settlement and any orders or Judgments entered in the Action, and will fully, finally, and forever give up any rights to prosecute certain claims against the Defendants.

**Lead Counsel.** Ira M. Press, Esq. and Mark Strauss, Esq., Kirby McInerney LLP, 825 Third Avenue, 16th Floor, New York, NY  10022, Toll Free: (888) 529-4787.

For more information or a Claim Form: Toll-Free 1-844-357-6871 or www.audioeyesecuritieslitigation.com; www.kmllp.com
**Do not contact the Court, Defendants or their counsel in this Action with questions.**

Exhibit A-2

1
2

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

3
4

---------------------------------------------------X

No. 4:15-cv-00163-DCB

5
6
7

**CLASS ACTION**

IN RE AUDIOEYE, INC. SECURITIES
LITIGATION

**Exhibit A-2**

8
9
10

---------------------------------------------------X

11
12

**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT
OF CLASS ACTION**

13
14
15

<u>**A Federal Court Authorized This Notice.**</u>
<u>**This Is Not A Solicitation From A Lawyer.**</u>

16
17
18
19
20
21

**TO:  ALL  PERSONS  WHO  PURCHASED  OR  ACQUIRED  ANY
COMMON STOCK OF AUDIOEYE, INC. ("AUDIOEYE") DURING
THE PERIOD FROM MAY 14, 2014 THROUGH APRIL 1, 2015,
INCLUSIVE (the "CLASS PERIOD"), YOU COULD RECEIVE A
PAYMENT FROM A CLASS ACTION SETTLEMENT.  CERTAIN
PERSONS ARE EXCLUDED FROM THE DEFINITION OF THE
CLASS AS SET FORTH BELOW[1]**

22

•      PLEASE READ THIS NOTICE CAREFULLY.

23
24
25
26
27

[1] All capitalized terms that are not defined in this Notice have the meaning ascribed to them in
the Stipulation of Settlement (the "Stipulation") dated December 13, 2016, which is available on
the website established for the Settlement at www.audioeyesecuritieslitigation.com.

28

Exhibit A-2

- IF YOU WISH TO COMMENT IN FAVOR OF THE SETTLEMENT OR OBJECT TO THE SETTLEMENT, YOU MUST FOLLOW THE DIRECTIONS IN THIS NOTICE.

- YOUR LEGAL RIGHTS MAY BE AFFECTED BY THIS LAWSUIT.

- TO RECEIVE MONEY FROM THIS SETTLEMENT, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("CLAIM FORM") POSTMARKED ON OR BEFORE _____ __, 201_.

- IF YOU DO NOT WISH TO PARTICIPATE IN THE SETTLEMENT, YOU MAY REQUEST TO BE EXCLUDED FROM THE SETTLEMENT BY SENDING A WRITTEN REQUEST FOR EXCLUSION THAT MUST BE POSTMARKED ON OR BEFORE _____ __, 201_.

- IF YOU RECEIVED THIS NOTICE ON BEHALF OF A SETTLEMENT CLASS MEMBER WHO IS DECEASED, YOU SHOULD PROVIDE THE NOTICE TO THE AUTHORIZED LEGAL REPRESENTATIVE OF THAT SETTLEMENT CLASS MEMBER.

YOU ARE HEREBY NOTIFIED AS FOLLOWS:[2]

A proposed Settlement has been reached by the Parties in the constituent actions that make up the consolidated class action pending in the United States District Court for the District of Arizona (the "District Court"), which was brought on behalf of the Settlement Class.  The District Court has preliminarily approved the Settlement, the terms of which are set forth in the Stipulation, which is available at www.audioeyesecuritieslitigation.com and has preliminarily certified the Settlement Class for purposes of Settlement only.  You have received this Notice because the Parties' records indicate that you may be a member of the Settlement Class.  This Notice is designed to inform you of your rights, how you can submit a Claim Form, and how you can comment in favor of the Settlement or object to the Settlement.   If the Settlement is finally approved by the District Court, the Settlement will be binding upon you, unless you exclude yourself, even if you do not submit a Claim Form to obtain money from the Net Settlement Fund and even if you object to the Settlement.

---

[2] A copy of this Notice may be found at www.audioeyesecuritieslitigation.com.

Exhibit A-2

A hearing to be held by the District Court on notice to the Settlement Class, to consider approval of the Settlement, the Plan of Allocation, and the Fee and Expense Application (the "Settlement Hearing") will be held before the Honorable David C. Bury, United States District Court Judge, at ___:_____ __.m. on _____, 201_, at the Evo A. DeConcini U.S. Courthouse, 405 West Congress Street, Suite 6170, Tucson, AZ 85701.

**THE FOLLOWING RECITATION DOES NOT CONSTITUTE FINDINGS OF THE COURT AND SHOULD NOT BE UNDERSTOOD AS AN EXPRESSION OF ANY OPINION OF THE COURT AS TO THE MERITS OF ANY CLAIMS OR DEFENSES BY ANY OF THE PARTIES.  IT IS BASED ON CONTENTIONS OF THE PARTIES AND IS SENT FOR THE SOLE PURPOSE OF INFORMING YOU OF THE EXISTENCE OF THE LAWSUIT AND OF THE FINAL SETTLEMENT HEARING ON A PROPOSED SETTLEMENT SO THAT YOU MAY MAKE APPROPRIATE DECISIONS AS TO STEPS YOU MAY, OR MAY NOT, WISH TO TAKE IN RELATION TO THE LAWSUIT.**

## I.    BACKGROUND OF THE LAWSUIT

On or about April 14, 2015, a class action complaint styled *Lee Nykaza, individually and on behalf of all others similarly situated v. AudioEye Incorporated et al.,* case number 2:15-cv-00673-DCB (the "*Nykaza* Action"), alleging violations of federal securities laws against the Defendants was filed in the United States District Court for the District of Arizona (the "Court").

On or about April 20, 2015, a class action complaint styled *Ralph Saczawa, individually and on behalf of all others similarly situated v. AudioEye Incorporated et al.*, case number 4:15-cv-00163-DCB (the "*Saczawa* Action"), alleging violations of federal securities laws against the Defendants also was filed in the Court.

On July 1, 2015, the Honorable Judge David C. Bury consolidated the *Nykaza* Action and the *Saczawa* Action under the Master File and caption *In re AudioEye, Inc. Sec. Litig.,* No. CV-15-00163-TUC-DCB.

On August 3, 2015, the Court appointed Globis Capital Partners, L.P. and Globis Overseas Fund Ltd. as Lead Plaintiffs, and their attorneys Kirby McInerney LLP as counsel for the Lead Plaintiffs ("Lead Plaintiffs' Counsel").

3

Exhibit A-2

On November 30, 2015, the Lead Plaintiffs filed the operative Consolidated Amended Complaint alleging against all Defendants: (Count 1) violations of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"); and (Count 2) violations of Section 20(a) of the Exchange Act.

On February 5, 2016, Defendants filed Motions to Dismiss the Consolidated Amended Complaint and Lead Plaintiffs filed their opposition on March 18, 2016.

On. July 20, 2016, counsel for the Lead Plaintiffs, counsel for the Defendants, and counsel for the Defendants' liability insurer participated in a full-day mediation conference before mediator Robert Meyer. At and following the mediations, the participants engaged in extensive arm's-length negotiations with each other, such negotiations bearing fruit as set forth in the Stipulation, and negotiated a settlement that they believe is in the best interests of their respective clients. The Settlement allow both sides to avoid the risks and cost of uncertain litigation and the uncertainty of a trial and appeals, and permits Class Members to be compensated without further delay. Lead Plaintiffs and their counsel believe the settlement is best for all Class Members.

On July 25, 2016 the Parties accepted the mediator's proposal concerning the Settlement amount, which was thereafter memorialized in the Stipulation.

Defendants have denied the claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever. Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation. Accordingly, the Settlement may not be construed as an admission of any wrongdoing by any of the Defendants. The District Court has not ruled on the merits of whether the Defendants violated the securities laws, or any other laws or rules.

Lead Plaintiffs and Defendants, and their counsel, have concluded that the Settlement is advantageous, considering the risks and uncertainties to each side of continued litigation. The Parties and their counsel have determined that the Settlement is fair, reasonable, and adequate and is in the best interests of the Settlement Class Members.

