WO

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

------------------------------------------------------

IN RE AUDIOEYE, INC., SECURITIES LITIGATION

------------------------------------------------------

CV-15-00163-TUC-DCB

**ORDER AND FINAL JUDGMENT**

On the 8th day of May, 2017, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation of Settlement dated December 13, 2016 (the "Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by (i) Plaintiffs against (ii) Defendants AudioEye, Inc. ("AudioEye"), Nathaniel Bradley and Edward O'Donnell (collectively, "Defendants"), and (2) whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members; and,

The Court having considered all matters submitted to it at the hearing and otherwise; and,

It appearing that the Notice substantially in the form approved by the Court in the Court's Order Preliminarily Approving Settlement and Providing For Notice

("Preliminary Approval Order") was mailed to all reasonably identifiable Settlement Class Members and otherwise made available on the Claims Administrator's website; and,

It appearing that the Summary Notice substantially in the form approved by the Court in the Preliminary Approval Order was published in accordance with that Order and the specifications of the Court;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. Capitalized terms used herein have the meanings defined in the Stipulation.

2. The Court has jurisdiction over the subject matter of the Litigation, Lead Plaintiffs, all Settlement Class Members and the Settling Defendants.

3. For purposes of this Settlement, this is a class action on behalf of all persons who purchased or otherwise acquired any common stock of AudioEye during the period from May 14, 2014 through and including April 1, 2015, and who were allegedly damaged thereby (the "Settlement Class"). Excluded from the Settlement Class are Defendants, the officers and directors of AudioEye during the Class Period, members of their immediate families and their legal representatives, heirs, successors, or assigns, any entity in which Defendants have or had a controlling interest, and any persons who separately file an action against one or more of Defendants, based in whole or in part on any claim arising out of or relating to any of the alleged acts, omissions, misrepresentations, facts, events, matters, transactions, or occurrences referred to in the Litigation or otherwise alleged, asserted, or contended in the Litigation. Also excluded from the Settlement Class are those persons who filed valid and timely requests for exclusion in accordance with the Preliminary Approval Order.

4.       With respect to the Class, and for purposes of this Settlement only, the Court finds and concludes that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) are satisfied as: (a) the Members of the Class are so numerous that joinder of all Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Class that predominate over any individual questions; (c) the claims of the Lead Plaintiffs are typical of the claims of the Class; (d) the Lead Plaintiffs and Lead Plaintiffs' Counsel have fairly and adequately represented and protected the interests of all the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Class in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Class, (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the Litigation. Accordingly, for settlement purposes only, the Class is certified, Lead Plaintiffs are appointed Class Representatives, and Lead Plaintiffs' Counsel are appointed Class Counsel

5.       The Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions met the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; the Constitution of the United States (including the Due Process Clause); and any other applicable law, constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all persons entitled to such notice. No Settlement Class Member is relieved from

the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged. Thus, it is hereby determined that all members of the Settlement Class are bound by this Order and Final Judgment [except those persons listed on Exhibit A to this Order and Final Judgment].

6. The Settlement is approved as fair, reasonable and adequate, and in the best interests of the Plaintiffs. Lead Plaintiffs and Settling Defendants are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

7. The Litigation and the operative Consolidated Amended Complaint are hereby dismissed in their entirety, with prejudice, and without costs.

8. Upon the Effective Date, and as provided in the Stipulation, Lead Plaintiffs and each of the Settlement Class Members, on behalf of themselves, and each of their current, past and future trusts, estates, beneficiaries, heirs, joint tenants, tenants in common, executors, administrators, trustees, predecessors, successors, partners, spouses, parents, subsidiaries, affiliates, attorneys, consultants, experts, brokers, creditors, insurers, agents, representatives, and assigns, and any Person that any of them represents, shall and by operation of this Order and Final Judgment are hereby deemed to have fully, finally, and forever released, relinquished and discharged, and are forever enjoined from prosecuting, any and all of the Settled Claims and all claims arising out of, relating to, or in connection with the Settlement, the Litigation, and/or the resolution of the Litigation against the Released Parties, whether or not such Settlement Class

Member executes and delivers the Proof of Claim and Release form or shares in the Net Settlement Fund.

9. Upon the Effective Date, Defendants shall release and forever discharge each and every one of the Defendants' Claims, and by operation of this Order and Final Judgment shall be forever enjoined from prosecuting Defendants' Claims as against any of the Lead Plaintiffs, Settlement Class Members, or their attorneys, including but not limited to claims for malicious prosecution or sanctions.

10. The Plan of Allocation is approved as fair and reasonable, and Lead Plaintiffs' Counsel and the Claims Administrator are directed to administer the Stipulation and Plan of Allocation in accordance with its terms and provisions. Any modification or change in the Plan of Allocation that may hereafter be approved shall in no way disturb, affect or delay the finality of this Order and Final Judgment or the Releases provided thereunder, shall not disturb, affect or delay the Effective Date of the Settlement, and shall be considered separate from this Order and Final Judgment.