The Settlement creates a Gross Settlement Fund in the amount of $1,525,000 in cash, plus interest that accrues on the fund prior to distribution. Your recovery from the Gross Settlement Fund will depend on a number of variables, including

Exhibit A-2

the number of AudioEye securities that you purchased during the Class Period, and the timing of your purchases and sales.  Lead Plaintiffs estimate that if all eligible Claimants submit a valid Claim Form, the average distribution per damaged AudioEye common stock will be approximately $0.06 before deduction of Court-approved fees and expenses.  Settlement Class Members should note, however, that this is only an estimate based on the overall number of potentially affected AudioEye securities.  Settlement Class Members may recover more or less than the amount estimated herein.

Lead Plaintiffs and Defendants do not agree on the average amount of damages per AudioEye share that would be recoverable if Lead Plaintiffs were to have prevailed in the Action.  Specifically, the Parties disagree concerning the extent to which any of Defendants' alleged false or misleading statements artificially inflated the price of AudioEye securities during the class period.

Lead Plaintiffs' Counsel, who have been prosecuting this Action on a wholly-contingent basis since its inception, have not received any payment of attorneys' fees for their representation of the Settlement Class and they have advanced the funds to pay expenses necessarily incurred to prosecute the Action. Lead Plaintiffs' Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in the amount up to one third of the Settlement Fund.  In addition, Lead Plaintiffs' Counsel will apply for reimbursement of litigation expenses (exclusive of administration costs) paid or incurred in connection with the prosecution and resolution of the claims against the Defendants, in an amount not to exceed $75,000.  Any fees and expenses awarded by the Court will be paid from the Settlement Fund.  Settlement Class Members are not personally liable for any such fees or expenses.  If the Settlement is approved, and Lead Plaintiffs' Counsel's fee and expense application is granted in its entirety, the average cost per AudioEye share of these fees and expenses will be approximately $0.02, assuming that all eligible shares submit valid claims for recovery in the Settlement.

Lead Plaintiffs and the Settlement Class are being represented by Kirby McInerney LLP.  Any questions regarding the Action or the Settlement should be directed to Ira Press, Esq. and Mark Strauss Esq. at Kirby McInerney LLP, 825 Third Avenue, 16th Floor, New York, NY 10022, (212) 371-6600.

5

Exhibit A-2

## Your Legal Rights and Options in the Settlement:

| | |
|---|---|
| Submit A Claim Form By [] [ ], 201_ | This is the only way to be eligible to get a payment in connection with the Settlement. |
| Exclude Yourself From The Settlement Class By Submitting A Written Request Postmarked No Later Than [ ] [ ], 201_ | If you exclude yourself from the Settlement Class, you will not be eligible to get any payment from the Net Settlement Fund.  This is the only option that allows you to be part of any other lawsuit against any of the Settling Defendants or the other Released Parties concerning the Settled Claims (defined below). |
| Object To The Settlement OR THE REQUEST FOR FEES AND EXPENSES By Submitting A Written Objection No Later Than [] [ ], 201_ | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the Fee and Expense Application, you may write to the District Court and explain why you do not like them.  You cannot object to the Settlement, the Plan of Allocation, or the Fee and Expense Application unless you are a Settlement Class Member and do not exclude yourself. |
| Go To The Settlement Hearing On [ ] [ ], 2017 At [ ] [ ].M., And File A Notice Of Intention To Appear No Later Than [ ] [ ], 2017 | Filing a written objection and notice of intention to appear allows you to speak in court about the fairness of the Settlement, the Plan of Allocation, and/or the Attorneys' Fees and Expenses application.  If you submit a written objection, you may (but do not have to) attend the hearing and speak to the District Court about your objection. |
| Do Nothing | If you are a member of the Settlement Class and you do not submit a Claim Form by [ ] [ ], 201_, you will not be eligible to receive any payment from the Net Settlement Fund.  You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any Judgments or Orders entered by the District Court pertaining to the class actions in the Action. |

**[END OF COVER PAGE]**

6

Exhibit A-2

## II. FREQUENTLY ASKED QUESTIONS CONCERNING THE SETTLEMENT

### A. Why Did I Get This Notice?

This Notice is being sent to you because you, someone in your family, or an investment account for which you serve as a custodian may have purchased or otherwise acquired AudioEye securities during the Class Period. The District Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement. If the District Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Lead Plaintiffs' Counsel and approved by the Court will make payments pursuant to the Settlement and the court-approved Plan of Allocation after any objections and appeals are resolved. This Notice is also to inform you of a hearing to be held by the District Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the Attorneys' Fees and Expenses application.

In a class action lawsuit, the court selects one or more people, known as class representatives, to sue on behalf of all people with similar claims, commonly known as the class or the class members. A class action is a type of lawsuit in which the claims of a number of individuals are resolved together, thus providing the class members with both consistency and efficiency. Once the class is certified, the court must resolve all issues on behalf of the class members, except for any Persons who choose to exclude themselves from the class. The District Court has preliminarily certified this Action to proceed as a class action for settlement purposes only and preliminarily certified Lead Plaintiffs as the representatives for the Settlement Class.

This Notice does not express any opinion by the District Court concerning the merits of any claim in the Action. The District Court has to decide whether to approve the Settlement. If the Court approves the Settlement and the Plan of Allocation, payments to Authorized Claimants will be made after any appeals are resolved, and after the completion of all claims processing. Please be patient.

### B. What Does The Settlement Provide?

In exchange for the release of the Settled Claims against each of the Defendants and the Released Parties, as well as dismissal of the litigation as against the Defendants, the Defendants have agreed to pay, or cause AudioEye to pay, the sum

7

Exhibit A-2

of one million, five hundred and twenty-five thousand United States dollars ($1,525,000), plus interest earned thereon for the benefit of the Settlement Class. The Settlement Fund less all Taxes, Notice and Administration Costs, and Attorneys' Fees and Expenses Award paid out of the Settlement Fund in accordance with applicable orders of the District Court (the "Net Settlement Fund") will be divided among all eligible Settlement Class Members who send in a valid Proof of Claim.  The Proof of Claim is described in more detail below in Section F below.

### C.    Am I Included In The Settlement?

You are included in the Settlement if you purchased or acquired AudioEye common stock during the Class Period and were damaged thereby. Excluded from the Class are the Defendants, the officers and directors of AudioEye during the Class Period, members of their immediate families and their legal representatives, heirs, successors, or assigns, any entity in which Defendants have or had a controlling interest, and any persons who separately file an action against one or more of Defendants, based in whole or in part on any claim arising out of or relating to any of the alleged acts, omissions, misrepresentations, facts, events, matters, transactions, or occurrences referred to in the Action or otherwise alleged, asserted, or contended in the Action.  Also excluded from the Settlement Class are any Persons who exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in this Notice (*see* pages ___ below).

**PLEASE NOTE: RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.  IF YOU ARE A SETTLEMENT CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN POSTMARKED NO LATER THAN _____ __, 201_.**

### D.    What Might Happen If There Were No Settlement?

If there were no Settlement and Lead Plaintiffs failed to establish any essential legal or factual element of its claims against the Defendants, neither it nor the Settlement Class would recover anything from the Settling Defendants.

### E.    What Is The Legal Effect Of The Settlement On My Rights?

If you are a member of the Settlement Class, the Settlement will affect you.  If the District Court grants final approval of the Settlement, the Action will be dismissed with prejudice and all Settlement Class Members will fully release and discharge the Defendants from all claims (as detailed below) for relief arising out of or based on Lead Plaintiffs' allegations.  When a Person "releases" claims, that means that Person cannot sue the defendants for any of the claims covered by the release.  If you are a Settlement Class Member and you submit a valid and timely Claim Form, you will receive a payment based upon the distribution formula described below.

### F.    What Will I Receive From The Settlement?

At this time, it is not possible to make any determination as to how much a Settlement Class Member may receive from the Settlement.  Pursuant to the Settlement, Defendants have agreed to pay $1,525,000 in cash.  The settlement amount will be deposited into an interest-bearing escrow account.  If the Settlement is approved by the District Court, the Net Settlement Fund will be distributed to Settlement Class Members as set forth in the proposed Plan of Allocation, or such other plan as the District Court may approve.

After approval of the Settlement by the District Court and upon satisfaction of the other conditions to the Settlement, the Net Settlement Fund will be distributed to Authorized Claimants in accordance with the Plan of Allocation approved by the District Court.  Under the proposed Plan of Allocation, your share of the Net Settlement Fund will depend on:  (1) the dates you acquired or sold your AudioEye securities; (2) the number of AudioEye securities acquired or sold and the price paid or received; (3) the expense of administering the claims process; (4) any attorneys' fees and expenses awarded by the Court; (5) interest income received and taxes paid by the Settlement Fund; (6) the number of eligible AudioEye securities acquired by other Settlement Class Members who submit timely and valid Proof of Claim Forms; and (7) the Recognized Losses of all other Authorized Claimants computed in accordance with the Plan of Allocation set out on pages _____ below.