11. In accordance with 15 U.S.C. § 78u-4(f)(7) and all other applicable laws and regulations, any and all claims by any Person against any of the Settling Defendants and/or other Released Persons for contribution or indemnification arising out of or relating in any way to any Settled Claim, or where the alleged damage to the claimant is measured by reference to the claimant's liability to any of the Lead Plaintiffs and/or Settlement Class Members, are hereby permanently barred and discharged.  Further:

    a. All claims for contribution and indemnification, however denominated, based upon or arising under the federal securities laws, state law, foreign law or common law, in favor of any Person(s), against any of the Defendants and/or other Released Parties, with

respect to, arising out of, or relating in any way to the claims, allegations, transactions, and/or events that are the subject of the Litigation, and/or based upon liability for, or arising out of or relating in any way to the Settled Claims, are extinguished, discharged, barred, satisfied and/or otherwise unenforceable.

b. All Persons are hereby barred and permanently enjoined, to the fullest extent allowed by law, from asserting, instituting or prosecuting in any capacity, any claim, action or proceeding against any of the Defendants and/or other Released Parties for equitable, partial, comparative, or complete contribution, subrogation or indemnity, however denominated, based upon liability for, and/or arising out of or relating in any way to the Settled Claims, and the Court finds that all such claims are extinguished, discharged, satisfied and made unenforceable.

c. Notwithstanding the foregoing, nothing in the Stipulation or this Order and Final Judgment shall apply to, bar, release or otherwise affect any claim or right to indemnification by any present or former employee, officer or director of AudioEye, based on contractual indemnity, corporate by-laws, or Arizona law governing indemnification of employees, directors and officers (including a claimed right for advancement of fees and costs), or any claim by any present or former employee, officer or director of AudioEye for indemnity or contribution arising in or from any proceeding other than this Litigation, that the Person asserting such claim would otherwise be entitled to assert in the absence of the Stipulation and Settlement and the Court's Order and Final Judgment. Nor shall any of the foregoing apply to, bar, release or otherwise affect any rights or

claims by any of the Released Parties under any relevant insurance policies.

12. The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

13. Neither this Order and Final Judgment, the Stipulation, nor any of the negotiations, documents or proceedings connected with them shall be:

    a. described as, construed as, offered or received against any Defendant or any of the Released Parties as evidence of and/or construed as or deemed to be evidence of any presumption, concession or admission by any of them of the truth of any fact alleged by Plaintiffs in the Litigation, of the validity of any claim that was or could have been asserted in the Litigation, or of the deficiency of any defense that was or could have been asserted in the Litigation or in any other litigation, or of any liability, loss, damage, negligence, fault or wrongdoing whatsoever;

    b. described as, construed as, offered or received against any Defendant or any of the Released Parties as evidence of and/or construed as or deemed to be evidence of any presumption, concession or admission by any of them that the consideration to be provided hereunder, or the proposed Plan of Allocation, represents the amount that could be or would have been awarded to Lead Plaintiffs or the Settlement Class Members after trial.

14. Exclusive and specific jurisdiction is hereby retained over Defendants, the Lead Plaintiffs, and the Settlement Class Members for all matters relating to the Settlement, including the administration, interpretation, effectuation or enforcement of the Stipulation or Settlement and this Order and Final Judgment,

and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the Settlement Class Members.

15. Without further order of the Court, Settling Defendants and Lead Plaintiffs may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

16. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

17. Lead Plaintiffs' Counsel are **HEREBY AWARDED** 33 1/3% (thirty-three and one-third percent) of the Gross Settlement Fund for their attorneys' fees, plus accrued interest, which sum the Court finds to be fair and reasonable. Lead Plaintiffs' Counsel are hereby **AWARDED $507, 825.00**, plus accrued interest, in reimbursement of litigation expenses of **$26,250.47**, which expenses the Courts finds to be have been reasonably incurred. The foregoing amounts shall be paid to Lead Plaintiffs' Counsel from the Gross Settlement Fund, **$1,525,000.00** in cash, subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein. Lead Plaintiffs' Counsel may make payments of fees and expenses to counsel for other plaintiffs as Lead Plaintiffs' Counsel deems appropriate based on their relative contribution to the prosecution and resolution of the Action. Neither the Plan of Allocation submitted by Lead Plaintiffs' Counsel nor the portion of this Order and Final Judgment regarding the attorneys' fee and litigation expenses application including any modification or change in the award of attorneys' fees and litigation expenses that may hereafter be approved, shall in any way disturb or affect this Order and Final Judgment or the Releases provided hereunder and shall be considered separate from this Order and Final Judgment.

18. In the event that the Settlement does not become final and effective in accordance with the terms and conditions set forth in the Stipulation, then this Order and Final Judgment shall be rendered null and void and be vacated and the Settlement and all orders entered in connection therewith shall be rendered null and void (except as provided in paragraphs E.1-3., G, L.4-7., and M.14. in the Stipulation), and the parties shall be deemed to have reverted to their respective status prior to the execution of the Stipulation, and they shall proceed in all respects as if the Stipulation had not been executed and the related orders had not been entered, preserving in that event all of their respective claims and defenses in the Litigation, and shall revert to their respective positions in the Litigation.

19. The Escrow Agent shall maintain the Net Settlement Fund in accordance with the requirements set forth in the Stipulation.  No Defendant, or any other Released Party, shall have any liability, obligation, or responsibility whatsoever for the administration of the Settlement or disbursement of the Net Settlement Fund.  Lead Plaintiffs' Counsel, Lead Plaintiffs, the Escrow Agent, and the Claims Administrator shall have no liability to any Class Member with respect to any aspect of the administration of the Settlement Fund, including, but not limited to, the processing of Claim Forms and the distribution of the Net Settlement Fund to Class Members.

**IT IS FURTHER ORDERED** that the Motion for an Award of Attorneys' Fees and Reimbursement of Expenses (Doc. 95) and the Motion for Final Approval of the Settlement, Class Certification and Plan of Allocation (Doc. 94) are **GRANTED**.  This is the Final Judgment of the Court.  This action is closed.

Dated this 8th day of May, 2017.

Honorable David C. Bury
United States District Judge