You can calculate your Recognized Loss in accordance with the formula set forth below in the proposed Plan of Allocation. In the event the aggregate Recognized Losses of all timely and validly submitted Proof of Claim Forms exceed the Net Settlement Fund, your share of the Net Settlement Fund will be proportionally less

than your calculated Recognized Loss. It is unlikely that you will get a payment for all of your Recognized Loss. After all Settlement Class Members have sent in their Proof of Claim Forms, the payment you get will be that proportion of the Net Settlement Fund equal to your Recognized Loss divided by the total Recognized Losses of all Settlement Class Members who submit timely and valid Proof of Claim Forms (the "*Pro Rata* Share"). *See* the Plan of Allocation on pages ___ for more information on your Recognized Loss.

The Net Settlement Fund will not be distributed until the District Court has approved a plan of allocation, and the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

Neither Defendants nor any other Person that paid any portion of the Settlement Amount is entitled to get back any portion of the Net Settlement Fund once the District Court's Final Approval Order and Judgment approving the Settlement becomes final.  Defendants will not have any liability, obligation, or responsibility for the administration of the Settlement or disbursement of the Net Settlement Fund or the Plan of Allocation.

Approval of the Settlement is independent from approval of the Plan of Allocation. Any determination with respect to the Plan of Allocation will not affect the Settlement, if approved.

Each Person wishing to participate in the distribution must timely submit a valid Claim Form establishing membership in the Settlement Class, and including all required documentation, postmarked on or before _____ __, 201_, to the address set forth in the Claim Form that accompanies this Notice.

Unless the District Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked on or before _____ __, 201_, shall be fully and forever barred from receiving payments pursuant to the Settlement, but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation and Settlement that is approved, including the terms of any judgment entered and releases given.

The District Court has reserved jurisdiction to allow, disallow, or adjust the Claim of any Settlement Class Member on equitable grounds.

Each Claimant shall be deemed to have submitted to the jurisdiction of the District Court with respect to his, her, or its Claim Form. Upon request of the Claims Administrator, each Person that submits a Claim Form shall subject his, her, or its

Exhibit A-2

Claim to investigation as to his, her, or its status as a Claimant and the allowable amount of his, her, or its Claim.

Persons that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class will not be eligible to receive a distribution from the Net Settlement Fund and should not submit a Claim Form.

### Proposed Plan Of Allocation

The Net Settlement Fund will be distributed to Settlement Class Members who submit valid, timely Claim Forms. If you have a net loss on all transactions in AudioEye securities during the Class Period, you will be paid the percentage of the Net Settlement Fund that your Recognized Loss bears to the total of the Recognized Losses of all Authorized Claimants.  Payment in this manner shall be deemed conclusive against all Authorized Claimants.  The calculation of Claims below is not an estimate of the amount you will receive.  It is a formula for allocating the Net Settlement Fund among all Authorized Claimants.

Each Authorized Claimant's Recognized Loss will be calculated as follows:

> For all AudioEye shares acquired during the Class Period and sold prior to April 1, 2015, the Recognized Loss shall be $0.

> For all AudioEye shares acquired during the Class Period that were not sold prior to April 1, 2015, the Recognized Loss shall be the difference between (a) the lesser of the purchase or acquisition price and $0.41 per share, and (b) the greater of the sale price or $0.30 per share.

To the extent an Authorized Claimant had an aggregate gain from his, her or its transactions in AudioEye common stock during the Class Period, the value of his, her or its total Recognized Loss will be zero. To the extent that an Authorized Claimant suffered an overall loss on his, her or its transactions in AudioEye common stock during the Class Period, but the loss was less than the Recognized Loss calculated above, then the Recognized Loss shall be limited to the amount of the actual loss.  Purchases that were made in order to cover short sales are ineligible and will not be included in the Recognized Loss calculation; however, any aggregate gains with respect to short sales shall be offset against Recognized Loss on other transactions. All purchases/acquisitions and sales of AudioEye shares in the Class Period shall be matched on a Last-In-First-Out ("LIFO") basis; sales during the Class Period and the 90 days thereafter will be matched first

Exhibit A-2

against the most recent AudioEye shares purchased during that period that have not already been matched to sales, and then against prior purchases/acquisitions in backward chronological order, until the beginning of the Class Period.

The date of purchase or sale is the "contract" or "trade" date as distinguished from the "settlement" or "payment" date. However, for AudioEye securities that were put to investors pursuant to put options sold by those investors, the purchase of AudioEye securities shall be deemed to have occurred on the date that the put option was sold, rather than the date on which the AudioEye securities were subsequently put to the investor pursuant to that option. The proceeds of any put option sales shall be offset against any losses from AudioEye securities that were purchased as a result of the exercise of the put option. Additionally, AudioEye securities acquired during the Class Period through the exercise of a call option shall be treated as a purchase on the date of exercise for the exercise price plus the cost of the call option, and any Claim arising from such transaction shall be computed as provided for other purchases of AudioEye securities as set forth herein.

The receipt or grant by gift, devise or inheritance of AudioEye securities during the Class Period shall not be deemed to be a purchase of AudioEye securities for the calculation of an Authorized Claimant's Recognized Loss if the Person from which the AudioEye securities were received did not themselves acquire the securities during the Class Period, nor shall it be deemed an assignment of any claim relating to the purchase of such AudioEye securities unless specifically provided in the instrument or gift or assignment.

An Authorized Claimant will be eligible to receive a distribution from the Net Settlement Fund only if the Authorized Claimant had a net loss, after all profits from transactions in AudioEye securities during the Class Period are subtracted from all losses from transactions in AudioEye securities during the Class Period.

If an Authorized Claimant's distribution amount calculates to less than $10.00, no distribution will be made to that Authorized Claimant.

Distributions will be made to Authorized Claimants after all Claims have been processed and after the District Court has finally approved the Settlement. If any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance

12

remaining in the Net Settlement Fund one (1) year after the initial distribution of such funds shall, if economically feasible, be re-distributed, after payment of any Taxes and unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution, to Authorized Claimants who have cashed their checks and who would receive at least $10.00 from such re-distribution.  Lead Plaintiffs' Counsel shall, if economically feasible, continue to reallocate any further balance remaining in the Net Settlement Fund after the redistribution is completed among Authorized Claimants in the same manner and time frame as provided for above. In the event that Lead Plaintiffs' Counsel determines that further redistribution of any balance remaining (following the initial distribution and redistribution) is no longer economically feasible, thereafter Lead Plaintiffs' Counsel shall donate the remaining funds, if any, to a non-sectarian, not-for-profit 501(c)(3) organization to be designated by Lead Counsel and approved by the Court.

Payment pursuant to the Plan of Allocation, or such other plan as may be approved by the District Court, shall be conclusive against all Authorized Claimants.  No Person shall have any claim against Lead Plaintiffs, Lead Counsel, Defendants, and their respective counsel or any of the other Released Parties, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the District Court, or further orders of the District Court.  Lead Plaintiffs, Defendants, and their respective counsel, and all other Released Parties shall have no responsibility or liability whatsoever for the investment or distribution of the settlement funds, the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

The Plan of Allocation set forth herein is the plan that is being proposed by Lead Plaintiffs and Lead Plaintiffs' Counsel to the District Court for approval. The District Court may approve this Plan of Allocation as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class. Any orders regarding a modification of the Plan of Allocation will be posted on the settlement website, www.audioeyesecuritieslitigation.com.

## G.    Can I Decide To Opt Out Of This Settlement?

Yes.  If you do not wish to be included in the Settlement Class and you do not wish to participate in the Settlement, you may request to be excluded.  To do so, you

Exhibit A-2

must submit a written request for exclusion that must be signed by you or your authorized representative and postmarked on or before _____ __, 201_. You must set forth: (a) the name, address, and telephone number of the Person requesting exclusion; (b) the amount of AudioEye common stock purchased, acquired and/or sold during the Class Period; (c) prices paid or received for such AudioEye common stock; (d) the date of each purchase, acquisition or sale transaction; and (e) a statement that the Person wishes to be excluded from the Settlement Class.

The exclusion request should be addressed as follows:

*In re AudioEye, Inc. Securities Litigation* EXCLUSION REQUEST
Claims Administrator
c/o JND Legal Administration
P.O. Box 6847
Broomfield, CO 80021

**NO REQUEST FOR EXCLUSION WILL BE CONSIDERED VALID UNLESS ALL OF THE INFORMATION DESCRIBED ABOVE IS INCLUDED IN ANY SUCH REQUEST AND RECEIVED WITHIN THE TIME STATED ABOVE, OR IS OTHERWISE ACCEPTED BY THE COURT.**

If you timely and validly request exclusion from the Settlement Class, (a) you will be excluded from the Settlement Class, (b) you will not share in the proceeds of the Settlement described herein, (c) you will not be bound by any judgment entered in the case, and (d) you will not be precluded, by reason of your decision to request exclusion from the Settlement Class, from otherwise prosecuting an individual claim, if timely, against the Defendants based on the matters complained of in the litigation. Defendants may withdraw from and terminate the Settlement if Settlement Class Members who purchased the requisite number of AudioEye securities exclude themselves from the Settlement Class.

## H. What If A Settlement Class Member Is Deceased?

The authorized legal representative(s) of a Settlement Class Member may receive a recovery on behalf of the Settlement Class Member.

14

Exhibit A-2

### I.    What If I Bought AudioEye Securities On Someone Else's Behalf?

If you purchased or otherwise acquired AudioEye securities during the Class Period for the beneficial interest of a Settlement Class Member, you must either (a) forward the Postcard Notice to the beneficial owners of the AudioEye common stock within ten (10) calendar days from the receipt of the Postcard Notice, and provide written confirmation to the Claims Administrator of such; or (2) provide the names and addresses of such persons or entities to *In re AudioEye, Inc. Securities Litigation*, c/o JND Legal Administration, P.O. Box 6847, Broomfield, CO 80021.  If you choose the second option, the Claims Administrator will send the Postcard Notice to the beneficial owners. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the out-of-pocket expenses for which reimbursement is sought.

Copies of this Notice and the Claim Form can be obtained from the website maintained by the Claims Administrator, www.audioeyesecuritieslitigation.com, by calling the Claims Administrator toll-free at 1-844-357-6871, or from Lead Counsel's website, www.kmllp.com.

### J.    How And What Do I Do To Make Sure The Claims Administrator Has My Correct Address?

If your address changes from the address to which this Notice was directed, you must notify the Claims Administrator of your new address as soon as possible. Failure to keep the Claims Administrator informed of your address may result in the loss of any monetary award you might be eligible to receive.  Please send your new contact information to the Claims Administrator at the address listed below and include your old address, new address, new telephone number, date of birth, and Social Security number.  These last two items are required so that the Claims Administrator can verify that the address change is from an actual Settlement Class Member.

Exhibit A-2

*In re AudioEye, Inc. Securities Litigation* ADDRESS CHANGE
Claims Administrator
c/o JND Legal Administration
P.O. Box 6847
Broomfield, CO 80021

### K.    What Are Lead Plaintiffs' Counsels' Fees And Costs?

At the Settlement Hearing, Lead Plaintiffs' Counsel will request that the District Court award attorneys' fees of up to one third of the Settlement Fund, plus expenses (exclusive of administration costs) not to exceed $75,000, which were incurred in connection with the litigation of the Action, plus interest at the same rate as earned on the Settlement Amount. Whatever amount is approved by the Court as legal fees and expenses will be paid from the Gross Settlement Fund.

To date, Lead Plaintiffs' Counsel have not received any payment for their services in conducting this action, nor has counsel been reimbursed for their substantial expenses. The fees requested by Lead Plaintiffs' Counsel will compensate Lead Plaintiffs' Counsel for their efforts in achieving the Gross Settlement Fund for the benefit of the Settlement Class, and for their risk in undertaking this representation on a wholly-contingent basis. If the amount requested is approved by the Court, the average cost per damaged AudioEye share will be $0.02.

### L.    How Will the Notice Costs and Expenses Be Paid?

Lead Plaintiffs' Counsel are authorized by the Stipulation to pay the Claims Administrator's fees and expenses incurred in connection with giving notice, administering the Settlement, and distributing the Net Settlement Fund to Settlement Class Members.

## III.    LEAD    PLAINTIFFS    AND    LEAD    PLAINTIFFS'    COUNSEL SUPPORT THE SETTLEMENT

Lead Plaintiffs and Lead Plaintiffs' Counsel believe that the claims asserted against the Defendants have merit. Lead Plaintiffs and their Counsel recognize, however, the expense and length of continued proceedings necessary to pursue its claims against these Defendants through trial and appeals, as well as the difficulties in establishing liability and damages at trial. The immediate cash benefits under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after a heavily contested appeals

process, contested motions, a contested trial and likely further appeals, a process that could be expected to last several years into the future.

In light of the value of the Settlement and the immediacy of a cash recovery to the Settlement Class, Lead Plaintiffs and Lead Plaintiffs' Counsel believe that the proposed Settlement is fair, reasonable, and adequate. Indeed, Lead Plaintiffs and Lead Plaintiffs' Counsel believe that the Settlement achieved is an excellent result and in the best interests of the Settlement Class. The Settlement, which provides an immediate $1,525,000 in cash (less the various deductions described in this Notice), individually and collectively provides substantial benefits now as compared to the risk that a similar, smaller, or no recoveries would be achieved after a trial and appeals, possibly years in the future.

## IV.   WHAT OPPORTUNITY WILL I HAVE TO GIVE MY OPINION ABOUT THE SETTLEMENT?

### A.   How Can I Object To The Settlement, Plan of Allocation and Fee and Expense Application?

Any Settlement Class Member who does not request exclusion may object to the Settlement, the proposed Plan of Allocation, and/or the Attorneys' Fees and Expenses application.  Objections must be in writing.  You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the District of Arizona at the address set forth below on or before _____ __, **201_**.   Your written objection should include all reasons for the objection, including any legal and evidentiary support you wish to bring to the Court's attention.  The objection must also include your name, address, telephone number, and the number of AudioEye common stock you purchased and sold during the Class Period, including proof of your purchases and sales of AudioEye common stock.   You must also serve the papers on designated representative Lead Plaintiffs' Counsel and Defendants' counsel at the addresses set forth below for their respective counsel so that the papers are ***received*** **on or before** _____ __, **201_.**

To be considered, your objection must be filed with the Office of the Clerk's Office no later than _____ __, **201_**, to:

Exhibit A-2

| **Clerk's Office** | **Defendants' Counsel** | **Lead Counsel** |
|---|---|---|
| Clerk of the Court<br>United States District Court<br>District of Arizona<br>Evo A. DeConcini<br>United States Courthouse<br>405 West Congress Street, Suite 1500<br>Tucson, AZ 85701<br><br>Re: *In re AudioEye, Inc. Securities Litigation*<br>Case No. 4:15-cv-00163-DCB | Perrie M. Weiner, Esq.<br>Robert D. Weber, Esq.<br>**DLA Piper LLP (US)**<br>2000 Avenue of the Stars<br>Suite 400 North Tower<br>Los Angeles, CA 90067<br><br>*Counsel for Defendants AudioEye, Inc.and Nathaniel Bradley*<br><br><br>Mendy Piekarski, Esq.<br>**Sichenzia Ross Ference Kesner LLP**<br>61 Broadway, 32nd Floor<br>New York, NY 10006<br><br>*Counsel for Defendant Edward O'Donnell* | Ira M. Press, Esq.<br>Mark Strauss, Esq.<br>**Kirby McInerney LLP**<br>825 Third Avenue, 16th Floor<br>New York, NY 10022<br><br>*Counsel for Lead Plaintiffs and the Class* |

You may file a written objection without having to appear at the Settlement Hearing.  You may not, however, appear at the Settlement Hearing to present your objection unless you first filed and served a written objection in accordance with the procedures described above, unless the Court orders otherwise.

If you file an objection to the Settlement, Plan of Allocation, and/or the Attorneys' Fees and Expenses application you also have a right to appear at the Settlement Hearing either in person or through counsel hired by you at your own expense. You are not required, however, to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing.  If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or the Attorneys' Fees and Expenses application, and if you file and

serve a timely written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on the Claims Administrator at the address set forth above.  Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.

**Unless the District Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation and the Attorneys' Fees and Expenses application.  Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## B.   What Rights Am I Giving Up By Remaining In The Class?

If you remain in the Settlement Class, you will be bound by any orders issued by the District Court.  For example, if the District Court approves the Settlement, the District Court will enter the Order and Final Judgment.  The Order and Final Judgment will dismiss with prejudice the claims against the Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other members of the Settlement Class on behalf of themselves, their respective heirs, executors, administrators, successors, and assigns shall be deemed by operation of law to have fully granted and completely discharged, dismissed with prejudice, settled and released, and agreed to be barred by a permanent injunction from the assertion of, Settled Claims against any of the Released Parties and their attorneys.

"Settled Claims" means any and all claims, debts, demands, liabilities, rights, and causes of action of every nature and description whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or liabilities whatsoever), whether based on federal, state, local, statutory or common law, or any other law, rule, or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, including both known claims and Unknown Claims (as defined below): (i) that have been asserted in the Litigation by the Lead Plaintiffs and/or Settlement Class Members or any of them against any of the Released Parties, including, without limitation, all statements made by any of the Defendants that Plaintiffs allege in the

Litigation were false or misleading, or any of the alleged acts, omissions, representations, facts, events, matters, transactions, or occurrences asserted in, relating to in any way, or arising out of the Litigation, or otherwise alleged, asserted, or contended in the Litigation; or (ii) that relate to the purchase of AudioEye securities, including, without limitation, claims for fraud, negligent misrepresentation, or claims based upon or related in any way to the purchase, acquisition, or sale of AudioEye securities during the Class Period by the Lead Plaintiffs or any Settlement Class Member, on behalf of themselves, their heirs, executors, administrators, successors, and assigns against the Released Parties or any of them. Settled Claims also include any and all claims arising out of or relating to in any way the Settlement or resolution of the Litigation against the Released Parties (including Unknown Claims that arise out of, relate to, or are in connection with the Settlement or resolution of the Litigation against the Released Parties), except claims to enforce any of the terms of the Stipulation.

"Released Parties" means the Defendants and any of their current, former, or future parents, subsidiaries, affiliates, partners, joint venturers, officers, directors, principals, shareholders, members, agents (acting in their capacity as agents), employees, attorneys, trustees, insurers (including Argonaut Insurance Company and its respective businesses, affiliates, subsidiaries, parents and affiliated corporations, divisions, predecessors, shareholders, partners, joint venturers, principals, insurers, reinsurers, successors and assigns, and their respective past, present and future employees, officers, directors, attorneys, accountants, auditors, agents and representatives), reinsurers, advisors, accountants, associates, and/or any other individual or entity in which any Defendant has or had a controlling interest or which is or was related to or affiliated with any Defendant, and the current, former, and future legal representatives, heirs, successors-in-interest, or assigns of any Defendant.

"Unknown Claims" means (a) any Settled Claim that the Lead Plaintiffs or any Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Parties, which if known by him, her, or it, might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, the decision not to object to the Settlement, provided such claim arises out of or relates to the purchase or sale of AudioEye securities, and (b) any Defendants' Claims that any Defendant does not know or expect to exist in his, her, or its favor, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement. With respect to any and all Settled Claims and Settled Defendants' Claims, the Settling Parties stipulate and agree that upon the Effective Date, the Settling Parties shall expressly waive,

Exhibit A-2

and each of the Settlement Class Members shall be deemed to have waived and by operation of the Order and Final Judgment shall have waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law that is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.".

## V.   SETTLEMENT HEARING

The District Court will hold a Settlement Hearing at ___:___ __.m. on _____ __, 201_ at the United States District Court for the District of Arizona, Evo A. DeConcini United States Courthouse, 405 West Congress Street, Suite 6170, Tucson, AZ 85701, to determine whether the Settlement should be finally approved as fair, reasonable, and adequate.  The District Court will also be asked to approve the proposed Plan of Allocation and the Attorneys' Fees and Expenses Award.  The District Court may adjourn or continue the Settlement Hearing without further notice to the Settlement Class.  If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Plaintiffs' Counsel.

**Settlement Class Members do not need to attend the Settlement Hearing.  The District Court will consider any submission made in accordance with the provisions in this Notice even if the Settlement Class Member does not attend the hearing.  You can participate in the Settlement without attending the Settlement Hearing.  You are not obligated to attend the Settlement Hearing.**

## VI.   GETTING MORE INFORMATION

This Notice is a summary and does not describe all of the details of the Stipulation. For precise terms and conditions of the Settlement, you may review the Stipulation filed with the District Court, as well as the other pleadings and records of this litigation, which may be inspected during business hours, at the office of the Clerk of the Court, United States District Court for the District of Arizona, Evo A. DeConcini United States Courthouse, 405 West Congress Street, Suite 1500, Tucson, AZ 85701, at www.audioeyesecuritieslitigation.com, or from Lead Plaintiffs' Counsel's website, www.kmllp.com.   Settlement Class Members without access to the internet may be able to review this document online at locations such as a public library.

Exhibit A-2

If you have any questions about the settlement of the Action, you may contact Lead Plaintiffs' Counsel:

Ira M. Press, Esq.
Mark Strauss, Esq.
KIRBY McINERNEY LLP
825 Third Avenue, 16th Floor
New York, NY 10022
Tel: (212) 371-6600

You may also call or write to the Claims Administrator at *In re AudioEye, Inc. Securities Litigation*, c/o JND Legal Administration, P.O. Box 6847, Broomfield, CO 80021, or call toll-free 1-844-357-6871, stating that you are requesting assistance regarding the AudioEye litigation.

**DO NOT TELEPHONE OR WRITE THE DISTRICT COURT OR THE OFFICE OF THE CLERK OF THE COURT REGARDING THIS NOTICE.**

DATED: _____, 201_          BY ORDER OF THE COURT
                                         UNITED STATES DISTRICT COURT
                                         DISTRICT OF ARIZONA

Exhibit A-3

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

-------------------------------------------------X

No. 4:15-cv-00163-DCB

**CLASS ACTION**

IN RE AUDIOEYE, INC. SECURITIES
LITIGATION

**Exhibit A-3**

-------------------------------------------------X

## <u>SUMMARY NOTICE</u>

**TO:   ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED ANY COMMON STOCK OF AUDIOEYE, INC. ("AUDIOEYE") DURING THE PERIOD FROM MAY 14, 2014 THROUGH AND INCLUDING APRIL 1, 2015**

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the District of Arizona (the "District Court") and Rule 23 of the Federal Rules of Civil Procedure, that a hearing will be held at ___:_____ __.m. on _____ __, 201_ before the Honorable David C. Bury, United States District Court Judge, at the Evo A. DeConcini U.S. Courthouse, 405 West Congress Street, Suite 6170, Tucson, AZ 85701, for the purpose of determining: (1) whether the proposed settlement of the Litigtion for the principal amount of $1,525,000, plus accrued interest, should be approved by the District Court as fair, reasonable, and adequate; (2) whether the Order and Final Judgment should be entered by the District Court dismissing the Litigation with prejudice; (3) whether

Exhibit A-3

the proposed Plan of Allocation is fair, reasonable, and adequate and, therefore, should be approved; and (4) whether the Attorneys' Fee and Expense application should be approved.  In connection with the Attorneys' Fee and Expense application, Lead Plaintiffs' Counsel will request attorneys' fees of up to one third of the Settlement Fund, plus interest, and expenses (exclusive of administration costs) not to exceed $75,000.

If you purchased AudioEye common stock during the period from May 14, 2014 through April 1, 2015, inclusive, your rights may be affected by the settlement of the Litigation.  To receive a detailed Notice of Pendency and Proposed Settlement of Class Action (the "Notice") and a copy of the Claim Form, you may obtain copies by writing to *In re AudioEye, Inc. Securities Litigation*, c/o JND Legal Administration, P.O. Box 6847, Broomfield, CO 80021, or by calling toll-free 1-844-357-6871, or on the internet at www.audioeyesecuritieslitigation.com, or from Lead Plaintiffs' Counsel's website at www.kmllp.com.  If you are a Settlement Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Claim Form, postmarked on or before _____, 201_, establishing that you are entitled to recovery.

If you desire to be excluded from the Settlement Class, you must submit a request for exclusion postmarked by no later than _____, 201_, in the manner and form explained in the detailed Notice referred to above.  All members of the Settlement Class who have not timely and validly requested exclusion from the Settlement Class will be bound by any judgment entered in the Litigation pursuant to the Stipulation of Settlement dated as of December 13, 2016.  If you properly and timely exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Litigation and you will not be eligible to share in the proceeds of the Settlement.

Exhibit A-3

1    Any objections to any aspect of the proposed Settlement, the proposed Plan

2   of Allocation or Lead Plaintiffs' Counsel's application for an award of attorneys'

3   fees and reimbursement of expenses, must be filed with the Court and delivered to

4   designated representative Lead Plaintiffs' Counsel and counsel for the Defendants

5   such that they are *received* no later than _____, 201__, in accordance

6   with the instructions set forth in the Notice.

7

8    **PLEASE DO NOT CONTACT THE DISTRICT COURT OR THE**

9   **CLERK'S OFFICE REGARDING THIS NOTICE.**  If you have any questions

10  about the Settlement, you may contact Lead Plaintiffs' Counsel:

11

12  Ira Press, Esq.

13  Mark Strauss, Esq.

14  KIRBY McINERNEY LLP

15  825 Third Avenue, 16th

16  New York, NY 10022

17  Tel: (212) 371-6600

18

19

20  DATED: _____, 201_        BY   ORDER   OF   THE   COURT
                                            UNITED STATES DISTRICT COURT
21                                          FOR THE DISTRICT OF ARIZONA

22

23

24

25

26

27

28

Exhibit A-4

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

-------------------------------------------------X

No. 4:15-cv-00163-DCB

**CLASS ACTION**

IN RE AUDIOEYE, INC. SECURITIES
LITIGATION

**Exhibit A-4**

-------------------------------------------------X

## PROOF OF CLAIM AND RELEASE

**I.      GENERAL INSTRUCTIONS**

1.      To recover as a member of the Settlement Class based on your claims in the action entitled *In re AudioEye, Inc. Securities Litigation*, No. 4:15-cv-00163-DCB (the "Action"), you must complete and, on page 11 hereof, sign this Proof of Claim and Release Form (the "Claim Form").  If you fail to file a properly addressed Claim Form (as set forth in section 3 below), your Claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement of the Action.

2.      Submission of this Claim Form, however, does not assure that you will share in the proceeds of the Settlement in the Action.

3.      YOU MUST MAIL YOUR COMPLETED AND SIGNED CLAIM FORM POSTMARKED ON OR BEFORE _____ __, 201_, ADDRESSED AS FOLLOWS:

Exhibit A-4

*In re AudioEye, Inc. Securities Litigation*
Claims Administrator
c/o JND Legal Administration
P.O. Box 6847
Broomfield, CO 80021
Toll-Free: 1-844-357-6871
www.audioeyesecuritieslitigation.com

If you are NOT a Member of the Settlement Class, as defined in the Notice of Settlement of Class Action and Settlement Fairness Hearing, and Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice"), DO NOT submit a Claim Form.

4.      If you are a Member of the Settlement Class, you are bound by the terms of any judgment entered in the Action, WHETHER OR NOT YOU SUBMIT A CLAIM FORM.

## II.      DEFINITIONS

1.      "Defendants" means AudioEye, Inc. ("AudioEye), Nathaniel Bradley and Edward O'Donnell.

2.      "Released Parties" and "Settled Claims" are defined below.

## III.      CLAIMANT IDENTIFICATION

1.      If you purchased or acquired any common stock of AudioEye during the period from May 14, 2014 through and including April 1, 2015 (the "Class Period"), and held the securities in your name, you are the beneficial purchaser, as well as the record purchaser. If, however, the AudioEye securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

2.      In Section IV below, use Part I of the form entitled "Claimant Identification" to identify each purchaser of record, if different from the beneficial

purchaser of the AudioEye securities that forms the basis of this Claim.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S), OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OF AUDIOEYE SECURITIES UPON WHICH THIS CLAIM IS BASED, *NOT* THE RECORD PURCHASER.

3.     All joint purchasers must sign this Claim Form.   Executors, administrators, guardians, conservators, and trustees must complete and sign this Claim Form on behalf of Persons represented by them and their authority must accompany this Claim Form and their titles or capacities must be stated.   The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the Claim.   Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## IV.   CLAIM FORM

1.     Use Part II of this Claim Form, entitled "Schedule of Transactions in AudioEye Common Stock," to supply all required details of your transaction(s) in AudioEye securities.   If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

2.     On the schedules, provide all of the requested information with respect to *all* of your purchases and *all* of your sales of AudioEye common stock that took place during the Class Period, whether such transactions resulted in a profit or a loss.  Failure to report all such transactions may result in the rejection of your Claim.

3.     List each transaction in the Class Period separately and in chronological order, by trade date, beginning with the earliest.   You must accurately provide the month, day, and year of each transaction you list.

4.     The date of covering a "short sale" is deemed to be the date of purchase of AudioEye securities.   The date of a "short sale" is deemed to be the date of sale of AudioEye securities.

5.     Broker confirmations or other documentation of your transactions in AudioEye securities ***must*** be attached to your Claim.   Do ***not*** send original documents, including security certificates.   If you no longer have copies of your broker's confirmations or statements, your broker may be able to get you copies. Failure to provide this documentation could delay verification of your Claim or result in rejection of your Claim.

6.     The above requests are designed to provide the minimum amount of information necessary to process the most simple claims.   The Claims Administrator may request additional information as required to efficiently and reliably calculate your losses.   In some cases where the Claims Administrator cannot perform the calculation accurately or at a reasonable cost to the Settlement Class with the information provided, the Claims Administrator may condition acceptance of the Claim upon the production of additional information and/or the hiring of an accounting expert at the Claimant's cost.

Exhibit A-4

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

*In re AudioEye, Inc. Securities Litigation*
Civil Action No. 4:15-cv-00163-DCB

CLAIM FORM
Must be Postmarked No Later Than:

_____ __, 201_

Please Type or Print

PART I:     CLAIMANT IDENTIFICATION

Beneficial Owner's Name (First, Middle, Last)

Street Address

| City | State | Zip Code |

| Foreign Province | Foreign Country |

Individual

Exhibit A-4

_____

Social Security Number or
Taxpayer Identification
Number

Corporation/Other

_____

_____          _____          (work)

Area Code                        Telephone Number

_____          _____          (home)

Area Code                        Telephone Number

Record Owner's Name (if different from beneficial owner listed above)

PART II:     SCHEDULE OF TRANSACTIONS IN AUDIOEYE COMMON
                  STOCK

**A.      BEGINNING HOLDINGS:** Number of shares of AudioEye common stock
held at the beginning of trading on May 14, 2014.  If none, write "zero" or
"0"; if other than zero, must be documented):   _____

6

Exhibit A-4

**B.** **COMMON STOCK PURCHASES OR ACQUISITIONS:** Purchases or acquisitions of AudioEye common stock during the period May 14, 2014 through June 30, 2015, inclusive (excluding short sales):[1]

| Trade Date (Mo./Day/Year) List Chronologically | Number of Shares Purchased or Acquired | Purchase or Acquisition Price Per Share | Net Purchase or Acquisition Price (less commissions and fees) | Identify if shares acquired pursuant to: (1) sale of put options; (2) corporate merger or acquisition; (3) employee shares; (4) cover of short position; or (5) exercise of call option during Class Period[2] |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**C.** **COMMON STOCK SALES:** Sales from May 14, 2014 through June 30, 2015, inclusive (excluding short sales):

| Trade Date (Mo./Day/Year) List Chronologically | Number of Shares Sold | Sale Price Per Share | Net Sale Price (less commissions and fees) | Share Sold Short (Y/N) |
|---|---|---|---|---|
| | | | | |

---

[1]    Information requested with respect to your purchases of AudioEye securities from April 2, 2015 through and including June 30, 2015 is needed in order to balance your claim; purchases during this period, however, are not eligible for recovery under the Settlement and will not be used for purposes of calculating your Recognized Claim pursuant to the Plan of Allocation.

[2]    If you indicate that the purchase or sale was the result of the exercise or assignment of an options contract, you must provide documentation to support both the options purchase or sale and the exercise or assignment to purchase common stock.

|  |  |  |  |  |
|---|---|---|---|---|
|  |  |  |  |  |

C.   Number of shares of AudioEye common stock held at close of trading on June 30, 2015: (If none write "zero" or "0"; if other than zero, must be documented)   _____

If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page.

YOU MUST READ AND SIGN THE RELEASE ON PAGES 8-11

## V.   SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Claim Form under the terms of the Stipulation described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the District of Arizona with respect to my Claim as a Settlement Class Member (as defined in the Notice) and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I (we) am (are) bound by and subject to the terms of any judgment that may be entered in the Action.  I (We) agree to furnish additional information to Lead Plaintiffs' Counsel to support this Claim if required to do so.  I (We) have not submitted any other Claim covering the same purchases or sales of AudioEye securities during the Class Period and know of no other Person having done so on my (our) behalf.

## VI.   RELEASE

1.   I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release, relinquish and discharge, all of the Settled Claims against each and all of the Defendants and each and all of the "Released Parties," defined as the Defendants and any of their current, former, or

future parents, subsidiaries, affiliates, partners, joint venturers, officers, directors, principals, shareholders, members, agents (acting in their capacity as agents), employees, attorneys, trustees, insurers (including Argonaut Insurance Company and its respective businesses, affiliates, subsidiaries, parents and affiliated corporations, divisions, predecessors, shareholders, partners, joint venturers, principals, insurers, reinsurers, successors and assigns, and their respective past, present and future employees, officers, directors, attorneys, accountants, auditors, agents and representatives), reinsurers, advisors, accountants, associates, and/or any other individual or entity in which any Defendant has or had a controlling interest or which is or was related to or affiliated with any Defendant, and the current, former, and future legal representatives, heirs, successors-in-interest, or assigns of any Defendant.

2.     "Settled Claims" means any and all claims, debts, demands, liabilities, rights, and causes of action of every nature and description whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or liabilities whatsoever), whether based on federal, state, local, statutory or common law, or any other law, rule, or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class or individual in nature, including both known claims and Unknown Claims (as defined below): (i) that have been asserted in the Litigation by the Lead Plaintiffs and/or Settlement Class Members or any of them against any of the Released Parties, including, without limitation, all statements made by any of the Defendants that Plaintiffs allege in the Litigation were false or misleading, or any of the alleged acts, omissions, representations, facts, events, matters, transactions, or occurrences asserted in, relating to in any way, or arising out of the Litigation, or otherwise alleged, asserted, or contended in the Litigation; or (ii) that relate to the

purchase of AudioEye securities, including, without limitation, claims for fraud, negligent misrepresentation, or claims based upon or related in any way to the purchase, acquisition, or sale of AudioEye securities during the Class Period by the Lead Plaintiffs or any Settlement Class Member, on behalf of themselves, their heirs, executors, administrators, successors, and assigns against the Released Parties or any of them. Settled Claims also include any and all claims arising out of or relating to in any way the Settlement or resolution of the Litigation against the Released Parties (including Unknown Claims that arise out of, relate to, or are in connection with the Settlement or resolution of the Litigation against the Released Parties), except claims to enforce any of the terms of the Stipulation.

3.      "Unknown Claims" (a) any Settled Claim that the Lead Plaintiffs or any Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Parties, which if known by him, her, or it, might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, the decision not to object to the Settlement, provided such claim arises out of or relates to the purchase or sale of AudioEye securities, and (b) any Defendants' Claims that any Defendant does not know or expect to exist in his, her, or its favor, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement.  With respect to any and all Settled Claims and Settled Defendants' Claims, the Settling Parties stipulate and agree that upon the Effective Date, the Settling Parties shall expressly waive, and each of the Settlement Class Members shall be deemed to have waived and by operation of the Order and Final Judgment shall have waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law that is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her

Exhibit A-4

favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor".

4.    This release shall be of no force or effect unless and until the District Court approves the Stipulation and it becomes effective on the Effective Date.

5.    I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

6.    I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in AudioEye securities that occurred during the Class Period, as well as the number and type of AudioEye securities held by me (us) at the opening of trading on May 14, 2014 and at the close of trading on April 1, 2015.

_____    _____
Name                                          Date

SUBSTITUTE FORM W-9

Request for Taxpayer Identification Number ("TIN") and Certification

PART I

NAME: _____

Check appropriate box:

☐    Individual/Sole Proprietor    ☐    Pension Plan
☐    Corporation                  ☐    Partnership        ☐    Trust
☐    IRA                          ☐    Other

Enter TIN on appropriate line.

Exhibit A-4

o       For individuals, this is your Social Security Number ("SSN").

o       For sole proprietors, you must show your individual name, but your may also enter your business or "doing business as" name. You may enter either your SSN or your Employer Identification Number ("EIN").

o       For other entities, it is your EIN.

_ _ _ _ _ _ _ _ _ _ _          or      _ _ _ _ _ _ _ _ _ _ _
Social Security Number                   Employer Identification Number

## PART II

### For Payees Exempt from Backup Withholding

If you are exempt from backup withholding, enter your correct TIN in Part I and write "exempt" on the following line: _____

## PART III

### Certification

UNDER THE PENALTY OF PERJURY, I (WE) CERTIFY THAT:

1.      The number shown on this form is my correct TIN; and

2.      I (we) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(C) of the Internal Revenue Code because: (a) I am (we are) exempt from backup withholding; or (b) I (we) have not been notified by the Internal Revenue Service that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends; or (c) the Internal Revenue Service has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE:   If you have been notified by the Internal Revenue Service that you are subject to backup withholding, you must cross out Item 2 above.

        *SEE* ENCLOSED FORM W-9 INSTRUCTIONS

The Internal Revenue Service does not require your consent to any provision of this document other than the certification required to avoid backup withholding.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____,
(Month/Year)

in _____ ,_____.
(City)                                              (State/Country)

_____
(Sign your name here)

_____
(Type or print your name here)

_____
(Capacity of person(s) signing, *e.g.*, Beneficial Purchaser, Executor, or Administrator)

13

Exhibit A-4

ACCURATE CLAIMS PROCESSING TAKES A

SIGNIFICANT AMOUNT OF TIME.

THANK YOU FOR YOUR PATIENCE.

Reminder Checklist:

1.      Please sign the above release and declaration.

2.      Remember to attach supporting documentation, if available.

3.      Do not send original AudioEye securities certificates or originals of any supporting documents.

4.      Keep a copy of your Claim Form and all documentation submitted for your records.

5.      If you desire an acknowledgment of receipt of your Claim Form, please send it Certified Mail, Return Receipt Requested.

If you move, please send your new address to the Claims Administrator at the address below:

*In re AudioEye, Inc. Securities Litigation*
Claims Administrator
c/o JND Legal Administration
P.O. Box 6847
Broomfield, CO 80021
Toll-Free: 1-844-357-6871
www.audioeyesecuritieslitigation.com

Exhibit B

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

-------------------------------------------------X

No. 4:15-cv-00163-DCB

**[PROPOSED] ORDER AND
FINAL JUDGMENT**

IN RE AUDIOEYE, INC. SECURITIES
LITIGATION

**Exhibit B**

-------------------------------------------------X

On the _____ day of _____, 2017, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation of Settlement dated December 13, 2016 (the "Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by (i) Plaintiffs against (ii) Defendants AudioEye, Inc. ("AudioEye"), Nathaniel Bradley and Edward O'Donnell (collectively, "Defendants"), and (2) whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members; and,

The Court having considered all matters submitted to it at the hearing and otherwise; and,

1

WEST\272746464.1

It appearing that the Notice substantially in the form approved by the Court in the Court's Order Preliminarily Approving Settlement and Providing For Notice ("Preliminary Approval Order") was mailed to all reasonably identifiable Settlement Class Members and otherwise made available on the Claims Administrator's website; and,

It appearing that the Summary Notice substantially in the form approved by the Court in the Preliminary Approval Order was published in accordance with that Order and the specifications of the Court;

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.    Capitalized terms used herein have the meanings defined in the Stipulation.

2.    The Court has jurisdiction over the subject matter of the Litigation, Lead Plaintiffs, all Settlement Class Members and the Settling Defendants.

3.    For purposes of this Settlement, this is a class action on behalf of all persons who purchased or otherwise acquired any common stock of AudioEye during the period from May 14, 2014 through and including April 1, 2015, and who were allegedly damaged thereby (the "Settlement Class"). Excluded from the Settlement Class are Defendants, the officers and directors of AudioEye during the Class Period, members of their immediate families and their legal representatives, heirs, successors, or assigns, any entity in which Defendants have or had a controlling interest, and any persons who separately file an action against one or more of Defendants, based in whole or in part on any claim arising out of or relating to any of the alleged acts, omissions, misrepresentations, facts, events, matters, transactions, or occurrences referred to in the Litigation or otherwise alleged, asserted, or contended in the Litigation. Also excluded from the

1    Settlement Class are those persons who filed valid and timely requests for

2    exclusion in accordance with the Preliminary Approval Order.

3        4.    With respect to the Class, and for purposes of this Settlement only,

4    the Court finds and concludes that the requirements of Federal Rules of Civil

5    Procedure 23(a) and 23(b)(3) are satisfied as: (a) the Members of the Class are so

6    numerous that joinder of all Class Members in the Litigation is impracticable; (b)

7    there are questions of law and fact common to the Class that predominate over any

8    individual questions; (c) the claims of the Lead Plaintiffs are typical of the claims

9    of the Class; (d) the Lead Plaintiffs and Lead Plaintiffs' Counsel have fairly and

10   adequately represented and protected the interests of all the Class Members; and

11   (e) a class action is superior to other available methods for the fair and efficient

12   adjudication of the controversy, considering: (i) the interests of the Members of

13   the Class in individually controlling the prosecution of the separate actions, (ii) the

14   extent and nature of any litigation concerning the controversy already commenced

15   by Members of the Class, (iii) the desirability or undesirability of continuing the

16   litigation of these claims in this particular forum, and (iv) the difficulties likely to

17   be encountered in the management of the Litigation.  Accordingly, for settlement

18   purposes only, the Class is certified, Lead Plaintiffs are appointed Class

19   Representatives, and Lead Plaintiffs' Counsel are appointed Class Counsel

20       5.    The Court hereby finds that the forms and methods of notifying the

21   Settlement Class of the Settlement and its terms and conditions met the

22   requirements of due process and Rule 23 of the Federal Rules of Civil Procedure,

23   Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by

24   the Private Securities Litigation Reform Act of 1995; the Constitution of the

25   United States (including the Due Process Clause); and any other applicable law,

26   constituted the best notice practicable under the circumstances; and constituted

27   due and sufficient notice to all persons and entities entitled thereto of these

28

proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all persons entitled to such notice.  No Settlement Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon.   The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged. Thus, it is hereby determined that all members of the Settlement Class are bound by this Order and Final Judgment [except those persons listed on Exhibit A to this Order and Final Judgment].

6.     The Settlement is approved as fair, reasonable and adequate, and in the best interests of the Plaintiffs. Lead Plaintiffs and Settling Defendants are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

7.     The Litigation and the operative Consolidated Amended Complaint are hereby dismissed in their entirety, with prejudice, and without costs.

8.     Upon the Effective Date, and as provided in the Stipulation, Lead Plaintiffs and each of the Settlement Class Members, on behalf of themselves, and each of their current, past and future trusts, estates, beneficiaries, heirs, joint tenants, tenants in common, executors, administrators, trustees, predecessors, successors, partners, spouses, parents, subsidiaries, affiliates, attorneys, consultants, experts, brokers, creditors, insurers, agents, representatives, and assigns, and any Person that any of them represents, shall and by operation of this Order and Final Judgment are hereby deemed to have fully, finally, and forever released,  relinquished and discharged, and are forever enjoined from prosecuting, any and all of the Settled Claims and all claims arising out of, relating to, or in

connection with the Settlement, the Litigation, and/or the resolution of the Litigation against the Released Parties, whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release form or shares in the Net Settlement Fund.

9.    Upon the Effective Date, Defendants shall release and forever discharge each and every one of the Defendants' Claims, and by operation of this Order and Final Judgment shall be forever enjoined from prosecuting Defendants' Claims as against any of the Lead Plaintiffs, Settlement Class Members, or their attorneys, including but not limited to claims for malicious prosecution or sanctions.

10.    The Plan of Allocation is approved as fair and reasonable, and Lead Plaintiffs' Counsel and the Claims Administrator are directed to administer the Stipulation and Plan of Allocation in accordance with its terms and provisions. Any modification or change in the Plan of Allocation that may hereafter be approved shall in no way disturb, affect or delay the finality of this Order and Final Judgment or the Releases provided thereunder, shall not disturb, affect or delay the Effective Date of the Settlement, and shall be considered separate from this Order and Final Judgment.

11.    In accordance with 15 U.S.C. § 78u-4(f)(7) and all other applicable laws and regulations, any and all claims by any Person against any of the Settling Defendants and/or other Released Persons for contribution or indemnification arising out of or relating in any way to any Settled Claim, or where the alleged damage to the claimant is measured by reference to the claimant's liability to any of the Lead Plaintiffs and/or Settlement Class Members, are hereby permanently barred and discharged.  Further:

a. All claims for contribution and indemnification, however denominated, based upon or arising under the federal securities laws,

state law, foreign law or common law, in favor of any Person(s), against any of the Defendants and/or other Released Parties, with respect to, arising out of, or relating in any way to the claims, allegations, transactions, and/or events that are the subject of the Litigation, and/or based upon liability for, or arising out of or relating in any way to the Settled Claims, are extinguished, discharged, barred, satisfied and/or otherwise unenforceable.

b. All Persons are hereby barred and permanently enjoined, to the fullest extent allowed by law, from asserting, instituting or prosecuting in any capacity, any claim, action or proceeding against any of the Defendants and/or other Released Parties for equitable, partial, comparative, or complete contribution, subrogation or indemnity, however denominated, based upon liability for, and/or arising out of or relating in any way to the Settled Claims, and the Court finds that all such claims are extinguished, discharged, satisfied and made unenforceable.

c. Notwithstanding the foregoing, nothing in the Stipulation or this Order and Final Judgment shall apply to, bar, release or otherwise affect any claim or right to indemnification by any present or former employee, officer or director of AudioEye, based on contractual indemnity, corporate by-laws, or Arizona law governing indemnification of employees, directors and officers (including a claimed right for advancement of fees and costs), or any claim by any present or former employee, officer or director of AudioEye for indemnity or contribution arising in or from any proceeding other than this Litigation, that the Person asserting such claim would otherwise be entitled to assert in the absence of the Stipulation and

Settlement and the Court's Order and Final Judgment.  Nor shall any of the foregoing apply to, bar, release or otherwise affect any rights or claims by any of the Released Parties under any relevant insurance policies.

12.   The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

13.   Neither this Order and Final Judgment, the Stipulation, nor any of the negotiations, documents or proceedings connected with them shall be:

    a.  described as, construed as, offered or received against any Defendant or any of the Released Parties as evidence of and/or construed as or deemed to be evidence of any presumption, concession or admission by any of them of the truth of any fact alleged by Plaintiffs in the Litigation, of the validity of any claim that was or could have been asserted in the Litigation, or of the deficiency of any defense that was or could have been asserted in the Litigation or in any other litigation, or of any liability, loss, damage, negligence, fault or wrongdoing whatsoever;

    b.  described as, construed as, offered or received against any Defendant or any of the Released Parties as evidence of and/or construed as or deemed to be evidence of any presumption, concession or admission by any of them that the consideration to be provided hereunder, or the proposed Plan of Allocation, represents the amount that could be or would have been awarded to Lead Plaintiffs or the Settlement Class Members after trial.

14.   Exclusive and specific jurisdiction is hereby retained over Defendants, the Lead Plaintiffs, and the Settlement Class Members for all matters

relating to the Settlement, including the administration, interpretation, effectuation or enforcement of the Stipulation or Settlement and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the Settlement Class Members.

15.     Without further order of the Court, Settling Defendants and Lead Plaintiffs may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

16.     There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

17.     Lead Plaintiffs' Counsel are hereby awarded ____% of the Gross Settlement Fund for their attorneys' fees, plus accrued interest, which sum the Court finds to be fair and reasonable.  In addition, Lead Plaintiffs' Counsel are hereby awarded $_____, plus accrued interest, in reimbursement of litigation expenses, which expenses the Courts finds to be have been reasonably incurred.  The foregoing amounts shall be paid to Lead Plaintiffs' Counsel from the Gross Settlement Fund subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein. Lead Plaintiffs' Counsel may make payments of fees and expenses to counsel for other plaintiffs as Lead Plaintiffs' Counsel deems appropriate based on their relative contribution to the prosecution and resolution of the Action.  Neither the Plan of Allocation submitted by Lead Plaintiffs' Counsel nor the portion of this Order and Final Judgment regarding the attorneys' fee and litigation expenses application including any modification or change in the award of attorneys' fees and litigation expenses that may hereafter be approved, shall in any way disturb or

affect this Order and Final Judgment or the Releases provided hereunder and shall be considered separate from this Order and Final Judgment.

18.     In the event that the Settlement does not become final and effective in accordance with the terms and conditions set forth in the Stipulation, then this Order and Final Judgment shall be rendered null and void and be vacated and the Settlement and all orders entered in connection therewith shall be rendered null and void (except as provided in paragraphs E.1-3., G, L.4-7., and M.14. in the Stipulation), and the parties shall be deemed to have reverted to their respective status prior to the execution of the Stipulation, and they shall proceed in all respects as if the Stipulation had not been executed and the related orders had not been entered, preserving in that event all of their respective claims and defenses in the Litigation, and shall revert to their respective positions in the Litigation.

19.   The Escrow Agent shall maintain the Net Settlement Fund in accordance with the requirements set forth in the Stipulation.  No Defendant, or any other Released Party, shall have any liability, obligation, or responsibility whatsoever for the administration of the Settlement or disbursement of the Net Settlement Fund.  Lead Plaintiffs' Counsel, Lead Plaintiffs, the Escrow Agent, and the Claims Administrator shall have no liability to any Class Member with respect to any aspect of the administration of the Settlement Fund, including, but not limited to, the processing of Claim Forms and the distribution of the Net Settlement Fund to Class Members.

WEST\272746464.1